# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

PROMEGA CORPORATION, et al.,

      Plaintiffs,                Case No.: 10-CV-281

     v.                          Judge:  Barbara B. Crabb

LIFE TECHNOLOGIES CORPORATION,

      Defendant.

---

## PROTECTIVE ORDER

---

## <u>INTRODUCTION</u>

WHEREAS, the parties believe in good faith that certain information discoverable in this case consists of financial information, proprietary information, confidential sales information, and/or commercially valuable information that the respective parties maintain in confidence in the ordinary course of business;

WHEREAS, the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harms to the disclosing party;

WHEREAS, the parties believe that good cause exists for the entry of this Protective Order, which is narrowly tailored to protect the aforementioned confidential information of the parties.

By reason of the foregoing, the parties, by their counsel, jointly request that this Court enter the following Protective Order Regarding Confidential Information in this matter.

## DEFINITIONS

1.      The term "Confidential Information" shall mean and include any document, portions of documents, information or other things furnished by any party, including third-parties, answers to interrogatories, responses to requests to produce documents or other things, responses to requests for admissions, depositions, transcripts of depositions, all copies, extracts, summaries, compilations, designations and portions thereof, and technical or commercial information derived therefrom deemed by any party to be its confidential information. Documents designated "Confidential Information" shall meet the criteria stated in the Introduction of this Stipulation.  This Order shall not govern the admissibility of evidence during the trial proceedings nor does it prohibit any party or interested member of the public from seeking a protective order to govern disclosure of confidential information to the public during the trial proceedings.  However, any Confidential Information designated with a confidentiality marking under the terms of this Protective Order shall continue to be afforded the protection of this Order by the parties unless the confidential information becomes a public record at trial.

2.      The term "Documents" shall mean all materials within the scope of F.R.C.P. Rule 34.

## SPECIFIC PROVISIONS

1.    **DESIGNATION OF MATERIAL AS CONFIDENTIAL.**  Any document, tangible item, or testimony provided by any party which that party in good faith contends contains information proprietary to it and is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure, may be designated as CONFIDENTIAL and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Protective Order (hereafter, "this Protective Order").

2.    **DESIGNATION OF MATERIAL AS ATTORNEYS' EYES ONLY.**  Any CONFIDENTIAL document, tangible item, or testimony produced by any party which contains particularly sensitive information proprietary to the producing party, including, for example, particularly sensitive competitive information, may be designated in writing as ATTORNEYS' EYES ONLY.  Non-exclusive examples of the types of information that may be designated as ATTORNEYS' EYES ONLY include:

(a)    The names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors;

(b)    Information relating to pending patent applications;

(c)    Financial information of a party;

(d)    Information constituting product specifications;

(e)    Technical notebooks and technical reports of a party or other like information; and

3

(f)     Marketing plans of a party.

Other categories of ATTORNEYS' EYES ONLY information may exist.  Disputes

regarding whether material is properly designated as "ATTORNEYS' EYES ONLY,"

including disputes as to whether an additional category should be designated as

"ATTORNEYS' EYES ONLY," shall be resolved in accordance with paragraph 15.  The

parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES

ONLY on a good faith basis and not for purposes of harassing the receiving party or for

purposes of unnecessarily restricting the receiving party's or the public's access to

information concerning the lawsuit.

3.     **PROCEDURE FOR DESIGNATING MATERIAL.**  Documents or

tangible items shall be designated confidential within the meaning of this Protective

Order in the following ways:

(a)     In the case of documents and the information contained therein, by

placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY";

(b)     In the case of interrogatory answers and the information contained

therein, designation shall be made by placing on the first page and all subsequent pages

containing the confidential information the legend "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY";

(c)     In the case of tangible items, designation shall be made by visibly marking

the item "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if practicable or, if not

practicable, by placing such marking visibly on a package or container for the item;

(d)    In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

(e)    In the case of electronically stored information produced in native format, by placing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a suitably revised file name for the document or, if not practicable, in any coding data associated with the document, or on a separate list designated by Bates number ranges or designated by file names and associated locations.

