IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| Promega Corporation, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Civil Action Nos.:  10-C-281 |
| and | ) | |
| Max-Plank-Gesellschaft Zur Forderung Der Wissenschaften E.V., | ) | |
| Involuntary Plaintiff | ) | |
| v. | ) | |
| Life Technologies Corporation | ) | |
| Defendants. | ) | |

## JOINT RULE 26(f) REPORT

Pursuant to this Court's Notice of Telephone Pretrial Conference, the Court's Standing Order Governing Pretrial Conferences and Federal Rule of Civil Procedure 26(f), the parties whose signature of counsel appear below met and conferred regarding a discovery plan and case schedule. In accordance therewith, the parties submit this Joint Rule 26(f) Report.

### PROPOSED DISCOVERY PLAN

**A.**  **Case Schedule**:

The Parties propose the following Schedule:

| Event | Promega and Life Technologies |
| --- | --- |
| Rule 26 Initial Disclosures | August 30, 2010 |
| Deadline for Amendments to Pleadings (w/o leave of Court) | 15 calendar days after last responsive pleading is filed and served |
| Parties Exchange of Claim Terms and Proposed Constructions | December 1, 2010 |
| Parties Meet and Confer re Proposed Terms and Claim Elements and Proposed Constructions | Week of December 8, 2010 |

| Event | Promega and Life Technologies |
|---|---|
| Parties Exchange Opening Claim Construction Motions & Briefs | December 22, 2010 |
| Parties Exchange Responsive Claim Construction Briefs | January 21, 2011 |
| Claim Construction Hearing (if required) | February 1, 2011 |
| Parties to Serve Expert Reports (liability)for Which they Bear the Burden of Proof | March 1, 2011 |
| Parties to Serve Response Expert Reports | April 1, 2011 |
| Dispositive Motions Deadline | April 29, 2011 |
| Disclosure of Damages Expert Report(s) by Proponent | May 17, 2011 |
| Response Damages Expert Report(s) | June 7, 2011 |
| Discovery Cut Off | July 29, 2011 |
| Settlement Letters | July 29, 2011 |
| Rule 26(a)(3) Disclosures, Motions in Limine | Aug. 19, 2011 |
| Objections to Rule 26(a)(3) Disclosures, Motions in Limine | September 3, 2011 |
| Final Pre-Trial Conference | September 9, 2011 |
| Trial | September 12, 2011 |

B.   **Modifications to Limitations on Discovery Imposed by the Federal Rules**:

No changes in Federal Rules of Civil Procedure are anticipated, except as provided herein. The parties reserve the right to seek leave for permission to exceed the limitations set forth in the Rules if warranted.

**OTHER INFORMATION REQUESTED IN STANDING ORDER**

In addition to the above discovery plan, the parties submit the following as a joint preliminary pretrial statement to the Court:

1. **Concise Statement of the Nature of the Case**:

Promega's Complaint, filed May 27, 2010, seeks both damages and equitable relief related to patent infringement, seeks certain declaratory relief with regard to two agreements, and seeks damages and other relief related to the conduct of the Defendant, Life Technologies.

The Defendant, Life Technologies, filed a demand for arbitration on May 4, 2010, and then on July 7, 2010, amended that demand to substitute Invitrogen IP Holdings, Inc. for Life Technologies as the proper party invoking the arbitration. The arbitration covers claims related to a 1996 Agreement between Promega and Invitrogen IP Holdings, Inc.'s predecessor in interest.

Promega has filed certain motions to stay any arbitration of matters asserted pending resolution by this Court of the Complaint. The Defendant, Life Technologies has filed certain motions seeking to compel arbitration of certain claims and dismissal of the Complaint. Those matters are fully briefed. Life Technologies has not otherwise answered the Complaint. The Defendant believes there may be additional motions regarding Promega's standing and its effort to bring suit in the name of the involuntary plaintiff, Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften E.V.

2. **Related Cases**: This case is not related to any pending matter, but is related to a case previously filed and dismissed, *Promega Corp v. Applera Corp.*, 3:01-cv-244bbc (W.D. Wis.), as well as the pending arbitration proceeding mentioned above concerning Invitrogen IP Holdings, Inc.'s claims against Promega under the 1996 Agreement.

3. **Material Facts and Legal Issues to be Resolved At Trial**: The principal factual and legal issues which the parties dispute at this time are:

1. whether Promega has asserted the claims in its complaint against the proper parties;
2. whether Promega has standing to assert the patents-in-suit;
3. whether Defendant, Life Technologies, has a license to the patents-in-suit;
4. claim construction of the asserted claims from the patents-in-suit;

     5. whether Defendant, Life Technologies has induced infringement of, or contributorily infringed the asserted claims of the patents-in-suit;

     6. whether the Defendant, Life Technologies, has breached either the 1996 Agreement or the 2006 Cross License described in the Complaint;

     7. whether the Plaintiff, Promega, is required to arbitrate certain claims;

     8. whether the Plaintiff, Promega, is entitled to a declaration of certain rights, obligations and interpretations, and if so, what shall that declaratory judgment be;

     9. whether the Defendant, Life Technologies, has committed certain tortious acts;

     10. whether the Plaintiff, Promega, is estopped or otherwise precluded from seeking or obtaining any amount for purported breach by Defendants of the 1996 Agreement;

     11. whether the Defendant, Life Technologies, is estopped or otherwise barred from seeking or obtaining any amount for purported breach by Promega of the 1996 Agreement;

     12. whether Plaintiff, Promega, is entitled to damages, and if so, the amount of such damages;

     13. whether Plaintiff, Promega, is entitled to any form of injunctive relief;

     14. whether this case is "exceptional" within the meaning of 35 U.S.C. § 285, and

     15. whether Defendant, Life Technologies, is entitled to a declaration that it has not infringed, either directly, or indirectly through contributory or induced infringement, the asserted claims of the patents-in-suit and that the patents-in-suit are invalid and/or unenforceable.

