IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROMEGA CORPORATION,

                                                   OPINION AND ORDER

            Plaintiff,

    and                                                10-cv-281-bbc

MAX-PLANCK-GESELLSCHAFT zur
FORDERUNG der WIESSENSCAFTEN E.v.,

            Involuntary Plaintiff,

    v.

LIFE TECHNOLOGIES CORPORATION,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Three motions are before the court in this suit for patent infringement and various violations of state law: (1) plaintiff Promega Corporation's "Motion to Stay Arbitration Pending Determination of Arbitrability"; (2) defendant Life Technologies Corporation's "Motion for Order Compelling Arbitration of Claims 6-9, 11 and 12; and (3) defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)." I am denying defendant's motion to compel arbitration because defendant admits that it is not a party to the 1996 agreement

1

that contains the arbitration clause. This decision moots plaintiff's motion for a stay. With respect to defendant's motion to dismiss, I am granting it as to several of plaintiff's claims for declaratory relief because plaintiff does not have a reasonable apprehension that it will be sued by defendant on those claims. However, I conclude that it would be premature to dismiss the remaining claims at this stage of the proceedings. Finally, I am directing the parties to show cause why (1) summary judgment should not be granted to plaintiff on its request for a declaration that defendant may not compel plaintiff to submit to arbitration on claims related to the 1996 agreement; and (2) the complaint should not be unsealed.

BACKGROUND

The parties seem to agree that two letters defendant sent to plaintiff served as the impetus for the lawsuit, at least in part. First, in October 2009, defendant told plaintiff that defendant now owned the rights to a license agreement that plaintiff entered into with Research Genetics, Inc. in 1996 and that defendant had determined that plaintiff owed more than $50 million in unpaid royalties under the 1996 agreement. Second, in May 2010, defendant made a "demand for arbitration" under a provision of the 1996 agreement to resolve the royalties dispute.

On May 26, 2010, plaintiff Promega Corporation filed its complaint (under seal) in this court, asserting 14 claims against defendant. Dkt. #1. The first five claims are for

alleged infringement of five different patents: U.S. Patent No. 5,843,660, U.S. Patent No. 6,221,598, U.S. Patent No. 6,479,235, U.S. Patent No. 7,008,771 and U.S. Patent No. Re 37,984. (Plaintiff says that it discovered these violations in the context of investigating defendant's claims under the 1996 agreement.) In claims 6 through 9, plaintiff seeks a declaration of its rights under the l996 license agreement. Claims 10 and 11 are for breach of the 1996 license agreement and breach of the duty of good faith and fair dealing with respect to that agreement. Claim 12 is for "economic duress"; claim 13 is for breach of a 2006 license agreement; and claim 14 is for "estoppel and/or unjust enrichment."

Plaintiff's "Motion to Stay Arbitration Pending Determination of Arbitrability" corresponds to claim 7 in the complaint, in which plaintiff "requests a declaration that the claims herein and as asserted by Life Technologies are not arbitrable." Cpt. ¶ 144, dkt. #1. Although plaintiff titled its motion as a request for a stay, it does not address the propriety of a stay in its motion. Instead, after a lengthy discussion of the "factual background" (most of which is related to the merits of the claims rather than the arbitration question), plaintiff simply argues that defendant's "claims" are not arbitrable. Plt.'s Br., dkt. #4, at 19. In particular, plaintiff argues that defendant cannot demand arbitration under the 1996 agreement because defendant is neither a party to that agreement nor a valid assignee, because resolution of the parties' disputes requires interpretation of the 2006 agreement (which does not include an arbitration provision) and because defendant has waived any

right it had to arbitrate a claim under 1996 agreement.

Defendant responded to the motion by filing a combined opposition brief and motion to compel arbitration of claims 6 through 9, 11 and 12 on the ground that each of those claims arises under the 1996 agreement. Dkt. ##25 and 27. (It is not clear why defendant omitted claim 10 from its list of arbitrable claims because that is plaintiff's claim for breach of the 1996 license agreement.) In its motion, defendant concedes that "the proper claimant in the arbitration is Invitrogen IP Holdings, Inc.," which defendant says is "a wholly owned subsidiary of [defendant] which currently owns the rights under the 1996 License Agreement." Dft.'s Br., dkt. #25, at 10. However, defendant says that it "intends to correct" the mix-up regarding the proper parties "either by stipulation . . . or by appropriate action in the context of the arbitration." Id. at 11. In addition, defendant denies that it has waived the right to arbitrate or that it is seeking to arbitrate any claims arising out of the 2006 agreement.

Before briefing was complete on the motion to compel arbitration, defendant filed its motion to dismiss. Dkt. #36. In that motion, defendant argues that it was improperly named in the complaint and that plaintiff should have sued Invitrogen IP Holdings, Inc. and Applied Biosystems, LLC, another subsidiary of defendant.

