CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PROMEGA CORPORATION, ET AL.<br><br>        Plaintiffs,<br><br>vs.<br><br>LIFE TECHNOLOGIES CORPORATION,<br>ET AL.<br><br>        Defendants. | Civil Action No. 3:10-CV-281 |

### DEFENDANTS' ANSWER TO PROMEGA CORPORATION'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS AGAINST PROMEGA CORPORATION

Defendants Life Technologies Corporation, Applied Biosystems, LLC, and Invitrogen IP Holdings, Inc., (collectively, "Defendants") answer Plaintiff Promega Corporation's Amended Complaint as follows.[1]

### NATURE OF THE ACTION

1.     Life Technologies Corporation and Applied Biosystems, LLC admit that the Amended Complaint purports to state a claim for patent infringement of U.S. Patent No. 5,843,660 (the "'660 Patent"), U.S. Patent No. 6,221,598 (the "'598 Patent"), 6,479,235 (the "'235 Patent"), 7,008,771 (the "'771 Patent"), and U.S. Patent No. Re 37,984 (the "'984 Patent")

---

[1] Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften E.V. ("Max-Planck") is an involuntary plaintiff included by Promega in an attempt to confer standing on Promega to assert certain patent claims against Life Technologies Corporation and Applied Biosystems, LLC. Thus, except for allegations pertaining to the '984 Patent, while Defendants do not currently have a direct dispute with Max-Planck, answers and responses to the Complaint should be construed as answers and responses to allegations, if any, asserted by Max-Planck as well. For allegations pertaining to the '984 Patent, Defendants state that Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Defendants decline to answer or respond to such allegations and reserve the right to do so, if necessary, until after the Court rules on this motion to dismiss.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

(collectively, the "patents-in-suit"), but denies that the Amended Complaint properly states a claim for relief thereunder.  Life Technologies Corporation and Applied Biosystems, LLC further deny that Life Technologies Corporation or its wholly owned subsidiary Applied Biosystems, LLC has infringed and/or infringes the patents-in-suit.  Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

2.     Life Technologies Corporation and Applied Biosystems, LLC admit that the Amended Complaint purports to state a claim for damages and injunctive relief, but denies that Promega is entitled to relief in any form.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning a June 19, 1996 License Agreement between Promega and Research Genetics, Inc., a predecessor-in-interest to Invitrogen IP Holdings, Inc. (the "1996 License Agreement"), are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 2 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.  Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

3.      Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 3 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.  Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

4.      Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 4 contain legal conclusions to which no

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

response is required, but to the extent a response is required, Defendants deny the same.  Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

5.      Life Technologies Corporation and Invitrogen IP Holdings admit that representatives of Promega and Life Tech discussed various issues regarding the 1996 License Agreement in early 2010.  Life Technologies Corporation and Invitrogen IP Holdings further admit that Life Technologies Corporation served a Demand for Arbitration on Promega on May 4, 2010, and Invitrogen IP Holdings, Inc. served an Amended Demand for Arbitration on July 7, 2010, pursuant to the 1996 License Agreement pertaining to Promega's underpayment of sublicense royalties under that Agreement.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 5 contain legal conclusions to which no response is required, but to the extent a response is required Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

6.      Defendants admit that Promega has brought the instant action purporting to state claims for patent infringement and claims pertaining to the 1996 License Agreement and the August 29, 2006 Cross License between Promega and Applera Corporation, which was renamed Applied Biosystems, Inc., on or about June 30, 2008 (the "ABI Cross License"), and that an actual controversy exists concerning the 1996 License Agreement and the ABI Cross License. Defendants deny that the Amended Complaint properly states a claim for such relief, or that Promega is entitled to relief in any form.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Defendants further admit that the 1996 License Agreement and the ABI Cross License are documents that speak for themselves, and no response is necessary to Plaintiffs' characterization of the contents or effect of those documents.  The remaining allegations in paragraph 6 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

7.      Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that Promega has requested that Life Technologies Corporation and/or Invitrogen IP Holdings, Inc. be enjoined from terminating the 1996 License Agreement pending resolution of the parties' disputes, and further states that the parties executed a Joint Stipulation Regarding Stay of Cure Deadline and Withdrawal of Motion for Preliminary Injunction (Docket # 14).    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny that the Amended Complaint properly states a claim for such relief, or that Promega is entitled to relief in any form.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the

- 5 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated. Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 7 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same. Life Technologies and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

8.      Defendants admit that Promega purports to seek redress for the alleged breach of the ABI Cross License and the 1996 License Agreement, but denies that the Amended Complaint properly states a claim for such relief, or that Promega is entitled to relief in any form. Defendants admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated. Defendants further admit that the 1996 License Agreement and the ABI Cross License are documents that speak for themselves, and no response is necessary to Plaintiffs' characterization of the contents or effect of those documents.

9.      Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated. Life Technologies Corporation and Invitrogen IP

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.

10.     Defendants admit the allegations of paragraph 10.

11.     Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny that Promega never consented to an assignment of the 1996 License Agreement to Life Technologies because Promega consented to an assignment to Invitrogen Corporation, which merely changed its name to become Life Technologies Corporation.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. further states that Promega did consent to an assignment of the 1996 License Agreement to Invitrogen IP Holdings, Inc., Life Technologies Corporation's wholly owned subsidiary.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.

12.     Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that Life Technologies Corporation served a Demand for Arbitration on Promega on May 4, 2010, and Invitrogen IP Holdings, Inc., served an Amended Demand for Arbitration on July 7, 2010, pursuant to the 1996 License Agreement claiming damages in excess of $50 million.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are

- 7 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admits that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.

13.     Life Technologies Corporation admits that its May 4, 2010 Demand for Arbitration states that "Promega is obligated pursuant to Section 9.4 of the License Agreement to pay to Life Technologies a minimum royalty of 8% of the net sales of each of the sublicensees." Life Technologies Corporation further admits that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 13 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation denies the same.

14.     Life Technologies and Invitrogen IP Holdings, Inc. incorporate by reference their response to paragraph 5.  Life Technologies and Invitrogen IP Holdings, Inc. admits that they agreed to stay any cure obligation while the parties conducted an investigation and held face-to-face discussions, and that the parties discussed conducting audits of various licenses.  Life Technologies Corporation denies that it could "receive" its own correspondence.

15.     Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that Life Technologies Corporation served a Demand for Arbitration on Promega on May 4, 2010, and Invitrogen IP Holdings, Inc., served an Amended Demand for Arbitration on July 7, 2010, pursuant to the 1996 License Agreement pertaining to Promega's underpayment of sublicense royalties under that Agreement, and further state that the parties executed a Joint Stipulation Regarding Stay of Cure Deadline and Withdrawal of Motion for Preliminary Injunction (Docket

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

# 14).  Life Technologies and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 15 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies and Invitrogen IP Holdings, Inc. deny the same.

