UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

      Plaintiff,

MAX-PLANCK-GESELLSCHAFT ZUR
FORDERUNG DER WISSENSCHAFTEN     Case No.: 10-CV-281
E.V.,

      Involuntary Plaintiff,

  v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, INC.,

      Defendants.

## MOTION OF PROMEGA CORPORATION FOR EXTENSION OF TIME AND TO COMPEL DISCOVERY (EXPEDITED)

      Plaintiff Promega Corporation ("Promega") hereby submits this Motion for Extension of Time and to Compel Discovery. On November 10, 2010, the Court entered an Opinion and Order ("November 10 Order") in response to five motions. (Dkt. #90). As part of the November 10 Order, this Court set December 10 as the date for renewed motions, if any, regarding arbitration. The November 10 Order recognized that certain discovery was necessary for those motions and contemplated that the discovery, which had begun in September, had been completed sufficiently for the parties to file a renewed motions regarding arbitration by December 10. However, as is set forth below, such discovery is the subject of various disputes and remains ongoing. Therefore, Promega requests that a limited extension of time be granted to allow for necessary discovery to be completed, and that Defendants be compelled to provide such discovery as

outlined below. Specifically, Promega requests that the Court (1) require Defendants to respond substantively to the pending Requests for Admissions and Request for Documents by Monday, November 22 and permit a limited number of depositions thereafter; and (2) extend the current briefing schedule to December 22, 2010 to permit Promega to incorporate the newly-discovered information into its motion and supporting memorandum.

I.   **Facts Pertinent to this Motion**

As detailed in the November 10 Order, the parties submitted numerous motions and briefs to this Court during the fall of 2010. During that same period of time, the parties began to undertake discovery. On September 20, 2010, Promega submitted its First Set of Requests for Admission and Requests for Production of Documents to Defendants ("Promega's First Discovery Requests").[1] Defendants responded to Promega's First Discovery Requests on October 25, 2010. (A copy of Defendants' Response is attached as Exhibit A to the Declaration of Sarah E. Troupis filed in Support of this Motion).

As often occurs, the parties had various disputes and concerns regarding the discovery requests. Particularly important to this Motion, Defendants' Response provided virtually no information to Plaintiffs on any and every request concerning the nature and status of Invitrogen IP Holdings and the 1996 License Agreement. In particular, Defendants submitted the following Objection ("Objection 5") to every one of those Admissions and Request for Documents:

> Defendants object to the First Set of Requests for Admission and Requests for Production on the grounds that they are premature in that the parties' Motions for a Determination of Arbitrability remain pending before the Court and/or that Life Technologies Corporation and Applied Biosystems, LLC's Motion to Dismiss Claims 9 and 10 of the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) remains pending before the Court. Defendants do not intend to waive any

---

[1] On October 13, 2010, Defendants Life Technologies Corporation and Applied Biosystems, LLC submitted their First Requests for Production of Documents and First Set of Interrogatories ("Defendants' First Discovery Requests") to Promega.

> argument or potential appeal that Defendants may have regarding those Motion(s) and consequently will not respond to or answer any Request for Admission or Request for Production that seeks discovery regarding claims addressed in those Motion(s). Furthermore, any Request herein that seeks information discoverable in the arbitration initiated by Invitrogen IP Holdings, Inc.'s July 7, 2010 Amended Demand for Arbitration shall be included in the number of discovery requests allowed Promega pursuant to Exhibit E of the 1996 License Agreement between Promega Corporation and Research Genetics, Inc.

(Defendants' Response to Plaintiffs' First Discovery Request, p. 2). Objection 5 goes directly to the issues that this Court has asked the parties to brief by December 10, 2010.

