## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PROMEGA CORPORATION, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE TECHNOLOGIES CORPORATION, ET AL.<br><br>Defendants. | Civil Action No. 3:10-CV-281 |

### DEFENDANTS' ANSWER TO PROMEGA CORPORATION'S SECOND AMENDED COMPLAINT AND COUNTERCLAIMS AGAINST PROMEGA CORPORATION

Defendants Life Technologies Corporation, Applied Biosystems, LLC, and Invitrogen IP Holdings, Inc., (collectively, "Defendants") answer Plaintiff Promega Corporation's Second Amended Complaint as follows.[1]

### NATURE OF THE ACTION

1.      Defendants admit that the Second Amended Complaint purports to state a claim for patent infringement of U.S. Patent No. 5,843,660 (the "'660 Patent"), U.S. Patent No. 6,221,598 (the "'598 Patent"), 6,479,235 (the "'235 Patent"), 7,008,771 (the "'771 Patent), and U.S. Patent No. Re 37,984 (the "'984 Patent") (collectively, the "patents-in-suit"), but deny that the Second Amended Complaint properly states a claim for relief thereunder.  Defendants further

---

[1] Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften E.V. ("Max-Planck") is an involuntary plaintiff included by Promega in an attempt to confer standing on Promega to assert certain patent claims against Life Technologies Corporation and Applied Biosystems, LLC.  Thus, except for allegations pertaining to the '984 Patent, while Defendants do not currently have a direct dispute with Max-Planck, answers and responses to the Complaint should be construed as answers and responses to allegations, if any, asserted by Max-Planck as well.

deny that Life Technologies Corporation or its wholly owned subsidiary Applied Biosystems, LLC has infringed and/or infringes the patents-in-suit.

2.      Defendants admit that the Second Amended Complaint purports to state a claim for damages and injunctive relief, but denies that Promega is entitled to relief in any form. Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the June 6, 1996 License Agreement ("1996 License Agreement").  Defendants admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 2 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

3.      Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement.  Defendants admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 3 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

4.      Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement.  Defendants admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.  The remaining allegations in paragraph 4 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

5.     Defendants admit that representatives of Promega and Life Technologies Corporation discussed various issues, including the Promega Patents, in early 2010.  Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to the remaining allegations in this paragraph.

6.     Defendants admit that Promega has brought the instant action purporting to state claims for patent infringement and claims pertaining to the 1996 License Agreement and the August 29, 2006 Cross License between Promega and Applera Corporation, which was renamed Applied Biosystems, Inc., on or about June 30, 2008 (the "ABI Cross License"), and that an actual controversy exists concerning the 1996 License Agreement and the ABI Cross License. Defendants deny that the Second Amended Complaint properly states a claim for such relief, or that Promega is entitled to relief in any form.  Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to allegations in this paragraph which pertain to the 1996 License Agreement.  Defendants further admit that the 1996 License Agreement and the ABI Cross License are documents that speak for themselves, and no response is necessary to Plaintiffs' characterization of the contents or effect of those documents.   The remaining allegations in paragraph 6 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

7.     Defendants admit that Promega has requested that Life Technologies Corporation and/or Invitrogen IP Holdings, Inc. be enjoined from terminating the 1996 License Agreement pending resolution of the parties' disputes, and further state that the parties executed a Joint

Stipulation Regarding Stay of Cure Deadline and Withdrawal of Motion for Preliminary Injunction (Docket # 14). Defendants deny that the Second Amended Complaint properly states a claim for such relief, or that Promega is entitled to relief in any form. Defendants state that the Court has compelled the parties to arbitrate claims and issues and issues relating to the 1996 License Agreement and accordingly no response is required to allegations in this paragraph which pertain to the 1996 License Agreement. The remaining allegations in paragraph 7 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

8.      Defendants admit that Promega purports to seek redress for the alleged breach of the ABI Cross License and the 1996 License Agreement, but deny that the Second Amended Complaint properly states a claim for such relief, or that Promega is entitled to relief in any form. Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to allegations in this paragraph which pertain to the 1996 License Agreement. Defendants further admit that the 1996 License Agreement and the ABI Cross License are documents that speak for themselves, and no response is necessary to Plaintiffs' characterization of the contents or effect of those documents.