4.    **DESIGNATED MATERIAL SHALL BE KEPT CONFIDENTIAL.**  With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation. which are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

5.    **DEPOSITION TESTIMONY.**  If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, the portion of the

deposition which counsel believes may contain "CONFIDENTIAL" or "ATTORNEYS'
EYES ONLY" information.  If such designation is made, that portion of the deposition
will be taken with no one present except those persons who are authorized to have
access to such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, as the
case may be, in accordance with this Protective Order, and the reporter.  Subject to the
terms hereof, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information may be
disclosed by a receiving party in a deposition, to the extent that its use is necessary, only
at the deposition{s) of:

(a)      the present Directors or Officers of the producing party;

(b)      present employees of the producing party who counsel reasonably
believes have a need to see or review the "CONFIDENTIAL" or "ATTORNEYS' EYES
ONLY" information for purposes of the deposition;

(c)      an author, addressee, or other person indicated as a lawful recipient of a
document containing the information;

(d)      a person clearly identified in prior discovery or by the deponent in his or
her deposition as an author or recipient of the information (without prior disclosure of
the specific confidential information).

Prior to any disclosure under this subparagraph (d), notice must be given to the
producing party of the specific information so that it has a fair opportunity to object to
the disclosure.  Notice may be given at the time of the deposition.  The parties agree to
cooperate, and if necessary to defer any such disclosure, to allow either party to initiate
action, by motion or otherwise, with the Court.  The producing party bears the burden

of establishing confidentiality;

(e)      an independent advisor, consultant or expert otherwise qualified under

this Protective Order to receive such information; or

(f)      any person for whom prior authorization is obtained from the producing

party or the Court.

Each party shall have until thirty (30) days after receipt of the deposition

transcript within which to inform the other parties to the action of the portions of the

transcript (by specific page and line reference) to be designated as "CONFIDENTIAL"

or "ATTORNEYS' EYES ONLY."  The right to make such designation shall be waived

unless made within the thirty (30) day period.  Prior to such designation, or expiration

of the thirty (30) day period, the entire deposition transcript shall be deemed as

ATTORNEYS' EYES ONLY information.  Transcripts of testimony, or portions thereof,

containing confidential information shall be filed only under seal as described in

paragraph 6, until further order of the Court.

6.      **COURT FILINGS CONTAINING CONFIDENTIAL INFORMATION.**

Any document, pleading, or tangible item which contains confidential information, if

filed or submitted to the court, shall be filed in a sealed envelope marked "Confidential

- Not To Be Opened Except By Order Of The Court."

7.      **SIGNED UNDERTAKINGS REQUIRED.**  Before disclosure of any

information subject to this Protective Order is made to any employee, officer, or director

of a non-producing party, or to any consultant or expert who is not an employee,

officer, or director of the non-producing party and who is retained by a non-producing

7

party, or to any witness, or prospective witness, outside of an actual deposition of such witness, counsel for the party disclosing the information shall obtain the written Undertaking, attached hereto as Exhibit A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order.  The written Undertaking shall be provided to opposing counsel five (5) days in advance of the first disclosure of any confidential information to such person.  If no objection is made to such person receiving confidential information within such five (5) day period, then confidential information may be disclosed to such person.  If objection is made, then any party may bring before the Court the question of whether the confidential information may be disclosed to such person.  All signed undertakings shall be maintained by the counsel who obtained such undertakings through the conclusion of this action.  After completion of the action, the originals of all such Undertakings shall be provided to counsel for the party whose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information was provided to such person.

8.      **LIMITATIONS ON DISCLOSURE OF ATTORNEYS' EYES ONLY MATERIALS.**  Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of ATTORNEYS' EYES ONLY documents, deposition transcripts, tangible items or information, including summaries

thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to:

(a)     No more than one (1) in house attorney for each party, outside counsel for the parties, whether trial counsel or not, and associate attorneys, paralegal, secretarial and clerical employees assisting such counsel, except for any such persons and/or others directly involved in the ongoing preparation and prosecution of any patent application with claims directed to the subject matter of the patents in suit or related subject matter;

(b)     Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

(c)     consultants or experts, not employees or officers of the parties, retained by either of the parties to consult or testify in the case; who have executed the attached undertaking;

(d)     employees and officers of the party producing the documents or information;

(e)     authors or drafters, addressees and those who received the documents or information prior to the commencement of this action; and

(f)     third party contractors and their employees involved solely in document management services for this litigation.