     16. Defendant Life Technologies has not yet filed a responsive pleading, and such responsive pleading may raise additional defenses or legal/factual issues as well as counterclaims.

     **4.**    **<u>Possibility of Simplifying Issues</u>**: The parties will work together to narrow factual issues in this litigation. Plaintiff, Promega, believes it is appropriate to allow a single summary judgment motion. Defendant, Life Technologies, believes that more than one motion for summary judgment may be required to properly present certain issues to the Court, which

may narrow or eliminate some or all issues and claims, including the issue of whether the Defendant has a license to some or all of the asserted patents.

5. **Necessity and Desirability of Advance Rulings on Evidence**: The parties will attempt to bring to the Court's attention, at the earliest possible time, any issues relating to the admissibility of evidence on which an advance ruling would be helpful. The parties will seek rulings with respect to disputed evidence by motions in limine to the extent feasible and appropriate.

6. **Need to Limit Use of Testimony under Fed. R. Evid. 702**: It is not known at this time whether any party will seek to limit expert testimony under Rule 702. The parties may bring pretrial motions following the disclosure of expert opinions if appropriate.

7. **Identity of Any New Parties**: The parties do not presently plan to add any additional parties to this action; however, one of the issues raised by the Defendant, Life Technologies, in its pending Motion to Dismiss is the failure to name certain additional or other parties. The resolution of that motion and other discovery may lead to the addition of parties.

8. **Description of Any Pleading Amendments**:

The parties have no present plans to amend their pleadings, but request that the Court establish a deadline by which they may do so as a matter of right.

9. **Estimated Length of Time Required for Trial**: The Plaintiff estimates that this case can be tried in 10-15 trial days. Defendant anticipates 5-10 trial days.

10. **Settlement Discussion / ADR Plans**: The parties engaged in discussions regarding the claims raised in the arbitration demand prior to the time the demand was served. At that time, there was some limited discussion regarding certain of Promega's claims for patent infringement. It is expected that the parties will engage in settlement discussions at an appropriate time prior to trial. There are no plans to use ADR or other methods to address settlement.

11. **Other Matters**:

**Expert Discovery Protocol**:

The parties, by their respective counsel, hereby propose and stipulate to the following:

a. This Stipulation applies to both testifying and non-testifying experts.

b. No notes taken by experts in the course of the preparation of their expert reports or in preparation for their deposition, hearing or trial testimony, drafts of expert reports, or other types of preliminary work prepared by, or for, experts for this action shall be the subject of discovery or inquiry at any hearing or trial in this consolidated action.

c. Paragraphs (a) and (b) above shall not apply to any communications or documents which any expert has relied or intends to rely upon in support of any opinion or factual contention. Communications or documents which any expert has relied or intends to rely upon shall be subject to discovery and inquiry at any hearing or trial in this case.

d. Nothing in this Stipulation shall affect the ability of parties to inquire into the general methodologies and processes used by the expert in forming their opinions.

**Inadvertent Disclosure:**

The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection as set forth in the parties' Protective Order (Dkt. # 41).

**Electronic Discovery:**

The parties agree to promptly confer for the purpose of developing protocols regarding electronic document production. Electronically-stored information shall be produced in electronic format to be agreed upon by the parties.

**Electronic Copies:**

The parties agree that copies of all written discovery requests and responses to written discovery requests shall be provided and/or served electronically in a format editable by the other party (such as Word format), and that copies of all proposed findings of fact as required by the Court's standing order shall be provided and/or served electronically in a format editable by the other party (such as in Word format).

**Electronic Service:**

The parties agree that service by electronic means shall be allowed as set forth in Fed.R.Civ.P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Service on Plaintiff will be made to the following counsel:

>   jrtroupis@troupislawoffice.com
>   iapitz@michaelbest.com
>   jdbest@michaelbest.com
>   jcscheller@michaelbest.com
>   msfleming@michaelbest.com
>   sesarskas@michaelbest.com
>   nlmoenck@michaelbest.com

Service on Defendant will be made to the following counsel:

>   mmodl@axley.com
>   sstreck@axley.com
>   aclarkowski@axley.com
>   fwikstrom@parsonsbehle.com
>   kjohnson@parsonsbehle.com

Dated this 3rd day of August, 2010          RESPECTFULLY SUBMITTED,

                                By:   /s/ James R. Troupis
                                      James R. Troupis
                                      TROUPIS LAW OFFICE LLC
                                      7609 Elmwood Avenue, Suite 102
                                      Middleton, WI 53562
                                      Telephone: (608) 807-4096

        J. Donald Best
John C. Scheller
Ian A.J. Pitz
Nathan L. Moenck
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI  53701-1806
Telephone: (608) 257-3501
Facsimile:  (608) 283-2275

*Attorneys for Plaintiff, Promega Corporation*

By:   /s/Michael J. Modl
Michael J.. Modl
Steven M. Streck
Andrew J. Clarkowski
Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Telephone:  (608) 283-6705
Facsimile:  (608) 257-5444

Francis M. Wikstrom (admitted pro hac vice)
Kristine E. Johnson (admitted pro hac vice)
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone:  (801) 532-1234
Facsimile:  (801) 536-6111

*Attorneys for Defendant, Life Technologies Corporation*