4

OPINION

A. Subject Matter Jurisdiction

As always, the first question is whether the court has subject matter jurisdiction. Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010). Jurisdiction is present under 28 U.S.C. §§ 1331 and 1338 with respect to plaintiff's claims for patent infringement, but the parties do not argue that it is appropriate to exercise supplemental jurisdiction over the state law claims brought under 28 U.S.C. § 1367. Instead, plaintiff says that jurisdiction is present under 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy of more than $75,000. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 803 (7th Cir. 2009); Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 676 (7th Cir. 2006). In particular, plaintiff alleges in its complaint that it is a citizen of Wisconsin (its state of incorporation and principal place of business), that involuntary plaintiff is a citizen of Germany and that defendant is a citizen of Delaware (its state of incorporation) and California (its principal place of business). These allegations are sufficient at this stage to show that the parties are diverse under § 1332(a)(3), which allows federal courts to exercise jurisdiction when the parties are "citizens of different States and in which citizens or subjects of a foreign state are additional parties." E.g., Tango Music, LLC v. DeadQuick Music, Inc., 348 F.3d 244, 245 (7th Cir. 2003). Further, in light of the allegation that defendant is claiming more than $50 million in royalties, it is reasonable to

5

infer that the amount in controversy is more than $75,000.

### B. Arbitration Motions

Turning to the merits, I will begin by addressing the parties' motions regarding arbitration. There seems to be no dispute that defendant is not a party to the 1996 contract or an assignee of the contract. The 1996 agreement includes a provision prohibiting either party from assigning the contract "without the express written consent of the other party." Cpt. exh. F, dkt. #1. It is undisputed that Invitrogen IP Holdings never sought or received consent to assign its rights under the 1996 agreement to another party. To the extent defendant's brief does not include an outright concession that defendant has no rights under the 1996 contract, defendant has forfeited the point by failing to develop an argument that its arbitration demand may be treated as one from Invitrogen IP Holdings. This ends the matter. United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991) ("undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Defendant seems to believe that plaintiff may be compelled to arbitrate with Invitrogen IP Holdings, but that argument is premature because Invitrogen IP Holdings is not the subject of plaintiff's request for declaratory relief.

Although plaintiff has not moved for summary judgment on its claim that the 1996 agreement does not give defendant the right to compel plaintiff to submit to arbitration,

6

there seems to be little left for the parties to say about this claim. Accordingly, I will give the parties until August 10, 2010 to show cause why summary judgment should not be granted to plaintiff with respect to claim seven of the complaint.

I note that, to the extent plaintiff is requesting a declaration that it is not required to arbitrate its claims for infringement or its claims under the 2006 agreement, that claim is not justiciable because nothing in plaintiff's complaint or anything else the parties have filed suggests that defendant is seeking to arbitrate those claims. Lehn v. Holmes, 364 F.3d 862, 867 (7th Cir. 2004) ("[C]ourts should not render decisions absent a genuine need to resolve a real dispute.")

## C. Motion to Dismiss

The parties reverse positions in addressing defendant's motion to dismiss. Defendant says that all of plaintiff's claims should have been asserted against its subsidiaries, Invitrogen IP Holdings and Applied Biosystems, who are the owners of the contracts at issue. Plaintiff says that it may sue defendant, regardless who has rights under the contracts.

For the purpose of deciding defendant's motion to dismiss, I will treat plaintiff's claims as falling into four categories: (1) claims for patent infringement (claims 1-5); (2) claims for declaratory relief under the 1996 agreement (claims 6, 8 and 9); (3) other claims related to the 1996 agreement (claims 10-12 and 14); and (4) a claim for breach of the 2006

agreement (claim 13). I have addressed plaintiff's claim requesting a declaration that defendant may not compel plaintiff to submit to arbitration (claim 7), so I need not discuss that claim.

1. Claims for declaratory relief

In light of the conclusion that defendant may not compel plaintiff to arbitrate claims under the 1996 agreement, it follows that claims 6, 8 and 9 must be dismissed as nonjusticiable. In each of those claims, plaintiff is requesting a declaration that eliminates or limits its liability to defendant under the 1996 contract. However, plaintiff's only basis for believing that a genuine controversy exists with respect to those claims is defendant's arbitration demand. Because defendant has forfeited an argument that it has enforceable rights under the 1996 agreement, plaintiff cannot claim that it has a "reasonable apprehension" that defendant will pursue a claim for breach of the 1996 agreement. GNB Battery Technologies, Inc. v. Gould, Inc., 65 F.3d 615, 627 (7th Cir. 1995).

2. Claims for patent infringement

With respect to plaintiff's claims for patent infringement, defendant says that Applied Biosystems is the entity engaging in the actions that plaintiff perceives as infringing. That may be true, but it is not a question I can resolve on a motion to dismiss for failure to state

8

a claim upon which relief may be granted. Plaintiff alleges that *defendant* has infringed its patents, not Applied Biosystems. At this stage of the proceedings, I must accept all of plaintiff's properly pleaded allegations as true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). (Defendant does not argue that plaintiff's allegations of infringement are too conclusory to satisfy federal pleading standards, so I do not consider that question.) Plaintiff does not have to show that defendant is a party to a license agreement to state a claim for infringement.