16.     Defendants admit that the Amended Complaint purports to state a claim for declaratory relief, but deny that Promega is entitled to relief in any form.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 16 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.  Defendants state that for allegations concerning the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Defendants decline to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## PARTIES

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny the same.

18.     Defendants admit the allegations of the first sentence of paragraph 18 as they pertain to the location of Max-Planck, and further admit that Max-Planck is the owner of the '984 Patent.   Defendants state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore decline to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

19.     Defendants admit the allegations of paragraph 19.

20.     Defendants admit that Applied Biosystems, LLC, is a limited liability company organized under the laws of the State of Delaware, and a wholly owned subsidiary of Life Technologies Corporation (f/k/a Invitrogen Corporation), and that it has a principal place of business located at 5791 Van Allen Way, Carlsbad, California.

21.     Defendants admit that Invitrogen IP Holdings, Inc. is a corporation organized under the laws of the State of Delaware and a wholly owned subsidiary of Life Technologies Corporation, and that it has a principal place of business at 5791 Van Allen Way, Carlsbad, California.

## JURISDICTION AND VENUE

22.     Life Technologies Corporation and Applied Biosystems, LLC admit that the Amended Complaint purports to state a claim for patent infringement, but denies that the

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Amended Complaint properly states a claim for relief, denies that Life Technologies Corporation or Applied Biosystems, LLC, has committed infringement, either directly, indirectly, or under the doctrine of equivalents, and denies that Promega is entitled to relief in any form.  Life Technologies Corporation and Applied Biosystems, LLC admit the allegations of the second sentence of paragraph 22.

23.     Defendants admit the allegations of paragraph 23.

24.     Defendants admit that the Amended Complaint purports to state a claim for declaratory relief, but denies that Promega is entitled to relief in any form.  Defendants admit that an actual controversy exists concerning the 1996 License Agreement and the ABI Cross License, and therefore admit that the court, at its discretion, may enter a declaratory judgment. The remaining allegations in paragraph 24 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

25.     Defendants admit the allegations of paragraph 25.

26.     Defendants admit the allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27.

## FACTS

### U.S. Patent No. 5,843,660

28.     Defendants admit that attached as Exhibit A to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '660 Patent, and that the patent issued to James W. Schumm, Katherine A. Micka, and Dawn R. Rabbach on December 1, 1998, and is titled "Multiplex Amplification of Short Tandem Repeat Loci."  Life Technologies Corporation and Applied Biosystems, LLC deny that the '660 Patent is valid and/or enforceable.

- 11 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

29.     Life Technologies Corporation and Applied Biosystems, LLC admit that Promega has represented that it owns the '660 Patent, but Life Technologies Corporation and Applied Biosystems, LLC lack knowledge or information sufficient to admit or deny this representation or allegation, and therefore deny the same.

30.     Life Technologies Corporation denies the allegations of paragraph 30.

31.     Life Technologies Corporation denies the allegations of paragraph 31.

32.     Life Technologies Corporation denies the allegations of paragraph 32.

33.     Life Technologies Corporation denies the allegations of paragraph 33.

34.     Life Technologies Corporation denies the allegations of paragraph 34.

35.     Life Technologies Corporation denies the allegations of paragraph 35.

36.     Life Technologies Corporation denies the allegations of paragraph 36.

37.     Applied Biosystems, LLC denies the allegations of paragraph 37.

38.     Applied Biosystems, LLC denies the allegations of paragraph 38.

39.     Applied Biosystems, LLC denies the allegations of paragraph 39.

40.     Applied Biosystems, LLC denies the allegations of paragraph 40.

41.     Applied Biosystems, LLC denies the allegations of paragraph 41.

42.     Applied Biosystems, LLC denies the allegations of paragraph 42.

43.     Applied Biosystems, LLC denies the allegations of paragraph 43.

**U.S. Patent No. 6,221,598**

44.     Defendants admit that attached as Exhibit B to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '598 Patent, and that the patent issued to James W. Schumm, Cynthia J. Sprecher, and Ann M. Lins on April 24, 2001, and is titled "Multiplex Amplification

- 12 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

of Short Tandem Repeat Loci." Life Technologies Corporation and Applied Biosystems, LLC deny that the '598 Patent is valid and/or enforceable.

45.     Life Technologies Corporation and Applied Biosystems, LLC admit that Promega has represented that it owns the '598 Patent, but Life Technologies Corporation and Applied Biosystems, LLC lack knowledge or information sufficient to admit or deny this representation or allegation, and therefore deny the same.

46.     Life Technologies Corporation denies the allegations of paragraph 46.

47.     Life Technologies Corporation denies the allegations of paragraph 47.

48.     Life Technologies Corporation denies the allegations of paragraph 48.

49.     Life Technologies Corporation denies the allegations of paragraph 49.

50.     Life Technologies Corporation denies the allegations of paragraph 50.

51.     Life Technologies Corporation denies the allegations of paragraph 51.

52.     Life Technologies Corporation denies the allegations of paragraph 52.

53.     Applied Biosystems, LLC denies the allegations of paragraph 53.

54.     Applied Biosystems, LLC denies the allegations of paragraph 54.

55.     Applied Biosystems, LLC denies the allegations of paragraph 55.

56.     Applied Biosystems, LLC denies the allegations of paragraph 56.

57.     Applied Biosystems, LLC denies the allegations of paragraph 57.

58.     Applied Biosystems, LLC denies the allegations of paragraph 58.

59.     Applied Biosystems, LLC denies the allegations of paragraph 59.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

### U.S. Patent No. 6,479,235

60.     Defendants admit that attached as Exhibit C to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '235 Patent, and that the patent issued to James W. Schumm and Cynthia J. Sprecher on November 12, 2002, and is titled "Multiplex Amplification of Short Tandem Repeat Loci."  Life Technologies Corporation and Applied Biosystems, LLC deny that the '235 Patent is valid and/or enforceable.

61.     Life Technologies Corporation and Applied Biosystems, LLC admit that Promega has represented that it owns the '235 Patent, but Life Technologies Corporation and Applied Biosystems, LLC lack knowledge or information sufficient to admit or deny this representation or allegation, and therefore deny the same.

62.     Life Technologies Corporation denies the allegations of paragraph 62.

63.     Life Technologies Corporation denies the allegations of paragraph 63.

64.     Life Technologies Corporation denies the allegations of paragraph 64.

65.     Life Technologies Corporation denies the allegations of paragraph 65.

66.     Life Technologies Corporation denies the allegations of paragraph 66.

67.     Life Technologies Corporation denies the allegations of paragraph 67.

68.     Life Technologies Corporation denies the allegations of paragraph 68.

69.     Applied Biosystems, LLC denies the allegations of paragraph 69.

70.     Applied Biosystems, LLC denies the allegations of paragraph 70.

71.     Applied Biosystems, LLC denies the allegations of paragraph 71.

72.     Applied Biosystems, LLC denies the allegations of paragraph 72.

73.     Applied Biosystems, LLC denies the allegations of paragraph 73.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

74.     Applied Biosystems, LLC denies the allegations of paragraph 74.

75.     Applied Biosystems, LLC denies the allegations of paragraph 75.

### U.S. Patent No. 7,008,771

76.     Defendants admit that attached as Exhibit D to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '771 Patent, and that the patent issued to James W. Schumm and Cynthia J. Sprecher on March 7, 2006 and is titled "Multiplex Amplification of Short Tandem Repeat Loci."  Life Technologies Corporation and Applied Biosystems, LLC deny that the '771 Patent is valid and/or enforceable.