On the basis of Objection 5, Defendants refused entirely to answer 26 of Promega's 38 Requests for Admission. Moreover, Defendants' responses to eight more of Promega's Requests for Admission specifically pointed to Objection 5 as a portion of their answer. As for Promega's Requests for Documents, Defendants similarly refused to respond to 5 of Promega's 71 requests based on Objection 5 alone, and used Objection 5 as a portion of their refusal to respond to another 48 of Promega's document requests.[2]

Promega disagreed with Defendants' Objection 5, and counsel for the parties promptly began discussions regarding that objection and discovery in general. Indeed, counsel for both sides participated in a phone call regarding discovery protocol on the very afternoon the November 10 Order was received as part of an ongoing series of conferences to provide for complete answers to the Admissions and Requests. After receiving the November 10 Order, the parties met by phone on November 11 to continue discussions regarding discovery, and contemplated the filing of a Joint Motion to request time to allow for resolution of discovery

---

[2] Promega points to these numbers not to imply anything about the cooperativeness of Defendants in the discovery process, but merely to illustrate that, to date, very little discovery has actually occurred. Indeed, as will be set forth, the parties have been discussing discovery on a regular basis, in a good faith effort to resolve the discovery issues without involving the Court. However, due to the deadlines contained in the Court's November 10 Order, it is now imperative that Promega ask this Court for relief.

3

issues and to allow the parties then to file motions related to arbitration if they so chose. The parties were not able to agree on the filing of such a Motion, and Promega now submits this Motion to request both compliance with the outstanding discovery requests and a brief extension of time to allow the Defendants to provide those responses and to then complete depositions once that discovery is received. This process is intended to allow either or both sides sufficient time to submit an appropriate motion related to arbitration pursuant to the November 10 Order.

**II.     Discovery and the November 10 Order.**

In its November 10 Order, this Court set forth the need for discovery in this case. As part of the November 10 Order, this Court stated that "I conclude that plaintiff is entitled to obtain limited discovery on the questions whether defendant IP Holdings is in fact the current assignee of the 1996 agreement and whether IP Holdings maintains its legal existence." (November 10 Order, p. 6). This Court recognized that, because Defendants failed to disclose certain documents, Promega was left "without an adequate opportunity to challenge the documents or obtain additional evidence that could undermine them." (Id.).

The Court then noted that "[o]btaining any needed information on these two narrow questions should not take long. In fact, plaintiff says that it served defendants with discovery requests on these issues in September. . . . Thus, plaintiff should have any information it needs soon, if it does not have it already." (Id.). As will be set forth below in greater detail, Promega has, as of the date of the filing of this Motion, been unable to obtain adequate discovery on these issues, despite diligence in attempting to do so.

**III.    Outstanding Discovery Necessary to Renewed Motion on Arbitration.**

As this Court appeared to recognize, Promega had diligently sought discovery on specific topics related to Invitrogen IP Holdings and the 1996 License Agreement.  The November 10

4

Order further appears to assume that the requested information had been received by Promega from Defendants, so that preparation of further motions related to arbitration could be completed in a short period of time. (Nov. 10 Order pp. 6-7). In fact, when Defendants refused to provide discovery on October 25, 2010, Promega immediately indicated its intention to raise that matter with this Court. (*See* Exhibit B to Declaration of Sarah E. Troupis (Letter of November 5, 2010)). And, as required by the rules, the parties were engaged in meet-and-confer discussions to resolve the issue when the Court's November 10 Order arrived. (*See* Exhibits B-E to Declaration of Sarah E. Troupis).

### A. Outstanding Document Requests and Requests for Production.[3]

The Court has indicated that in addressing two main questions (i.e., (1) "whether defendant IP Holdings is in fact the current assignee of the 1996 agreement" and (2) "whether IP Holdings maintains its legal existence"), Promega is entitled to "an adequate opportunity to