9.      Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

10.     Defendants admit the allegations of paragraph 10.

11.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

12.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

13.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

14.     Defendants incorporate by reference their response to paragraph 5.  Defendants admit that they executed a Joint Stipulation Regarding Stay of Cure Deadline and Withdrawal of Motion for Preliminary Injunction (Docket # 14) while the parties conducted an investigation and held face-to-face discussions, and that the parties discussed conducting audits of various licenses.  Defendants deny that they could "receive" their own correspondence.

15.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

16.     Defendants admit that the Second Amended Complaint purports to state a claim for declaratory relief, but deny that Promega is entitled to relief in any form.  Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to allegations in this paragraph which pertain to the 1996 License Agreement.  Defendants further admit that the 1996 License

Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document. The remaining allegations in paragraph 16 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

## PARTIES

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny the same.

18.     Defendants admit the allegations of the first sentence of paragraph 18 as they pertain to the location of Max-Planck, and further admit that Max-Planck is the owner of the '984 Patent.

19.     Defendants admit the allegations of paragraph 19.

20.     Defendants admit that Applied Biosystems, LLC, is a limited liability company organized under the laws of the State of Delaware and a wholly owned subsidiary of Life Technologies Corporation (f/k/a Invitrogen Corporation), and that it has a principal place of business located at 5791 Van Allen Way, Carlsbad, California.

21.     Defendants admit that Invitrogen IP Holdings, Inc. is a corporation organized under the laws of the State of Delaware and a wholly owned subsidiary of Life Technologies Corporation, and that it has a principal place of business at 5791 Van Allen Way, Carlsbad, California.

## JURISDICTION AND VENUE

22.     Defendants admit that the Second Amended Complaint purports to state a claim for patent infringement, but deny that the Second Amended Complaint properly states a claim for

relief, deny that Life Technologies Corporation or Applied Biosystems, LLC has committed infringement, either directly, indirectly, or under the doctrine of equivalents, and deny that Promega is entitled to relief in any form.  Defendants admit the allegations of the second sentence of paragraph 22.

23.     Defendants admit the allegations of paragraph 23.

24.     Defendants admit that the Second Amended Complaint purports to state a claim for declaratory relief, but deny that Promega is entitled to relief in any form.  Defendants admit that an actual controversy exists concerning the 1996 License Agreement and the ABI Cross License.  Defendants admit that the court, at its discretion, may enter a declaratory judgment on Promega's declaratory judgment claims to the extent they have not been disposed of on summary judgment or compelled to arbitration.  The remaining allegations in paragraph 24 contain legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the same.

25.     Defendants admit the allegations of paragraph 25.

26.     Defendants admit the allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27.

## FACTS

### U.S. Patent No. 5,843,660

28.     Defendants admit that attached as Exhibit A to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '660 Patent, and that the patent issued to James W. Schumm, Katherine A. Micka, and Dawn R. Rabbach on December 1, 1998, and is titled "Multiplex

Amplification of Short Tandem Repeat Loci."  Defendants deny that the '660 Patent is valid and/or enforceable.

29.     Defendants admit that Promega has represented that it owns the '660 Patent, but Defendants lack knowledge or information sufficient to admit or deny this representation or allegation, and therefore deny the same.

30.     Defendants deny the allegations of paragraph 30.

31.     Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® Identifiler® PCR Amplification Kit.   Defendants deny the remaining allegations of paragraph 31.

32.     Defendants state that the allegations in paragraph 32 are unintelligible but, to the extent understood, deny the allegations of paragraph 32.