9.     **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MATERIALS.**
Disclosure of information designated as "CONFIDENTIAL," including summaries thereof, shall be limited to (a) the persons and entities identified in paragraph 8; and

(b) no more than four (4) employees or officers of the non-producing party whose identities shall be made known five (5) days in advance to the producing party and who shall sign an Undertaking in the form attached hereto as Exhibit A.  However, nothing in this Protective Order shall bar or otherwise restrict any outside attorney from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information and/or Attorney's Eyes Only information, provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Information and/or Attorney's Eyes Only information to any person not entitled to have access to it.

10.     **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS.**  If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to seek the assistance of any person, other than those persons referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose certain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a)     Counsel for the receiving party shall notify, in writing, counsel for the party producing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information of their desire to disclose certain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information and shall identify the person(s) to whom they intend to make disclosure;

(b)     If no objection to such disclosure is made by counsel for the producing

party within five (5) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Undertaking in the form attached hereto as Exhibit A, whereby such person agrees to comply with and be bound by this Protective Order;

(c)     If the producing party objects to such disclosure, no disclosure shall be made.  Any party may bring before the court the question of whether the particular "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information can be disclosed to the designated person( s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

11.     **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE MATERIAL AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY.**  If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, the producing party may subsequently inform the receiving party of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" nature of the disclosed information, and the receiving party shall treat the disclosed information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information.

12.     **CORRECTION OF INADVERTENT DISCLOSURE OF PRIVILEGED OR WORK PRODUCT IMMUNE MATERIALS OR INFORMATION.**  The

inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or other privilege, despite the parties' reasonable efforts to prescreen such documents and information prior to production, shall be without prejudice to any claim that such material is privileged or protected from discovery.  No party will be held to have waived any rights by such inadvertent production if the designating party gives prompt notice upon learning of the inadvertent production to all other parties that it is asserting a claim of privilege or other objection with respect to such document or other information.  Once the receiving party has received notice of the claim of inadvertent production, the receiving party shall not review, copy, disseminate, or otherwise use the inadvertently produced document or information in any manner, except to the extent necessary to oppose a motion by the designating party to establish its claim of privilege or to support its own motion for production of that document, until the issue of whether the document or information is privileged or otherwise protected has been resolved by the parties or by the Court.  The parties shall first determine whether there is agreement as to the designating party's claim of privilege or other objections.  If agreement cannot be reached, the burden shall be on the designating party to file a motion with the Court and establish its claim of privilege.  If the inadvertently produced document or information is deemed privileged or otherwise protected, the receiving party shall return such document or information and any copies to the designating party, or shall destroy such documents or information and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such

12

documents or information within five (5) business days of final resolution and notify

the designating party in writing that such documents or information and all copies,

abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or

otherwise disclose such documents or information have been destroyed.

13.    **INFORMATION NOT COVERED BY THIS ORDER.**  The restrictions

set forth in this Order will not apply to information which is in the possession of or

otherwise known to the receiving party or the public before the date of its transmission

to the receiving party, or which comes into the possession of or becomes known to the

receiving party or comes into the possession of or otherwise becomes known to the

public after the date of its transmission to the receiving party, provided that such

information does not become publicly known by any act or omission of the receiving

party, its employees, or agents which would be in violation of this order.  If such

information known to or possessed by the receiving party or the public is designated as

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the receiving party must provide

ten (10) days written notice to the producing party of the pertinent circumstances before

the restrictions of this order will be inapplicable.

14.    **LIMITATIONS ON USE OF CONFIDENTIAL OR ATTORNEYS' EYES**

**ONLY INFORMATION.**  No person or party receiving any "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" information shall directly or indirectly utilize or disclose

such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information obtained

pursuant to any pretrial discovery in this action, except for the purpose of this action

only and in accordance with any further order issued by the Court.

15.     **CONTESTING DESIGNATION OF CONFIDENTIALITY.**  Acceptance
by a party of any information, document, or thing designated as "CONFIDENTIAL" or
"ATTORNEYS' EYES ONLY" shall not constitute a concession that the information,
document or thing is confidential.  Any party or interested member of the public may
contest a claim of confidentiality.  If the receiving party disagrees with the designation
and marking by any producing party of any material as "CONFIDENTIAL" or
"ATTORNEYS' EYES ONLY", then the parties shall first try to resolve such disputes on
an informal basis.  If agreement cannot be reached between counsel, then such dispute
may be presented to the Court by any party by motion or otherwise.  In the resolution
of such matter, the burden of establishing confidentiality shall be on the party who
made the claim of confidentiality, but information designated as "CONFIDENTIAL" or
"ATTORNEYS' EYES ONLY" shall be deemed as such until the matter is resolved.