3. Claims for breach of contract and related claims

It is a closer question whether plaintiff may proceed with its claims related to breaches of the 1996 and 2006 agreements. There is some tension between plaintiff's argument that defendant has no right to compel arbitration under the 1996 agreement because it is not a valid assignee and its argument that defendant may be held liable for breaching that agreement. Generally, rights and obligations under a contract go hand in hand. However, plaintiff points out that a parent company may sometimes be held liable for a subsidiary's wrongful acts, including a breach of contract, if the parent company directed the wrongful act or the subsidiary is a "mere instrumentality" of the parent. Bernardi, Inc. v. Midland Oil Corp., 520 F.2d 771 (7th Cir. 1975); Esmark, Inc. v. NLRB, 887 F.2d 739, 756 (7th Cir. 1989). In this case, plaintiff alleges that, during the last year, defendant has been holding

9

itself out as the entity controlling the 1996 and 2006 agreements. Although that allegation alone would not be enough to prove that defendant may be held liable for breaches of its subsidiaries, plaintiff does not need to prove its claim in the complaint; it is enough if plaintiff alleges "enough facts to raise [the claim] above the level of mere speculation." Riley v. Vilsack, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009).

This court and others have concluded that a plaintiff could state a claim against a parent company even without detailed allegations showing that the parent had exercised the requisite degree of control. E.g., Uebelacker v. Paula Allen Holdings, Inc., 464 F. Supp. 2d 791, 799 (W.D. Wis. 2006); NC Holdings v. United Rehabilitation Services, Inc., 2007 WL 542140, *6 (E.D. Wis. 2007). Further, this claim is not necessarily inconsistent with my conclusion that defendant may not invoke the arbitration clause in the 1996 agreement. Even if Invitrogen IP Holdings is a "mere instrumentality" of defendant, this would not entitle Invitrogen IP Holdings to assign its rights under the agreement without plaintiff's consent. It may be that plaintiff is going down a dead-end path by insisting on suing defendant rather than its subsidiaries, but I cannot conclude at this stage that its contract claims against defendant fail as a matter of law. Plaintiff's allegations are sufficient to permit it to engage in discovery to determine the extent of defendant's control over Applied Biosystems and Invitrogen IP Holdings. If defendant is not in fact exercising sufficient control to subject it to liability, it may seek dismissal in a motion for summary judgment

under Fed. R .Civ. P. 56.

#### D. Justification for Sealing the Complaint

One additional matter requires attention. In resolving these motions, it has come to my attention that the parties have submitted the vast majority of their filings under seal, including the complaint. Although the parties may have a legitimate interest in keeping many of their filings secret, I believe that it is a rare case in which the document that begins the lawsuit may be kept entirely out of the public eye. Courts do not serve as the private arbiters of the parties; "the presumption [is] that judicial proceedings are public." In re Cudahy, 294 F.3d 947, 952 (7th Cir. 2002). It is particularly inappropriate to conceal the complaint because it serves not only the purpose of giving notice to the defendant, but also to other parties who may have an interest in the lawsuit. Further, because a complaint need not contain "detailed factual allegations," Twombly, 550 U.S. at 555, there should be few cases in which a plaintiff is forced to include confidential information. In any event, "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." United States v. Foster, 564 F.3d 852, 853 (7th Cir. 2009). Because I relied on the complaint in this opinion, this rule applies to the complaint. Although the parties have argued generally that their sealed documents are "confidential" and "sensitive," they have made no showing that there is good cause to seal

11

the complaint.

Accordingly, the parties may have until August 10, 2010 to show cause why the complaint must be kept private. If the parties do not respond by that date, the complaint and its attachments will be unsealed. If either party believes that portions of the complaint satisfy the standard in <u>Foster</u>, they should: (1) submit evidence and argument justifying that belief; and (2) submit a proposed redacted complaint that conceals only that information that would be treated as confidential under the <u>Foster</u> standard.

## ORDER

IT IS ORDERED that

1. Defendant Life Technologies Corporation's motion to compel arbitration, dkt. #. 27, is DENIED.

2. Plaintiff Promega Corporation's motion to stay arbitration pending determination of arbitrability, dkt. #3, is DENIED as moot.

3. Defendant's motion to dismiss is GRANTED with respect to claims six, eight and nine of plaintiff's complaint on the ground that those claims do not present a justiciable controversy. Defendant's motion is DENIED in all other respects.

4. The parties may have until August 26, 2010 to show cause why summary judgment should not be granted to plaintiff on its request for a declaration that defendant

may not compel plaintiff to arbitrate claims under the 1996 agreement.

5.  The parties may have until August 26, 2010 to show cause why the complaint should not be unsealed.

Entered this 9th day of August, 2010.

                                       BY THE COURT:
                                       /s/
                                       BARBARA B. CRABB
                                       District Judge