77.     Life Technologies Corporation and Applied Biosystems, LLC admit that Promega has represented that it owns the '771 Patent, but Life Technologies Corporation and Applied Biosystems, LLC lack knowledge or information sufficient to admit or deny this representation or allegation, and therefore deny the same.

78.     Life Technologies Corporation denies the allegations of paragraph 78.

79.     Life Technologies Corporation denies the allegations of paragraph 79.

80.     Life Technologies Corporation denies the allegations of paragraph 80.

81.     Life Technologies Corporation denies the allegations of paragraph 81.

82.     Life Technologies Corporation denies the allegations of paragraph 82.

83.     Life Technologies Corporation denies the allegations of paragraph 83.

84.     Life Technologies Corporation denies the allegations of paragraph 84.

85.     Applied Biosystems, LLC denies the allegations of paragraph 85.

86.     Applied Biosystems, LLC denies the allegations of paragraph 86.

87.     Applied Biosystems, LLC  denies the allegations of paragraph 87.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

88.     Applied Biosystems, LLC denies the allegations of paragraph 88.

89.     Applied Biosystems, LLC denies the allegations of paragraph 89.

90.     Applied Biosystems, LLC denies the allegations of paragraph 90.

91.     Applied Biosystems, LLC denies the allegations of paragraph 91.

### U.S. Patent No. Re 37,984

92.     Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems LLC decline to answer or respond to such allegations and reserve the right to do so, if necessary, until after the Court rules on this motion to dismiss.

93.     Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserve the right to do so, if necessary, until after the Court rules on this motion to dismiss.

94.     Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

respond to such allegations and reserve the right to do so, if necessary, until after the Court rules on this motion to dismiss.

95.     Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserve the right to do so, if necessary, until after the Court rules on this motion to dismiss.

96.     Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

97.     Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

98.     Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

99.    Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

100.    Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

101.    Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

102.    Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

103.    Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Applied Biosystems, LLC therefore declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

104.    Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Applied Biosystems, LLC therefore declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

105.    Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Applied Biosystems, LLC therefore declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

106.    Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Applied Biosystems, LLC therefore declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

107.    Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

under Federal Rule of Civil Procedure 12(b)(6), and Applied Biosystems, LLC therefore declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

108.    Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Applied Biosystems, LLC therefore declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

109.    Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Applied Biosystems, LLC therefore declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

**The Promega/Research Genetics 1996 License Agreement**

110.    Defendants admit the allegations of paragraph 110.

111.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit the allegations of paragraph 111, and further states that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.

112.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   Life Technologies

- 20 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Corporation and Invitrogen IP Holdings, Inc. further admit that the patents involved in the 1996 License Agreement, which relate to genetic identification, have a number of applications, and that institutions such as government agencies, universities, courts, hospitals and other public and private institutions utilize products that require those rights.

113.    Life Technologies Corporation and Invitrogen IP Holdings, Inc., admit that the 1996 License Agreement granted exclusive patent rights to Promega in certain fields of use.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.

114.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the 1996 License Agreement contained provisions regarding sublicensing and royalty sharing.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 114 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

115.    Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 115, and therefore deny the same.  Defendants state that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The allegations in

- 21 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

paragraph 115 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

116.     Defendants lack knowledge or information sufficient to admit or deny the allegations of the first sentence of paragraph 116, and therefore deny the same.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that there has been an amendment to the 1996 License Agreement.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. state that the 1996 License Agreement, and the First Amendment thereto, are documents that speak for themselves, and no response is necessary to Plaintiffs' characterization of the contents or effect of those documents.  The allegations in paragraph 116 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

117.     Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that Garching is a signatory to the 1996 License Agreement.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. Life Technologies Corporation and Invitrogen IP Holdings, Inc. also admits that Research Genetics, Inc. and Garching entered into an agreement, but state that the agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   The remaining allegations in paragraph 117 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

118.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that section 9.1 of the 1996 License Agreement pertains to Promega's obligation to pay to Research Genetics an 8% royalty on Promega's "net sales" as defined in the Agreement.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   The remaining allegations in paragraph 118 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

119.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that Promega's sublicense royalty rights and obligations are contained in section 9.4 of the 1996 License Agreement, read in conjunction with section 9.1.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   The remaining allegations in paragraph 119 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

120.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the provisions of section 9.4(a) are mirrored in the provisions of section 4.4(a).   Life Technologies Corporation and Invitrogen IP Holdings, Inc. further state that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   The allegations in paragraph 120 contain legal conclusions

- 23 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

121.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. state that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   The allegations in paragraph 121 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

122.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. state that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   The allegations in paragraph 122 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

123.    Defendants deny the allegations of paragraph 123.

124.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations contained in the first and second sentences of paragraph 124.  As to the third sentence of paragraph 124, Life Technologies Corporation and Invitrogen IP Holdings, Inc. state that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The allegations in the third sentence of paragraph 124 contain legal conclusions to which no response is required, but to the

- 24 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc.
deny the same.

125.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the
1996 License Agreement contains provisions regarding a party's right to terminate in the event
of a material breach.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that
the 1996 License Agreement is a document that speaks for itself, and no response is necessary to
Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations
in paragraph 125 contain legal conclusions to which no response is required, but to the extent a
response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the
same.

126.    Life Technologies Corporation and Applied Biosystems, LLC admit that Promega
initiated litigation against Applera, Inc., in the Western District of Wisconsin, and that the action
was settled in 2006.  Life Technologies Corporation and Applied Biosystems, LLC also admit
that Promega and Applera, Inc., entered into the ABI Cross-License dated August 29, 2006.
Defendants lack knowledge or information sufficient to admit or deny the remaining allegations
of paragraph 126, and therefore deny the same.

**The Promega/Applied Biosystems Cross License Agreement**

127.    Life Technologies Corporation and Applied Biosystems, LLC admit that under
ABI Cross License, which was attached as Exhibit G to the original Complaint, filed May 26,
2010 (Dkt. #1), Promega sublicensed patent rights to Applera, Inc.   Life Technologies
Corporation and Applied Biosystems, LLC admit the remaining allegations of paragraph 127,

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

and further state that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.