---

[3] Through this motion, Promega seeks to develop evidence and to compel discovery relevant to the questions posed by the Court that relate to IP Holdings' contractual right to demand arbitration. *See Deputy v. Lehman Brothers, Inc.*, 345 F.3d 494, 511 (7th Cir. 2003) (remanding to require discovery and jury trial on authenticity of signature to arbitration agreement). District courts have not hesitated to compel discovery on factual matters relating to arbitrability. *See, e.g.*, *Toppings v. Meritech Mortgage Services, Inc.*, 140 F. Supp.2d 683 (S.D. W.Va. 2001); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc*, 965 F. Supp. 190 (D. Mass. 1997); *Dun Shipping Ltd v. Amerada Hess Shipping Corp. et al.,* 234 F. Supp.2d 291 (S.D.N.Y. 2002); *Hopkins v. Newday Financial, LLC*, 2008 U.S. Dist. LEXIS 52009 (E.D. Pa. 2008); *R&F, LLC v. Brooke Corp.,* 2007 U.S. Dist. LEXIS 70750 (D. Kan. 2007); *Law Enforcement Systems, Inc. v. American Express Co., et al.,* 2006 U.S. Dist. LEXIS 48354 (E.D.N.Y. 2006); *Dunlap v. Green Tree Servicing, LLC,* 2005 U.S. Dist. LEXIS 32482 (S.D. W.Va. 2005). Fact-intensive inquiries such as discerning the parties' intent whether to arbitrate are particularly ripe grounds for discovery. *R&F, LLC*, 2007 US Dist LEXIS 70750 at *13. Further, discovery has been permitted that relates to defenses to arbitrability (*Hopkins*, 2008 U.S. Dist. LEXIS 52009), unconscionability and forum bias (*Toppings*, 140 F. Supp.2d 683; *Rosenberg*, 965 F. Supp. 199), the proper parties to the agreement (*Dun Shipping*, 234 F. Supp.2d 291), the relationship between the defendants (*id.*), and waiver of the right to a federal court (*Rosenberg*, 965 F. Supp. 190, 202-03).

challenge the documents or obtain additional evidence that could undermine them. . . ." (November 10 Order, p. 6) [4]

Promega had anticipated this inquiry in making specific Admissions and Documents Requests about the independent standing of IP Holdings and the relationship of IP Holdings to Life Technologies. (*See, e.g.*, Requests for Production of Documents 1-4, 10-22, 36-37, and 46-47 and accompanying Requests for Admission to which they refer).[5]

Defendants provided no answer whatsoever to these discovery requests prior to the November 10 Order, and since that time, recognizing its obligation to respond in light of the Order, have produced only (1) the same documents previously submitted to the Court as attachments to declarations, and (2) two publicly available documents. (*See* Declaration of Sarah E. Troupis, Ex. C (Letter of Nov. 12)). To date, there are no emails, electronic documents or other correspondence related to the execution of assignments and the other corporate transactions that are the subject of the discovery, the admissions, and the Court's Order. Promega referred to very specific documents sent to it by Life Technologies and IP Holdings that undermined the legal standing of IP Holdings to demand arbitration; yet, the Defendants have provided nothing to date concerning the actual ongoing relationship of Life Technologies with IP Holdings, the

---

[4] Promega does not mean to waive its other requests for production of documents and requests for admission by the filing of this Motion. However, Promega believes that the requests it has outlined are likely to provide it with enough information to file a renewed motion on arbitration as quickly as possible.

[5] In addition to other facts and arguments that suggested IP Holdings' legal existence was undermined, on that essential question posed by the Court, Promega noted, with reference to specific documents, that IP Holdings appeared to be a mere instrumentality or alter ego of Life Technologies, relying in part on the factors set forth in *Bernardin Inc. v. Midland Oil*, 520 F.2d 771, 774 (7th Cir. 1975). (*See* Plaintiff's Reply Memorandum In Support of Plaintiff's Supplemental Motion to Deny Arbitration or, in the alternative, Stay Arbitration Pending Determination of Arbitrability ("Plaintiff's Reply Memo"), pgs. 27-28). As this Court already noted, Promega did not and would not have agreed to arbitration with Life Technologies, so IP Holdings must demonstrate that without regard to its legal status, IP Holdings must have some real meaning. Promega is entitled to fact discovery on these essential issues.