33.     Defendants deny the allegations of paragraph 33.

34.     Defendants deny the allegations of paragraph 34.

35.     Defendants deny the allegations of paragraph 35.

36.     Defendants deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sell the AmpFℓSTR® Identifiler® PCR Amplification Kit.   Defendants deny the remaining allegations of paragraph 38.

39.     Defendants state that the allegations in paragraph 39 are unintelligible but, to the extent understood, deny the allegations of paragraph 39.

40.     Defendants deny the allegations of paragraph 40.

41.   Defendants deny the allegations of paragraph 41.

42.   Defendants deny the allegations of paragraph 42.

43.   Defendants deny the allegations of paragraph 43.

**U.S. Patent No. 6,221,598**

44.   Defendants admit that attached as Exhibit B to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '598 Patent, and that the patent issued to James W. Schumm, Cynthia J. Sprecher, and Ann M. Lins on April 24, 2001, and is titled "Multiplex Amplification of Short Tandem Repeat Loci."   Defendants deny that the '598 Patent is valid and/or enforceable.

45.   Defendants admit that Promega has represented that it owns the '598 Patent, but Defendants lack knowledge or information sufficient to admit or deny this representation or allegation, and therefore deny the same.

46.   Defendants deny the allegations of paragraph 46.

47.   Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® COfiler® PCR Amplification Kit, the AmpFℓSTR® Profiler® PCR Amplification Kit, and the AmpFℓSTR® Identifiler® PCR Amplification Kit.  Defendants deny the remaining allegations of paragraph 47.

48.   Defendants state that the allegations in paragraph 48 are unintelligible but, to the extent understood, deny the allegations of paragraph 48.

49.   Defendants deny the allegations of paragraph 49.

50.   Defendants deny the allegations of paragraph 50.

51.   Defendants deny the allegations of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

54.     Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® COfiler® PCR Amplification Kit, the AmpFℓSTR® Profiler® PCR Amplification Kit, and the AmpFℓSTR® Identifiler® PCR Amplification Kit.  Defendants deny the remaining allegations of paragraph 54.

55.     Defendants state that the allegations in paragraph 55 are unintelligible but, to the extent understood, deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

**U.S. Patent No. 6,479,235**

60.     Defendants admit that attached as Exhibit C to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '235 Patent, and that the patent issued to James W. Schumm and Cynthia J. Sprecher on November 12, 2002, and is titled "Multiplex Amplification of Short Tandem Repeat Loci."  Defendants deny that the '235 Patent is valid and/or enforceable.

61.     Defendants admit that Promega has represented that it owns the '235 Patent, but Defendants lack knowledge or information sufficient to admit or deny this representation or allegation, and therefore deny the same.

62.     Defendants deny the allegations of paragraph 62.

63.    Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® Identifiler® PCR Amplification Kit.    Defendants deny the remaining allegations of paragraph 63.

64.    Defendants state that the allegations in paragraph 64 are unintelligible but, to the extent understood, deny the allegations of paragraph 64.

65.    Defendants deny the allegations of paragraph 65.

66.    Defendants deny the allegations of paragraph 66.

67.    Defendants deny the allegations of paragraph 67.

68.    Defendants deny the allegations of paragraph 68.

69.    Defendants deny the allegations of paragraph 69.

70.    Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® Identifiler® PCR Amplification Kit.    Defendants deny the remaining allegations of paragraph 70.

71.    Defendants state that the allegations in paragraph 71 are unintelligible but, to the extent understood, deny the allegations of paragraph 71.

72.    Defendants deny the allegations of paragraph 72.

73.    Defendants deny the allegations of paragraph 73.

74.    Defendants deny the allegations of paragraph 74.

75.    Defendants deny the allegations of paragraph 75.

**U.S. Patent No. 7,008,771**

76.    Defendants admit that attached as Exhibit D to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '771 Patent, and that the patent issued to James W. Schumm

and Cynthia J. Sprecher on March 7, 2006 and is titled "Multiplex Amplification of Short Tandem Repeat Loci." Defendants deny that the '771 Patent is valid and/or enforceable.