16.     **NO LIMITATION OF OTHER RIGHTS.**  This Protective Order shall be
without prejudice to the right of any party to oppose production of any information on
any and all grounds other than confidentiality.

17.     **RELIEF FROM OR MODIFICATION OF THIS ORDER.**  This Protective
Order shall not prevent any party or interested member of the public from applying to
the Court for relief therefrom, or from applying to the Court for further or additional
protective orders, or from agreeing among themselves to modify or vacate this
Protective Order, subject to the approval of the Court.

18.     **RETURN OF CONFIDENTIAL INFORMATION.** At the conclusion of
this action, including any appeals, all "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the attorneys of record for the producing party, or, at the producing party's option, destroyed by counsel for the receiving party. In the case where the latter option is used, within thirty (30) days of the conclusion of this action, counsel for the receiving party shall notify counsel for the producing party, in writing, that such destruction has taken place.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, confidential and attorneys' eyes only information produced hereunder shall continue to be binding after the conclusion of this action.

19.   **INFORMATION PRODUCED BY THIRD PARTIES.**  If discovery is sought of a person or other entity not a party to this action ("third-party") requiring disclosure of information that such third-party believes in good faith must be kept "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information disclosed by the third-party may be shared with only those persons designated in paragraphs 9 and 8 respectively.  Additionally such information will be subject to all other protections provided by the remainder of this Order.  Furthermore, to the extent that the Court, any party and/or any other person seeks to change the designation of or protection of any such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, use such information in open Court, or provide such information to any person not listed in paragraphs 9 and 8 respectively, the producing third-party shall have notice of no less than ten (10) days and shall be given an opportunity to be heard with respect to such action.  Finally, except as

provided in paragraph 12 with respect to inadvertent disclosure, the burden of proving

that a document is entitled to less protection than that selected by the producing third-

party shall be on the receiving party who seeks to change such designation or use such

information in a manner not permitted by paragraph 9 and 8.

20.   **APPLICATION OF ORDER TO PREVIOUSLY DISCLOSED**

**MATERIALS.**  This Protective Order shall apply to information and materials

produced in this action prior to the entry of this order.  The status of such information

and materials (*i.e.*, as CONFIDENTIAL or ATTORNEYS' EYES ONLY) shall be

governed by the Court's interim protective order, and the consequence of that status

shall be governed by this order.

### ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

DATED this _____ day of _____, 2010.

_____
The Honorable Barbara B. Crabb
United States District Judge

16

Dated this 24th day of June, 2010.


Respectfully submitted,

Promega Corporation                          Life Technologies Corporation


By:  ___s/ James R. Troupis_____           By:  ___s/ Francis M. Wikstrom_____
       James R. Troupis                              Francis M. Wikstrom
       Its Counsel                                   Its Counsel

MICHAEL BEST & FRIEDRICH LLP                  PARSONS BEHLE & LATIMER
One South Pinckney Street, Suite 700          201 S. Main Street, Suite 1800
P.O. Box 1806                                 Salt Lake City, UT 84111
Madison, WI  53701-1806                       Telephone: (801) 532-1234
Telephone:  (608) 257-3501                    Fax: (801) 536-6111
Fax:  (608) 283-2275                          Email:  FWikstrom@parsonsbehle.com
Email:  jrtroupis@michaelbest.com
                                              Andrew J. Clarkowski
S. Edward Sarskas                             Axley Brynelson, LLP
100 East Wisconsin Avenue, Suite 3300         2 E. Mifflin Street, Suite 200
Milwaukee, WI 53202-4108                      Madison, WI 53703
sesarskas@michaelbest.com                     Ph:  608-283-6705
                                              F:  608-257-5444
                                              aclarkowski@axley.com

## UNDERTAKING RE PROTECTIVE ORDER

I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 201_.


_____
*(Signature)*


_____
*(Typed Name)*