128.    Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License does not grant Applera, Inc., the right to employ the '984 Patent in certain fields of use.  Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   The remaining allegations in paragraph 128 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Applied Biosystems, LLC deny the same.  Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

129.    Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License contains provision(s) related to disclosure.  Life Technologies Corporation and Applied Biosystems, LLC further admit that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 129 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Applied Biosystems, LLC deny the same.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

130.    Life Technologies Corporation and Applied Biosystems, LLC admit that Promega never granted Applied Biosystems Inc. authority to disclose the terms of the ABI Cross-License, and deny any implication that such consent was required.  Life Technologies Corporation and Applied Biosystems, LLC further admit that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 130 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Applied Biosystems, LLC deny the same.

131.    Life Technologies Corporation and Applied Biosystems, LLC admit that the parties' present disputes regarding the ABI Cross License are not arbitrable.  Life Technologies Corporation and Applied Biosystems, LLC further admit that the ABI Cross License and the Court's August 9, 2010 order are documents that speak for themselves, and no response is necessary to Plaintiffs' characterization of the contents or effect of those documents.  The remaining allegations in paragraph 131 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Applied Biosystems, LLC deny the same.

### Life Technologies Acquired Both Research Genetics and Applied Biosystems

132.    Life Technologies Corporation admits the allegations of paragraph 132.

133.    Life Technologies Corporation and Applied Biosystems, LLC admit that the allegations of paragraph 133.

134.    Life Technologies Corporation and Applied Biosystems, LLC admit the allegations of paragraph 134.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

135.    Life Technologies Corporation admits that it is the parent corporation of Applied Biosystems, LLC.   Life Technologies Corporation admits that Research Genetics, Inc. was acquired by Invitrogen Corporation, which later changed its name to Life Technologies Corporation, and that Research Genetics, Inc. no longer exists as a corporate entity.   Defendants further admis that the 1996 License Agreement and the ABI Cross License are documents that speak for themselves, and no response is necessary to Plaintiffs' characterization of the contents or effect of those documents.   The remaining allegations in paragraph 135 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

136.    Life Technologies Corporation denies the allegations of paragraph 136.

137.    Life Technologies Corporation incorporates by reference its response to paragraph 11.   Life Technologies Corporation denies that Promega never consented to an assignment of the 1996 License Agreement to Life Technologies because Promega consented to an assignment to Invitrogen Corporation, which merely changed its name to become Life Technologies Corporation.   Life Technologies Corporation further states that Promega did consent to an assignment of the 1996 License Agreement to Invitrogen IP Holdings, Inc., Life Technologies Corporation's wholly owned subsidiary.   Life Technologies Corporation further admits that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   The remaining allegations in paragraph 137 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation denies the same.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

### The Life Technologies Notice Letter

138.   Life Technologies Corporation admits that it sent a letter to Promega dated October 20, 2009, and further states that the document speaks for itself.

139.   Life Technologies Corporation admits that it sent a letter to Promega dated October 20, 2009, and further states that the document speaks for itself.  Life Technologies Corporation denies each and every remaining allegation of paragraph 139.

140.   Life Technologies Corporation denies the allegations of paragraph 140.

141.   Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License relates to Promega patents other than the '984 Patent.   Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 141 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Applied Biosystems, LLC deny the same.

142.   Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License required a royalty of 5.5% from July 1, 2006 forward.   Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 142 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Applied Biosystems, LLC deny the same.  Life Technologies Corporation and

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Applied Biosystems, LLC lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 99, and therefore deny the same.

143.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that they have stated their position regarding Promega's sublicense royalty obligations in correspondence between the parties, the May 4, 2010 Demand for Arbitration, and the July 7, 2010 Amended Demand for Arbitration.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that those documents, in addition to the 1996 License Agreement, speak for themselves, and no response is necessary to Plaintiffs' characterization of the contents or effect of those documents. The remaining allegations in paragraph 143 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation denies the same.

144.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 144.

145.   Life Technologies Corporation admits that it is a direct competitor of Promega in genetic identity and forensic testing, and that it is a larger entity with higher sales.   Life Technologies Corporation denies the remaining allegations of paragraph 145.

146.   Life Technologies Corporation denies the allegations of paragraph 146.

147.   Life Technologies Corporation admits that it made certain assertions in its October 20, 2009 letter, and further states that the document speaks for itself.  Life Technologies Corporation further states that because it acquired Applied Biosystems, Inc., it was legally and rightfully entitled to receive, review, and evaluate all of the Applied Biosystems Inc. property and information it purchased, including, without limitation, information pertaining to Applied Biosystems, Inc.'s payments under the ABI Cross License.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

148.    Life Technologies Corporation admits that it made certain assertions in its October 20, 2009 letter, and further states that the document speaks for itself.

**The Life Technologies Demand for Arbitration**

149.    Life Technologies Corporation incorporates by reference its responses to paragraphs 5 and 14.  Life Technologies Corporation admits that representatives of Promega and Life Technologies Corporation discussed various issues regarding the 1996 License Agreement in early 2010, including the potential of conducting audits.

150.    Life Technologies admits that Life Technologies Corporation delivered to Promega by email and certified mail a letter dated May 4, 2010, containing a Demand for Arbitration pursuant to Section 22.1 and Appendix E of the 1996 License Agreement, and that Invitrogen IP Holdings, Inc., served an Amended Demand for Arbitration on July 7, 2010, pursuant to Section 22.1 and Appendix E of the 1996 License Agreement.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 150 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

151.    Life Technologies Corporation admits that the May 4, 2010 Demand for Arbitration states that Promega failed to comply with the requirements of section 9.4 of the 1996

- 31 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

License Agreement with respect to computation and payment of royalties to Life Technologies. Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the July 7, 2010 Amended Demand for Arbitration states that Promega failed to comply with the requirements of section 9.4 of the 1996 License Agreement with respect to computation and payment of royalties to Life Technologies. Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated. Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 151 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

152.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the July 7, 2010 Amended Demand for Arbitration states that Promega failed to comply with the requirements of section 9.4 of the 1996 License Agreement with respect to computation and payment of royalties to Life Technologies. Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated. Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 152 contain legal

- 32 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

### Life Technologies Violated Its Duty of Good Faith

153.    Life Technologies Corporation denies the allegations of paragraph 153.

154.    Invitrogen IP Holdings denies the allegations of paragraph 154.

155.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 155.

156.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 156.

157.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 157.

158.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 158.

159.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. lack knowledge or information sufficient to admit or deny the allegations in paragraph 159 regarding Promega's customers' alleged reliance on Promega's rights under the 1996 License Agreement, and therefore denies the same.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny each and every allegation of paragraph 159.

160.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 160.

161.    Life Technologies Corporation and Applied Biosystems, LLC state that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to answer or respond to such allegations and reserve the right to do so, if necessary, until after the Court rules on this motion to dismiss.

162.    Life Technologies Corporation denies the allegations of paragraph 162.

163.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 163.