circumstances surrounding the letters indicating IP Holdings was to be dissolved, the notices from Life Tech demanding arbitration as if it owned the 1996 License Agreement, the ongoing business activities, if any, of IP Holdings independent of or intertwined with Life Technologies. Those straightforward items, encompassed within the documents requests and admissions, are essential to addressing the Court's questions.[6] Promega ought to be given the opportunity for this limited discovery to demonstrate that IP Holdings is a meaningless entity, a sham operating in place of the very entity with whom Promega repeatedly refused to arbitrate and with whom the Court already found there is no agreement to arbitrate. Life Technologies has explicitly refused to waive Objection 5 and explicitly refused to address anything related to the evidentiary issues noted here. (*See* Declaration of Sarah E. Troupis, Ex. E (Letter of Nov. 15, 2010).)[7]

      Discovery of these items can be accomplished in several weeks, provided the Defendants cooperate. Once that discovery is in hand, Promega is prepared to conduct depositions expeditiously and in a reasonable time-frame, and will accommodate weekends and nights.

---

[6] For example, Promega submitted Request for Admission No. 1, which read: "Defendants do not contend that Invitrogen IP Holdings has its principal place of business at a different address than Life Technologies' Carlsbad California office location." Defendants incorporated their Objection No. 5, and did not answer the Request for Admission. Similarly, Promega submitted Request for Documents No. 1, which read: "Produce any and all documents relied upon to answer Requests for Admissions Nos. 1-3." Defendants answer read: "Defendants object to this Request on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants incorporate their Objection No. 5, *supra*." No documents were provided to Promega under this Request for Documents. Presumably, to answer this Request for Documents with regard to Request for Admission No. 1, Defendants would need only provide Promega with applicable incorporation or other documents showing the principal place of business of Invitrogen IP Holdings. However, Defendants have refused to provide even this basic amount of information. Although many of Promega's Requests for Admission as well as Requests for Documents require more in-depth answers and production, Promega wishes to illustrate exactly how little discovery they have been provided by Defendants to this point.

[7] The November 15 letter attached to the Declaration of Sarah E. Troupis as Exhibit E cites three Requests for Production that, as noted in the list provided in the text above, p. 6, are not included this Motion to Compel.

**B. Deposition Testimony.**

On November 11, 2010, counsel for Promega conferred with counsel for Defendants regarding the potential for depositions prior to the filing of a renewed motion regarding arbitration. Promega agreed to provide a list of potential deponents to Defendants and did so on Monday, November 15, 2010. (*See* Declaration of Sarah E. Troupis, Ex. D). The list of deponents is limited to those witnesses who have appeared on the documents of assignment, corporate organization, and license administration, and their testimony is relevant to the Court's resolution of the cross-motions regarding arbitrability (all these may not be deposed; it is a list from which Promega will choose based on what it knows today):

> **Stuart P. Hepburn:** President of IP Holdings and Vice President, Corporate Development of Life Technologies. Submitted Declaration regarding corporate relationship between IP Holdings and Life Technologies. (Dkt. 80). Signed Assignment and License Agreement on behalf of PV Licensing (Dkt. 80, Ex. A). Signed Amendment, Assignment and Termination Agreement on behalf of Invitrogen IP Holdings (Dkt. 80, Ex. B). Sent Promega letter re: assignment to Invitrogen IP Holdings Dec. 22, 2003 on Invitrogen letterhead. *See* Declaration of Traci Libby (Dkt. 26, Ex. C).
>
> **Traci Libby:** Sent Promega arbitration demand letter May 4, 2010 on Life Technologies letterhead. *See* First Declaration of Randall Dimond (Dkt. 5, Ex. K). Sent Promega arbitration demand letter July 7, 2010 on Life Technologies letterhead, but on behalf of Invitrogen IP Holdings. *See* Declaration of Andrew Clarkowski (Dkt. 39, Ex. B). Sent Promega letter re: agreement Oct. 20, 2009 on Life Technologies letterhead. *See* First Declaration of Randall Dimond (Dkt. 5, Ex. I). Sent Promega letter re: agreement Nov. 23, 2009 on Life Technologies letterhead. *See* First Declaration of Randall Dimond (Dkt. 5, Ex. J).
>
> **John A. Cottingham:** Signed Assignment and License Agreement on behalf of Invitrogen. *See* Declaration of Stuart P. Hepburn (Dkt. 80, Ex. A). Signed Amendment, Assignment and Termination Agreement on behalf of Life Technologies. *See* Declaration of Stuart P. Hepburn (Dkt. 80, Ex. B).
>
> **Dollena Starns:** Sent Promega letter on Life Technologies letterhead Sept. 11, 2009 regarding assignment of agreement to Life Technologies. *See* First Declaration of Dorothy Sanftleben (Dkt. 35, Ex. B).
>
> **Theresa Packard:** Received numerous checks from Promega while at Research Genetics. *See* First Declaration of Dorothy Sanftleben (Dkt. 35, Exs. A-1 through A-10).