77.     Defendants admit that Promega has represented that it owns the '771 Patent, but Defendants lack knowledge or information sufficient to admit or deny this representation or allegation, and therefore deny the same.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® Identifiler® PCR Amplification Kit.   Defendants deny the remaining allegations of paragraph 79.

80.     Defendants state that the allegations in paragraph 80 are unintelligible but, to the extent understood, deny the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     Defendants deny the allegations of paragraph 85.

86.     Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® Identifiler® PCR Amplification Kit.   Defendants deny the remaining allegations of paragraph 86.

87.     Defendants state that the allegations in paragraph 87 are unintelligible but, to the extent understood, deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

89.    Defendants deny the allegations of paragraph 89.

90.    Defendants deny the allegations of paragraph 90.

91.    Defendants deny the allegations of paragraph 91.

**U.S. Patent No. Re 37,984**

92.    Defendants state that attached as Exhibit E to the original Complaint, filed May 26, 2010 (Dkt. #1), is a copy of the '984 patent and that the patent issued to Herbert Jäckle and Diethard Tautz on February 11, 2003 and is titled "Process for Analyzing Length Polymorphisms in DNA Regions."

93.    Defendants admit that Max-Planck is the owner of the '984 Patent and that Max Planck Innovation has the right to license technology owned by Max-Planck, including the '984 Patent.   Defendants further admit that Max-Planck Innovation is a 100% subsidiary and technology transfer agent of Max-Planck, and a German entity.

94.    Defendants admit that the 1993 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.

95.    Defendants admit that the 1996 License Agreement is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.

96.    Defendants deny the allegations of paragraph 96.

97.    Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® Profiler Plus® PCR Amplification Kit, the AmpFℓSTR® COfiler® PCR Amplification Kit, the AmpFℓSTR® Profiler® PCR Amplification Kit, the AmpFℓSTR®

Identifiler® PCR Amplification Kit, and the AmpFℓSTR® Yfiler® PCR Amplification Kit. Defendants deny the remaining allegations of paragraph 97.

98.     Defendants state that the allegations in paragraph 98 are unintelligible but, to the extent understood, deny the allegations of paragraph 98.

99.     Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    Defendants deny the allegations of paragraph 102.

103.    Defendants deny the allegations of paragraph 103.

104.    Defendants admit that Applied Biosystems, LLC makes, sells, and offers for sale the AmpFℓSTR® Profiler Plus® PCR Amplification Kit, the AmpFℓSTR® COfiler® PCR Amplification Kit, the AmpFℓSTR® Profiler® PCR Amplification Kit, the AmpFℓSTR® Identifiler® PCR Amplification Kit, and the AmpFℓSTR® Yfiler® PCR Amplification Kit. Defendants deny the remaining allegations of paragraph 104.

105.    Defendants state that the allegations in paragraph 105 are unintelligible but, to the extent understood, deny the allegations of paragraph 105.

106.    Defendants deny the allegations of paragraph 106.

107.    Defendants deny the allegations of paragraph 107.

108.    Defendants deny the allegations of paragraph 108.

109.    Defendants deny the allegations of paragraph 109.

**The Promega/Research Genetics 1996 License Agreement**

110.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

111.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

112.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

113.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

114.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

115.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

116.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

117.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

118.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

119.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

120.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

121.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

122.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

123.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

124.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

125.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

126.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to allegations in this paragraph which pertain to the 1996 License Agreement.  Defendants admit that Promega initiated litigation against Applera, Inc., in the Western District of Wisconsin, and that the action was settled in 2006.  Defendants also admit that Promega and Applera, Inc., entered into the ABI Cross-License dated August 29, 2006.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 126, and therefore deny the same.