164.    Life Technologies Corporation denies the allegations of paragraph 164.

165.    Life Technologies Corporation denies the allegations of paragraph 165.

166.    Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License does not have an arbitration clause pertaining to interpretation and application of the ABI Cross License payment provisions.   Life Technologies Corporation and Applied Biosystems, LLC admit that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 166 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Applied Biosystems, LLC deny the same.

167.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 167.

168.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 168.

- 34 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

169.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 169.

## FIRST CAUSE OF ACTION

170.    Life Technologies Corporation incorporates its responses to paragraphs 1-169.

171.    Life Technologies Corporation denies the allegations of paragraph 171.

172.    Life Technologies Corporation denies the allegations of paragraph 172.

## SECOND CAUSE OF ACTION

173.    Applied Biosystems, LLC incorporates its responses to paragraphs 1-172.

174.    Applied Biosystems, LLC denies the allegations of paragraph 174.

175.    Applied Biosystems, LLC denies the allegations of paragraph 175.

## THIRD CAUSE OF ACTION

176.    Life Technologies Corporation incorporates its responses to paragraphs 1-175.

177.    Life Technologies Corporation denies the allegations of paragraph 177.

178.    Life Technologies Corporation denies the allegations of paragraph 178.

## FOURTH CAUSE OF ACTION

179.    Applied Biosystems, LLC incorporates its responses to paragraphs 1-178.

180.    Applied Biosystems, LLC denies the allegations of paragraph 180.

181.    Applied Biosystems, LLC denies the allegations of paragraph 181.

## FIFTH CAUSE OF ACTION

182.    Life Technologies Corporation incorporates its responses to paragraphs 1-181.

183.    Life Technologies Corporation denies the allegations of paragraph 183.

184.    Life Technologies Corporation denies the allegations of paragraph 184.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## SIXTH CAUSE OF ACTION

185.   Applied Biosystems, LLC incorporates its responses to paragraphs 1-184.

186.   Applied Biosystems, LLC denies the allegations of paragraph 186.

187.   Applied Biosystems, LLC denies the allegations of paragraph 187.

## SEVENTH CAUSE OF ACTION

188.   Life Technologies Corporation incorporates its responses to paragraphs 1-187.

189.   denies the allegations of paragraph 189.

190.   Life Technologies Corporation denies the allegations of paragraph 187.

## EIGHTH CAUSE OF ACTION

191.   Applied Biosystems, LLC incorporates its responses to paragraphs 1-190.

192.   Applied Biosystems, LLC denies the allegations of paragraph 192.

193.   Applied Biosystems, LLC denies the allegations of paragraph 193.

## NINTH CAUSE OF ACTION

194.   Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

195.   Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies

- 36 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

196.   Life Technologies Corporation states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

## TENTH CAUSE OF ACTION

197.   Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Applied Biosystems, LLC declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

198.   Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Applied Biosystems, LLC declines to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

199.   Applied Biosystems, LLC states that for allegations pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Applied Biosystems, LLC declines

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

to answer or respond to such allegations and reserves the right to do so, if necessary, until after the Court rules on this motion to dismiss.

## ELEVENTH CAUSE OF ACTION

200.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate their responses to paragraphs 1-199.

201.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate by reference their responses to paragraphs 6 and 24.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that an actual controversy exists concerning the 1996 License Agreement.  Except as expressly admitted, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny each and every allegation of paragraph 201.

202.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate by reference their responses to paragraphs 16 and 24.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the Amended Complaint purports to state a claim for declaratory relief, but denies that Promega is entitled to relief in any form.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 202 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## TWELFTH CAUSE OF ACTION

203.    Invitrogen IP Holdings incorporates its responses to paragraphs 1-202.

204.    Invitrogen IP Holdings, Inc. admits that an actual controversy exists concerning the 1996 License Agreement.  Invitrogen IP Holdings, Inc. admits that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Invitrogen IP Holdings, Inc. further admits that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 204 contain legal conclusions to which no response is required, but to the extent a response is required, Invitrogen IP Holdings, Inc. denies the same.  Except as expressly admitted, Invitrogen IP Holdings, Inc. denies each and every allegation of paragraph 204.

205.    Invitrogen IP Holdings, Inc. admits that the Amended Complaint purports to state a claim for declaratory relief, but denies that Promega is entitled to relief in any form.  Invitrogen IP Holdings, Inc. admits that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Invitrogen IP Holdings, Inc. further admits that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 205 contain legal conclusions to which no response is required, but to the extent a response is required, Invitrogen IP Holdings, Inc. denies the same.  Except as expressly admitted, Invitrogen IP Holdings, Inc. denies each and every allegation of paragraph 205.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## THIRTEENTH CAUSE OF ACTION

206. Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate their response to paragraphs 1-205.

207. Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that an actual controversy exists concerning the 1996 License Agreement. Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated. Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 207 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same. Except as expressly admitted, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny each and every allegation of paragraph 207.

208. Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the Amended Complaint purports to state a claim for declaratory relief, but denies that Promega is entitled to relief in any form. Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated. Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 208 contain legal conclusions

- 40 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the same.  Except as expressly admitted, Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny each and every allegation of paragraph 208.

## FOURTEENTH CAUSE OF ACTION

209.     Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate their response to paragraphs 1-208.

210.     Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that the Amended Complaint purports to state a claim for declaratory relief, but deny that Promega is entitled to relief in any form.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings, Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 210 contain legal conclusions to which no response is required, but to the extent a response is required, Life Technologies Corporation and Invitrogen IP Holdings deny the same.

## FIFTEENTH CAUSE OF ACTION

211.     Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate their response to paragraphs 1-210.

212.     Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 212.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

213.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 213.

214.    Life Technologies Corporation and Invitrogen IP Holdings Inc. deny the allegations of paragraph 214.

## SIXTEENTH CAUSE OF ACTION

215.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate theirs response to paragraphs 1-214.

216.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 216.

217.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 217.

218.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 218.

## SEVENTEENTH CAUSE OF ACTION

219.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate their response to paragraphs 1-218.

220.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 220.

221.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 221.

222.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 222.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

223.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 223.

## EIGHTEENTH CAUSE OF ACTION

224.    Life Technologies Corporation incorporates its response to paragraphs 1-223.

225.    Life Technologies Corporation denies the allegations of paragraph 225.

226.    Life Technologies Corporation denies the allegations of paragraph 226.

227.    Life Technologies Corporation denies the allegations of paragraph 227.

228.    Life Technologies Corporation denies the allegations of paragraph 228.

229.    Life Technologies Corporation denies the allegations of paragraph 229.

## NINETEENTH CAUSE OF ACTION

230.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate their response to paragraphs 1-229.

231.    Life Technologies Corporation admits that Invitrogen Corporation acquired Applied Biosystems, Inc.  Life Technologies Corporation admits that Applied Biosystems, LLC is a wholly owned subsidiary of Life Technologies Corporation.