**Marilyn Vega:** Sent Promega letter Dec. 8, 2008 on Life Technologies letterhead re: merger of Invitrogen and Applied Biosystems. *See* First Declaration of Randall Dimond (Dkt. 5, Ex. H). Received numerous checks from Promega while at Invitrogen. *See* First Declaration of Dorothy Sanftleben (Dkt. 35, Exs. A-27 through A-31).

**Cindy Nguyen:** Sent Promega royalty report July 20, 2010 on Life Technologies letterhead for 1996 Agreement. *See* Second Declaration of Dorothy Sanftleben (Dkt. 76, Ex. B).

**Fiona Clingerman:** Sent Promega letter Jan. 30, 2003 re: closing of Research Genetics and directing payments under 1996 Agreement be sent to Invitrogen. *See* Second Declaration of Dorothy Sanftleben (Dkt. 76, Ex. C-1).

**August Sick:** Former VP of Invitrogen IP Holdings, with likely knowledge of restructuring.

**David Hoffmeister:** Current CFO of Life Technologies with likely knowledge of the tax reasons behind stripping Invitrogen IP Holdings of its IP holdings.

Promega believes that each of the potential deponents has information that is directly related to the Court's Nov. 10 decision and the issue of IP Holdings' independent right to demand arbitration of the 1996 License Agreement. Each of these individuals appears to be a Life Technologies employee (or former employee) who carries out activities related to the supposed rights and responsibilities of IP Holdings, if they are in fact the assignee of the 1996 Agreement. Their activities in the normal course of business in the past decade indicate that Life Technologies is the real party in interest.

IV.     **Request of Promega to Modify Dates Based on Motion to Compel.**

Because of the current state of discovery, it would be difficult, if not impossible, for Promega to comply with the calendar set forth in the November 10 Order. Thus, Promega would request a modification of the calendar as follows:

Case: 3:10-cv-00281-bbc Document #: 91 Filed: 11/15/10 Page 10 of 10

| Calendar Item | Current Calendar Date | Requested Modified Date |
|---|---|---|
| Filing of Redacted, Unsealed Amended Complaint (Order ¶ 5) | November 22, 2010 | No modification requested |
| Filing of Modified Amended Complaint (Order ¶ 4) | December 10, 2010 | No modification requested |
| Filing of Renewed Motions Regarding Arbitration (Order ¶ 3) | December 10, 2010 | December 22, 2010 (assuming complete responses to Admissions/Document Request by November 22, 2010) |

This modified schedule would allow for the completion of the outstanding discovery (including time for a limited number of depositions) to permit Promega to adequately address the issues that the Court has asked the parties to brief in the November 10 Order.

### V. Conclusion

For the reasons set forth above, Promega respectfully requests that this Court modify the dates set forth in the November 10 Order, and compel Defendants to provide the narrow discovery set forth above.

Dated this 15th day of November, 2010.

By: /s/ Sarah E. Troupis
James R. Troupis, SBN 1005341
Peter G. Carroll (admitted *pro hac vice*)
Stewart W. Karge (admitted *pro hac vice*)
Sarah E. Troupis, SBN 1061515
Troupis Law Office, LLC
7609 Elmwood Avenue, Suite 102
Middleton, WI 53562
Ph: 608-807-4096
jrtroupis@troupislawoffice.com

Attorneys for Plaintiff