**The Promega/Applied Biosystems Cross License Agreement**

127.     Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of, are related to, or are dependent upon resolution of the parties' disputes under the 1996 License Agreement.  The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

128.     Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of, are related to, or are dependent upon resolution of the parties' disputes under

the 1996 License Agreement.  The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

129.    Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of, are related to, or are dependent upon resolution of the parties' disputes under the 1996 License Agreement.  The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

130.    Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of, are related to, or are dependent upon resolution of the parties' disputes under the 1996 License Agreement.  The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

131.    Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of, are related to, or are dependent upon resolution of the parties' disputes under the 1996 License Agreement.  The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

**Life Technologies Acquired Both Research Genetics and Applied Biosystems**

132.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

133.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

134.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

135.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

136.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

137.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

**The Life Technologies Notice Letter**

138.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

139.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

140.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

141.    In response to the allegations of paragraph 141, Defendants admit that the ABI Cross License relates to numerous Promega Patents.  Defendants further admit that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

142.    Defendants admit that the ABI Cross License is a document that speaks for itself, and no response is necessary to Plaintiffs' characterization of the contents or effect of that document.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

143.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

144.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

145.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

146.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

147.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

148.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

**The Life Technologies Demand for Arbitration**

149.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

150.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

151.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

152.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

**Life Technologies Violated Its Duty of Good Faith**

153.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

154.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

155.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

156.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

157.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

158.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

159.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

160.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

161.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

162.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

163.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

164.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

165.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

166.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

167.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

168.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

169.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

## FIRST CAUSE OF ACTION

170.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

171.    Defendants deny the allegations of paragraph 171.

172.    Defendants deny the allegations of paragraph 172.

## SECOND CAUSE OF ACTION

173.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

174.    Defendants deny the allegations of paragraph 174.

175.    Defendants deny the allegations of paragraph 175.

### THIRD CAUSE OF ACTION

176.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

177.    Defendants deny the allegations of paragraph 177.

178.    Defendants deny the allegations of paragraph 178.

### FOURTH CAUSE OF ACTION

179.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

180.    Defendants deny the allegations of paragraph 180.

181.    Defendants deny the allegations of paragraph 181.

### FIFTH CAUSE OF ACTION

182.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

183.    Defendants deny the allegations of paragraph 183.

184.    Defendants deny the allegations of paragraph 184.

### SIXTH CAUSE OF ACTION

185.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

186.    Defendants deny the allegations of paragraph 186.

187.    Defendants deny the allegations of paragraph 187.

## SEVENTH CAUSE OF ACTION

188.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

189.    Defendants deny the allegations of paragraph 189.

190.    Defendants deny the allegations of paragraph 190.

## EIGHTH CAUSE OF ACTION

191.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

192.    Defendants deny the allegations of paragraph 192.

193.    Defendants deny the allegations of paragraph 193.

## NINTH CAUSE OF ACTION

194.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

195.    Defendants deny the allegations of paragraph 195.

196.    Defendants deny the allegations of paragraph 196.

## TENTH CAUSE OF ACTION

197.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

198.    Defendants deny the allegations of paragraph 198.

199.    Defendants deny the allegations of paragraph 199.

## ELEVENTH CAUSE OF ACTION

200.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

201.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

202.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

## TWELFTH CAUSE OF ACTION

203.    Defendants state that the Court has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twelfth Cause of Action and accordingly no response is required to this paragraph.

204.    Defendants state that the Court has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twelfth Cause of Action and accordingly no response is required to this paragraph.

205.    Defendants state that the Court has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twelfth Cause of Action and accordingly no response is required to this paragraph.

## THIRTEENTH CAUSE OF ACTION

206.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

207.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

208.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

## FOURTEENTH CAUSE OF ACTION

209.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

210.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

## FIFTEENTH CAUSE OF ACTION

211.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

212.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

213.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

214.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

## SIXTEENTH CAUSE OF ACTION

215.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

216.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

217.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

218.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

## SEVENTEENTH CAUSE OF ACTION

219.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

220.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

221.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

222.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

223.   Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

## EIGHTEENTH CAUSE OF ACTION

224.   Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

225.   Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of or are related to the parties'' disputes under the 1996 License Agreement.  To the extent a response is required, Defendants deny the same.