232.    Life Technologies Corporation admits that it acquired Research Genetics, Inc., and that Life Technologies Corporation was formerly known as Invitrogen Corporation.

233.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 233.

234.    Life Technologies Corporation and Invitrogen IP Holdings, Inc. deny the allegations of paragraph 234.

- 43 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

### TWENTIETH CAUSE OF ACTION

235.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. incorporate their response to paragraphs 1-234.

236.   Life Technologies Corporation and Invitrogen IP Holdings, Inc. admit that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Life Technologies Corporation and Invitrogen IP Holdings Inc. further admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 236 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.  Defendants further state that for the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to assert affirmative defenses to any claims brought pursuant to that patent, and reserve the right to assert such defenses, until after the Court rules on this motion to dismiss.  Defendants deny the remaining allegations of paragraph 236.

237.   Defendants deny the allegations of paragraph 237.

### TWENTY-FIRST CAUSE OF ACTION

238.   Invitrogen IP Holdings, Inc. incorporates its response to paragraphs 1-237.

239.   Invitrogen IP Holdings, Inc. admits that Promega has underpaid royalties due under the 1996 License Agreement.  Invitrogen IP Holdings, Inc. further admits that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that

- 44 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

agreement and are required to be arbitrated.  Invitrogen IP Holdings, Inc. further admits that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 239 contain legal conclusions to which no response is required, but to the extent a response is required, Invitrogen IP Holdings, Inc. denies the same.  Except as expressly admitted, Invitrogen IP Holdings, Inc. denies each and every allegation of paragraph 239.

240.    Invitrogen IP Holdings, Inc. denies the allegations of paragraph 240.

**TWENTY-SECOND CAUSE OF ACTION**

241.    Invitrogen IP Holdings, Inc. incorporates its response to paragraphs 1-240.

242.    Invitrogen IP Holdings, Inc. admits that an actual controversy exists concerning the 1996 License Agreement.  Invitrogen IP Holdings, Inc. admits that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.  Invitrogen IP Holdings Inc. further admits that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 242 contain legal conclusions to which no response is required, but to the extent a response is required, Invitrogen IP Holdings, Inc. denies the same.  Except as expressly admitted, Invitrogen IP Holdings, Inc. denies each and every allegation of paragraph 242.

243.    Invitrogen IP Holdings, Inc. admits that the Amended Complaint purports to state a claim for declaratory relief, but denies that Promega is entitled to relief in any form.  Invitrogen IP Holdings, Inc. admits that disputes concerning the 1996 License Agreement are subject to an arbitration requirement in that agreement and are required to be arbitrated.   Invitrogen IP

- 45 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Holdings, Inc. further admits that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 243 contain legal conclusions to which no response is required, but to the extent a response is required, Invitrogen IP Holdings, Inc. denies the same. Except as expressly admitted, Invitrogen IP Holdings, Inc. denies each and every allegation of paragraph 243.[2]

### TWENTY-THIRD CAUSE OF ACTION

244.    Invitrogen IP Holdings, Inc. incorporates its response to paragraphs 1-243.

245.    Invitrogen IP Holdings, Inc. denies the allegations of paragraph 245.

### TWENTY-FOURTH CAUSE OF ACTION

246.    Invitrogen IP Holdings, Inc. incorporates its response to paragraphs 1-245.

247.    Invitrogen IP Holdings, Inc. denies the allegations of paragraph 247.

### TWENTY-FIFTH CAUSE OF ACTION

248.    Invitrogen IP Holdings, Inc. incorporates its response to paragraphs 1-247.

249.    Invitrogen IP Holdings, Inc. denies the allegations of paragraph 249.

250.    Defendants deny each and every allegation of the Amended Complaint not specifically and expressly admitted herein.

### REQUEST FOR RELIEF

Defendants deny that Promega is entitled to any relief, and specifically denies that Promega is entitled to the relief listed in paragraphs A through DDD of its Request for Relief.

---

[2]   Defendants note that Promega's Twenty-Second, Twenty-Third, Twenty-Fourth and Twenty-Fifth Causes of Action all request relief directly related to Invitrogen IP Holdings, Inc.'s Amended Demand for Arbitration and, as such, these claims appear to pertain only to Invitrogen IP Holdings, Inc. To the extent that Promega alleges conduct in conjunction with these claims by defendants other than Invitrogen IP Holdings, Inc., such allegations are denied.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Defendants further states that for relief requested pertaining to the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Defendants decline to answer or respond to such a request(s) for relief, if necessary, until after the Court rules on this motion to dismiss.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Life Technologies Corporation and/or Applied Biosystems, LLC, are not presently, nor have they ever, infringed directly or under the doctrine of equivalents, induced infringement, or contributed to the infringement of any of the '660 Patent, the '598 Patent, the '235 Patent, or the '771 Patent.  Life Technologies Corporation and Applied Biosystems, LLC state that for the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to assert affirmative defenses to any claims brought pursuant to that patent, and reserve the right to assert such defenses, until after the Court rules on this motion to dismiss.

## THIRD AFFIRMATIVE DEFENSE

One or more claims of each of the '660 Patent, the '598 Patent, the '235 Patent, or the '771 Patent are invalid for failure to comply with one or more of the requirements of the United States Patent laws, including at least 35 U.S.C. sections 102, 103 and/or 112.  Life Technologies Corporation and Applied Biosystems, LLC state that for the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of

- 47 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to assert affirmative defenses to any claims brought pursuant to that patent, and reserve the right to assert such defenses, until after the Court rules on this motion to dismiss.

## FOURTH AFFIRMATIVE DEFENSE

Promega's claim for damages is limited by its failure to meet the requirements of 35 U.S.C. Section 287.

## FIFTH AFFIRMATIVE DEFENSE

Promega's claims for patent infringement are precluded because the '660 Patent, the '598 Patent, the '235 Patent, and the '771 Patent are validly licensed.  Life Technologies Corporation and Applied Biosystems, LLC state that for the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to assert affirmative defenses to any claims brought pursuant to that patent, and reserve the right to assert such defenses, until after the Court rules on this motion to dismiss.

## SIXTH AFFIRMATIVE DEFENSE

Promega's claim for damages arising out of tort are precluded by the economic loss rule.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Promega were not proximately caused by any act of Life Tech.

## EIGHTH AFFIRMATIVE DEFENSE

Promega's claims 11-17 and 21-25 are subject to the mandatory arbitration clause of the 1996 License Agreement and should be referred to arbitration.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## NINTH AFFIRMATIVE DEFENSE

Promega's claims are precluded by unclean hands, estoppels, and/or laches.