226.    The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.   To the extent a response is required, Defendants deny the same.

227.    Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of or are related to the parties' disputes under the 1996 License Agreement. The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.   To the extent a response is required, Defendants deny the same.

228.    Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of or are related to the parties' disputes under the 1996 License Agreement. The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.   To the extent a response is required, Defendants deny the same.

229.    Defendants state that the allegations in this paragraph concerning the ABI Cross License arise out of or are related to the parties' disputes under the 1996 License Agreement. The Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.   To the extent a response is required, Defendants deny the same.

## NINETEENTH CAUSE OF ACTION

230.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

231.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

232.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

233.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

234.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

**TWENTIETH CAUSE OF ACTION**

235.     Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

236.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

237.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and accordingly no response is required to this paragraph.

## TWENTY-FIRST CAUSE OF ACTION

238.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

239.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and further has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twenty-First Cause of Action to the extent it challenges the enforceability of the arbitration clause in the 1996 License Agreement. Accordingly, no response is required to this paragraph.

240.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and further has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twenty-First Cause of Action to the extent it challenges the enforceability of the arbitration clause in the 1996 License Agreement. Accordingly, no response is required to this paragraph.

## TWENTY-SECOND CAUSE OF ACTION

241.    Defendants state that the Court has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twenty-Second Cause of Action and accordingly no response is required to this paragraph.

242.    Defendants state that the Court has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twenty-Second Cause of Action and accordingly no response is required to this paragraph.

243.    Defendants state that the Court has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twenty-Second Cause of Action and accordingly no response is required to this paragraph.[2]

## TWENTY-THIRD CAUSE OF ACTION

244.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

245.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and further has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twenty-Third Cause of Action to the extent it challenges the enforceability of the arbitration clause in the 1996 License Agreement. Accordingly, no response is required to this paragraph.

## TWENTY-FOURTH CAUSE OF ACTION

246.    Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

247.    Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and further has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twenty-Fourth Cause of Action to the extent it challenges the enforceability of the arbitration clause in the 1996 License Agreement. Accordingly, no response is required to this paragraph.

---

[2]  Defendants note that Promega's Twenty-Second, Twenty-Third, Twenty-Fourth and Twenty-Fifth Causes of Action all request relief directly related to Invitrogen IP Holdings, Inc.'s Amended Demand for Arbitration and, as such, these claims appear to pertain only to Invitrogen IP Holdings, Inc.  To the extent that Promega alleges conduct in conjunction with these claims by defendants other than Invitrogen IP Holdings, Inc., such allegations are denied.

## TWENTY-FIFTH CAUSE OF ACTION

248.     Defendants incorporate by reference, as if fully set forth herein, all preceding paragraphs.

249.     Defendants state that the Court has compelled the parties to arbitrate claims and issues relating to the 1996 License Agreement and further has granted summary judgment in favor of Invitrogen IP Holdings, Inc. on Plaintiff's Twenty-Fifth Cause of Action to the extent it challenges the enforceability of the arbitration clause in the 1996 License Agreement. Accordingly, no response is required to this paragraph.

250.     Defendants deny each and every allegation of the Second Amended Complaint not specifically and expressly admitted herein.

## REQUEST FOR RELIEF

Defendants deny that Promega is entitled to any relief, and specifically denies that Promega is entitled to the relief listed in paragraphs A through DDD of its Request for Relief.

## FIRST ADDITIONAL DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

One or more claims of each of the '660, '598, '235, and '771 patents are invalid for failure to comply with one or more of the requirements of the United States patent laws, including at least 35 U.S.C. sections 102, 103 and/or 112.

## THIRD ADDITIONAL DEFENSE

Promega's claims for patent infringement are precluded because the '660, '598, '235, '771, and '984 patents are validly licensed.