## TENTH AFFIRMATIVE DEFENSE

Promega's claims are precluded by the applicable statute(s) of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that they are presently without knowledge or information sufficient to form a belief whether they may have additional, yet unasserted, affirmative defenses. Defendants therefore reserve the right to assert additional affirmative defenses if they acquires knowledge or information supporting such defenses. In particular, Defendants state that for the '984 Patent, Life Technologies Corporation and Applied Biosystems, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore Life Technologies Corporation and Applied Biosystems, LLC decline to assert affirmative defenses to any claims brought pursuant to that patent, and reserve the right to assert such defenses, until after the Court rules on this motion to dismiss.

## COUNTERCLAIMS AGAINST PROMEGA CORPORATION

Defendants and Counterclaim Plaintiffs Life Technologies Corporation ("Life Tech"), Invitrogen IP Holdings, Inc. ("IVGN IP") and Applied Biosystems, LLC, ("ABI, LLC") (collectively, "Counterclaimants") counterclaim for relief against Promega Corporation as follows:

## GENERAL ALLEGATIONS

1.     The June 19, 1996 License Agreement between Promega Corporation ("Promega") and Research Genetics, Inc. ("1996 License Agreement"), that serves as the basis

- 49 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

for IVGN IP's arbitration demand, was originally between Promega and Research Genetics, Inc. ("Research Genetics") and, among other things, granted Promega the right to practice technology patented under United States Patent No. Re. 37,984 ("'984 Patent") in certain fields, in exchange for a royalty Promega would pay to Research Genetics. Life Tech and ABI, LLC state that for the '984 Patent, Life Tech and ABI, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore reserve the right to assert, facts, claims, and causes of action pertaining to the '984 Patent, if necessary, until after the Court rules on this motion to dismiss.

2.      On August 8, 2001, Promega consented to an assignment of Research Genetic's rights and obligations under the 1996 License Agreement to Invitrogen Corporation, and later, on January 19, 2004, Promega consented to an assignment from Invitrogen Corporation to Invitrogen Corporation's wholly owned subsidiary, IVGN IP.

3.      Thus, IVGN IP and Promega are the current parties to the 1996 License Agreement.

4.       On August 29, 2006 Promega and Applera Corporation entered into an agreement ("ABI Cross License") pursuant to a Settlement Agreement between Promega and Applera Corporation also dated August 29, 2006.

5.      Among other things, the ABI Cross License grants Applera Corporation and Promega cross-licenses to technology belonging to each party. Promega grants Applera Corporation a worldwide, non-exclusive license to a number of Promega patents, including United States Patent Nos. 5,843,660 (the "'660 Patent"), 6,221,598 (the "'598 Patent"), 6,479,235 (the "'235 Patent"), and 7,008,771 (the "'771 Patent"), and to United States Patent No.

- 50 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

5,766,847, and the '984 Patent.  Life Tech and ABI, LLC state that for the '984 Patent, Life Tech

and ABI, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

and therefore reserve the right to assert, facts, claims, and causes of action pertaining to the '984

Patent, if necessary, until after the Court rules on this motion to dismiss.

6.      Applera Corporation later changed its name to Applied Biosystems Inc.  In 2008,

Invitrogen Corporation acquired Applied Biosystems Inc., which then became a wholly owned

subsidiary of Invitrogen Corporation known as Applied Biosystems, LLC. Invitrogen

Corporation then changed its name to Life Technologies Corporation, but Applied Biosystems,

LLC remained, and remains, the entity to whom the ABI Cross License with Promega is

assigned.

## PARTIES

7.      Counterclaim plaintiff Life Tech is a corporation organized under the laws of

Delaware with a principal place of business located at 5791 Van Allen Way, Carlsbad,

California.

8.      Counterclaim plaintiff IVGN IP is a wholly owned subsidiary of Life Tech, and a

corporation organized under the laws of Delaware with a principal place of business located at

5791 Van Allen Way, Carlsbad, California.

9.      Counterclaim plaintiff ABI, LLC is a limited liability company organized under

the laws of Delaware with a principal place of business located at 5791 Van Allen Way,

Carlsbad, California.

- 51 -

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

10.    On information and belief, counterclaim defendant Promega Corporation is a Wisconsin corporation with a principal place of business located at 2800 Woods Hollow Road, Madison, WI 53711.

## JURISDICTION AND VENUE

11.    This is a Counterclaim by ABI, LLC and Life Tech for declaratory judgment of invalidity, non-infringement, and absence of liability with respect to the '660, '598, '235, and '771 Patents (also the "Patents in Suit").  This Counterclaim is also brought pursuant to 35 U.S.C. § 285.  Life Tech and ABI, LLC state that for the '984 Patent, Life Tech and ABI, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore reserve the right to assert, facts, claims, and causes of action pertaining to the '984 Patent, if necessary, until after the Court rules on this motion to dismiss.

12.    In the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, this is also a Counterclaim by IVGN IP for breach of contract and unjust enrichment pertaining to the 1996 License Agreement.

13.    Jurisdiction is based on 28 U.S.C. §§ 1331, 1332, and 1338.

14.    Venue for this counterclaim is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a)(1) and (3).

15.    This action is brought, in part, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

- 52 -

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## FIRST CLAIM FOR RELIEF

**(Breach of Contract – 1996 License Agreement – Contingent Upon the Parties' Dispute**

**Concerning the 1996 License Agreement Not Being Ordered to Arbitration)**

16.     In the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, IVGN IP incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Counterclaim.

17.     In the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, IVGN IP contends that Promega has failed to comply with the requirements of Section 9.4 of the 1996 License Agreement with respect to computation and payment of royalties to IVGN IP on account of various sublicenses granted by Promega pursuant to the 1996 License Agreement.  IVGN IP contends that Promega is obligated pursuant to Section 9.4 of the License Agreement to pay to IVGN IP a minimum royalty of 8% of the net sales of each of IVGN IP's sublicensees.

18.     In the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, IVGN IP contends that an accounting of all sales by all sublicensees pursuant to sublicenses or releases granted by Promega under the 1996 License Agreement, including the retroactive sublicense granted to Applera Corporation by virtue of the ABI Cross License will result in an amount of underpaid royalties to IVGN IP in an amount to be determined, but believed by IVGN IP to be in excess of $50 million.  Accordingly, Promega's breach of the 1996 License Agreement has caused damage to IVGN IP of at least $50 million, exclusive of interest and late penalty payments required by Section 10.3 of the 1996 License Agreement.  IVGN IP contends that due to its breach, Promega owes IVGN IP an amount to be

- 53 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

determined, but believed by IVGN IP to be at least $50 million plus interest, late penalty payments, attorneys' fees, costs, expenses, and post judgment interest.

## SECOND CLAIM FOR RELIEF

**(Declaratory Action for Determination that ABI, LLC Is Validly Licensed to Practice the '660, '598, '235, and '771 Patents)**

19.     ABI, LLC incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Counterclaim.

20.     Promega has alleged that ABI, LLC infringes the '660, '598, '235, and '771 Patents, as well as the '984 Patent.  As a result, there is an actual controversy between ABI, LLC and Promega regarding whether the products manufactured, offered for sale, and sold by ABI, LLC infringe the '660, '598, '235, and '771 Patents and the '984 Patent.