## FOURTH ADDITIONAL DEFENSE

Promega's claims are subject to arbitration which has been ordered by the Court.

## FIFTH ADDITIONAL DEFENSE

Promega's claims are precluded by unclean hands, estoppels, and/or laches.

## SIXTH ADDITIONAL DEFENSE

Promega's claims are precluded by the applicable statute(s) of limitations.

## SEVENTH ADDITIONAL DEFENSE

Promega's claims are precluded based on its lack of standing.

## EIGHTH ADDITIONAL DEFENSE

Life Technologies Corporation and/or Applied Biosystems, LLC, are not presently, nor have they ever, infringed directly or under the doctrine of equivalents, induced infringement, or contributed to the infringement of any of the '660, '598, '235, '771, or '984 patents.

## NINTH ADDITIONAL DEFENSE

Promega's claim for damages is limited by its failure to meet the requirements of 35 U.S.C. Section 287.

## TENTH ADDITIONAL DEFENSE

Any damages suffered by Promega were not proximately caused by any act of Life Technologies Corporation.

## ELEVENTH ADDITIONAL DEFENSE

Promega's claim for damages arising out of tort are precluded by the economic loss rule.

## OTHER ADDITIONAL DEFENSES

Defendants allege that they are presently without knowledge or information sufficient to form a belief whether they may have additional, yet unasserted, defenses.  Defendants therefore reserve the right to assert additional defenses if they acquire knowledge or information supporting such defenses.

## COUNTERCLAIMS AGAINST PROMEGA CORPORATION

Defendants and Counterclaim Plaintiffs Life Technologies Corporation ("Life Technologies") and Applied Biosystems, LLC, ("Applied Biosystems") (collectively, "Counterclaimants") counterclaim for relief against Promega Corporation as follows:

## GENERAL ALLEGATIONS

## PARTIES

1.      Counterclaim plaintiff Life Technologies is a corporation organized under the laws of Delaware with a principal place of business located at 5791 Van Allen Way, Carlsbad, California.

2.      Counterclaim plaintiff Applied Biosystems is a wholly owned subsidiary of Life Technologies, and a limited liability company organized under the laws of Delaware with a principal place of business located at 5791 Van Allen Way, Carlsbad, California.

3.      On information and belief, counterclaim defendant Promega Corporation is a Wisconsin corporation with a principal place of business located at 2800 Woods Hollow Road, Madison, WI 53711.

## JURISDICTION AND VENUE

4.      This is a Counterclaim by Life Technologies and Applied Biosystems for a declaratory judgment of non-infringement and absence of liability with respect to the '660, '598, '235, '771, and '984 Patents (also the "Patents in Suit") and of invalidity with respect to the '660, '598, '235, and '771 Patents.  This Counterclaim is also brought pursuant to 35 U.S.C. § 285.

5.      Jurisdiction is based on 28 U.S.C. §§ 1331, 1332, and 1338.

6.      Venue for this counterclaim is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a)(1) and (3).

7.      This action is brought, in part, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

## FIRST CLAIM FOR RELIEF

**(Declaratory Action for Determination that Applied Biosystems Is Validly Licensed to Practice the '660, '598, '235, '771, and '984 Patents)**

8.      Applied Biosystems incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Counterclaim.

9.      Promega has alleged that Applied Biosystems infringes the '660, '598, '235, '771, and '984 Patents.  As a result, there is an actual controversy between Applied Biosystems and Promega regarding whether Applied Biosystems' activities constitute infringement of the '660, '598, '235, '771, and '984 Patents.

10.      Applied Biosystems is validly licensed to practice the '660, '598, '235, '771, and '984 Patents.

11.     Applied Biosystems is entitled to judgment declaring that none of its activities constitute infringement of the '660, '598, '235, '771, and '984 Patents by virtue of Applied Biosystems' licenses to these patents.

### SECOND CLAIM FOR RELIEF

**(Declaratory Action for Determination of Non-Infringement)**

12.     Life Technologies and Applied Biosystems incorporate by reference, as if fully set forth herein, all preceding paragraphs of this Counterclaim.