21.     ABI, LLC possesses a valid worldwide, non-exclusive license by virtue of the ABI Cross License to practice the '660, '598, '235, and '771 Patents.

22.     ABI, LLC is entitled to judgment declaring that none of its products infringe the '660, '598, '235, and '771 Patents by virtue of the license granted in the ABI Cross License.

23.     Life Tech and ABI, LLC state that for the '984 Patent, Life Tech and ABI, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore reserve the right to assert, facts, claims, and causes of action pertaining to the '984 Patent, if necessary, until after the Court rules on this motion to dismiss.

- 54 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## THIRD CLAIM FOR RELIEF

**(Declaratory Action for Determination of Non-Infringement)**

24.     Life Tech and ABI, LLC incorporate by reference, as if fully set forth herein, all preceding paragraphs of this Counterclaim.

25.     Promega has alleged that Life Tech and ABI, LLC infringe the '660, '598, '235, or '771 Patents and the '984 Patent.  As a result, there is an actual controversy between Life Tech and ABI, LLC and Promega regarding whether the products manufactured, offered for sale, and sold by Life Tech and/or ABI, LLC infringe the '660, '598, '235, or '771 Patents and the '984 Patent.

26.     No product manufactured, marketed, sold, or offered for sale by ABI, LLC or Life Tech infringes the '660, '598, '235, or '771 Patents, and neither Life Tech nor ABI, LLC have induced or contributed to infringement of the '660, '598, '235, or '771 Patents.

27.     Life Tech and ABI, LLC are entitled to judgment declaring that none of their products infringe the Patents and that neither Life Tech nor ABI, LLC have induced or contributed to infringement of the '660, '598, '235, and '771 Patents.

28.     Life Tech and ABI, LLC state that for the '984 Patent, Life Tech and ABI, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore reserve the right to assert, facts, claims, and causes of action pertaining to the '984 Patent, if necessary, until after the Court rules on this motion to dismiss.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## FOURTH CLAIM FOR RELIEF

### (Declaratory Action for Determination of Patent Invalidity)

29.     Life Tech and ABI, LLC incorporate by reference, as if fully set forth herein, all preceding paragraphs of this Counterclaim.

30.     Promega has alleged that Life Tech and ABI, LLC infringe the '660, '598, '235, and '771 Patents.  As a result, there is an actual controversy between ABI, LLC and Promega regarding whether the the '660, '598, '235, and '771 Patents are valid.

31.     The claims of the '660, '598, '235, and '771 Patents, individually or collectively, are invalid for failure to comply with the requirements of the United States patent laws, and in particular for failure to comply with 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.     Life Tech and ABI, LLC is entitled to judgment declaring that the '660, '598, '235, and '771 Patents are invalid.

33.     Life Tech and ABI, LLC state that for the '984 Patent, Life Tech and ABI, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore reserve the right to assert, facts, claims, and causes of action pertaining to the '984 Patent, if necessary, until after the Court rules on this motion to dismiss.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment – Contingent Upon the Parties' Dispute Concerning the 1996 License Agreement Not Being Ordered to Arbitration)

34.     In the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, IVGN IP incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Counterclaim.

35.     In the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, IVGN IP contends that Promega has been unjustly enriched because it has taken a benefit from IVGN IP, the right to payment of royalties, with full knowledge and appreciation of its actions.  Further, Promega's retention of this benefit and its failure to properly compute and pay royalties to IVGN IP renders it inequitable for Promega to retain the benefits of its unjust enrichment.

36.     In the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, IVGN IP contends that it is entitled to a constructive trust imposed for IVGN IP's benefit on all of Promega's revenues derived from the sale of any product covered by the 1996 License Agreement.

37.     In the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, IVNG IP contends that as a result of Promega's intentional, willful, or reckless behavior in its retention of the benefit and its failure to properly compute and pay royalties to IVGN IP, IVGN IP is entitled to an award of punitive damages.

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

## JURY TRIAL DEMAND

Counterclaimants demand a trial by jury on all of the claims in this Counterclaim that may be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray for Judgment as follows:

1.      On the First Claim for Relief, and in the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, for judgment that Promega breached the 1996 License Agreement and must pay IVGN IP damages, including compensatory damages, punitive damages, attorneys' fees, costs, and expenses;

2.      On the Second Claim for Relief, a declaratory judgment that ABI, LLC is validly licensed to practice the Patents in Suit, and has not infringed those patents;

3.      On the Third Claim for Relief for declaratory judgment that neither ABI, LLC nor Life Tech has infringed the Patents in Suit;

4.      On the Fourth Claim for Relief for declaratory judgment that one or more claims of one or more of the Patents in Suit are invalid;

5.      On the Fifth Claim for Relief, and in the event that the parties' dispute concerning the 1996 License Agreement is not ordered into arbitration, for judgment that Promega has been unjustly enriched and must pay IVGN IP damages, including the amount of the benefit enjoyed by Promega, punitive damages, attorneys' fees, costs, and expenses;

6.      That the Court find this case exceptional and award ABI, LLC and Life Tech their attorneys' fees, costs, and expenses against Promega pursuant to 35 U.S.C. § 285;

4814-6125-3894.5

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**FILED UNDER SEAL**

7.     Life Tech and ABI, LLC state that for the '984 Patent, Life Tech and ABI, LLC have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and therefore reserve the right to seek relief pertaining to the '984 Patent, if necessary, until after the Court rules on this motion to dismiss; and

8.     That this Court award Counterclaimants such other and further relief as the Court deems just and proper.

DATED: September 13, 2010.                    By: /s/ Kristine Edde Johnson

Francis M. Wikstrom (*pro hac vice*)
Kristine Edde Johnson (*pro hac vice*)
Michael R. McCarthy (*pro hac vice*)
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Ph:  801-532-1234
F:  801-536-6111
fwikstrom@parsonsbehle.com
kjohnson@parsonsbehle.com
mmccarthy@parsonsbehle.com
ecf@parsonsbehle.com

Michael J. Modl
Steven M. Streck
Andrew J. Clarkowski
Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Ph:  608-283-6705
F:  608-257-5444
mmodl@axley.com
sstreck@axley.com
aclarkowski@axley.com

- 59 -

4814-6125-3894.5

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
FILED UNDER SEAL

Adam M. Tschop (*pro hac vice*)
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92008
Ph:  (760) 603-7200
adam.tschop@lifetech.com

Attorneys for Defendants

4814-6125-3894.5

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

I certify that, on September 13, 2010, I caused the above to be served by ECF, on the following:

> James R. Troupis
> Peter G. Carroll
> Stewart W. Karge
> Troupis Law Office
> 7609 Elmwood Ave., Suite 102
> Middleton, WI 53562
> jrtroupis@troupislawoffice.com

4814-6125-3894.5