13.     Promega has alleged that Life Technologies and Applied Biosystems infringe the '660, '598, '235, '771, and '984 Patents.  As a result, there is an actual controversy between Life Technologies and Applied Biosystems and Promega regarding whether Life Technologies' and/or Applied Biosystems' activities constitute infringement of the '660, '598, '235, '771, and '984 Patents.

14.     Applied Biosystems' and Life Technologies' activities do not constitute infringement of the '660, '598, '235, '771, or '984 Patents, and neither Life Technologies nor Applied Biosystems has induced or contributed to infringement of the '660, '598, '235, '771, or '984 Patents.

15.     Life Technologies and Applied Biosystems are entitled to judgment declaring that none of their activities constitute infringement of the '660, '598, '235, '771, and '984 Patents and that neither Life Technologies nor Applied Biosystems has induced or contributed to infringement of the '660, '598, '235, '771, or '984 Patents.

## THIRD CLAIM FOR RELIEF

### (Declaratory Action for Determination of Patent Invalidity)

16.     Life Technologies and Applied Biosystems incorporate by reference, as if fully set forth herein, all preceding paragraphs of this Counterclaim.

17.     Promega has alleged that Life Technologies and Applied Biosystems infringe the '660, '598, '235, and '771 Patents.  As a result, there is an actual controversy between Life Technologies and Applied Biosystems and Promega regarding whether the'660, '598, '235, and '771 Patents are valid.

18.     The claims of the '660, '598, '235, and '771 Patents, individually or collectively, are invalid for failure to comply with the requirements of the United States patent laws, and in particular for failure to comply with 35 U.S.C. §§ 101, 102, 103, and/or 112.

19.     Life Technologies and Applied Biosystems are entitled to judgment declaring that the '660, '598, '235, and '771 Patents are invalid.

## JURY TRIAL DEMAND

Defendants request a trial by jury of all issues so triable in the Second Amended Complaint and the Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray for Judgment as follows:

1.     On the First Claim for Relief, a declaratory judgment that Applied Biosystems is validly licensed to practice the Patents in Suit, and has not infringed those patents;

2.      On the Second Claim for Relief, a declaratory judgment that neither Applied Biosystems nor Life Technologies has infringed the Patents in Suit;

3.      On the Third Claim for Relief, a declaratory judgment that one or more claims of one or more of the '660, '598, '235, or '771 Patents is invalid;

4.      That the Court find this case exceptional and award Life Technologies and Applied Biosystems their attorneys' fees, costs, and expenses against Promega pursuant to 35 U.S.C. § 285; and

5.      That this Court award Counterclaimants such other and further relief as the Court deems just and proper.

DATED:  March 17, 2011.            By: /s/ Kristine Edde Johnson

Francis M. Wikstrom (*pro hac vice*)
Kristine Edde Johnson (*pro hac vice*)
Michael R. McCarthy (*pro hac vice*)
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Ph:  801-532-1234
F:  801-536-6111
fwikstrom@parsonsbehle.com
kjohnson@parsonsbehle.com
mmccarthy@parsonsbehle.com
ecf@parsonsbehle.com

Michael J. Modl
Steven M. Streck
Andrew J. Clarkowski
Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Ph:  608-283-6705
F:  608-257-5444
mmodl@axley.com
sstreck@axley.com
aclarkowski@axley.com

Amy Sun (*pro hac vice*)
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92008
Ph:  (760) 603-7200
amy.sun@lifetech.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on March 17, 2011, I caused the above to be served by ECF, on the following:

James R. Troupis
Peter G. Carroll
Stewart W. Karge
Sarah E. Troupis
Troupis Law Office
7609 Elmwood Ave., Suite 102
Middleton, WI 53562
jrtroupis@troupislawoffice.com
swkarge@troupislawoffice.com
setroupis@troupislawoffice.com