UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

        Plaintiff,

and

MAX-PLANCK-GESELLSCHAFT zur
FORDERUNG der WISSENSCHAFTEN E.V.,

        Involuntary Plaintiff,

v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, LLC,

        Defendants.

Case No. 10-cv-281-bbc

**MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE**

    Plaintiff Promega Corporation ("Promega") has filed a motion (Dkt. #262) to strike some or all of Defendants' brief in support of their motion for partial summary judgment (Dkt. #245). Promega's argument appears to confuse "facts" with legal conclusions or quotations from undisputed documents. Defendants' memorandum is consistent with this Court's directions in U.S. v. Murphy Oil USA, Inc., 143 F. Supp. 2d 1054 (W.D. Wis. 2001) (Crabb, J.) that proposed findings of fact should not include excerpts from documents as "facts." Defendants' brief was submitted in a good-faith effort to comply with this Court's directions and to avoid this Court's stated aversion to excessive amounts of "facts" that are actually legal conclusions or legal arguments and thus more appropriately included in the memorandum. Moreover, Promega's

1

claim that it is somehow "difficult" to respond to what is merely a portion of the legal argument set forth in Defendants' brief is simply not true. In point of fact, Promega <u>was</u> able to address the various legal arguments made by Defendants in Promega's own response to Defendants' motion for summary judgment. In sum, Defendants' memorandum relies on proper materials in the summary judgment record, and by reviewing the memorandum both this Court and Promega are well able to address the summary judgment issues. Promega's motion is an attempt to imply an error when none existed; in fact, Defendants appear to have done a better job of complying with this Court's requirements than Promega. Accordingly, the motion to strike should be denied.

## ARGUMENT AND AUTHORITIES

**A. DEFENDANTS' MEMORANDUM IS CONSISTENT WITH THIS COURT'S REQUIREMENTS SET FORTH IN *US v. MURPHY OIL***

The fundamental complaint raised by Promega's motion is that Defendants have supposedly failed to include certain "facts" or "evidence" in Defendants' proposed findings of fact. However, as a review of the blackline/strikeout copy of Defendants' memorandum submitted with Promega's motion demonstrates, the "facts" and "evidence" Promega complains about consist of quotations from particular patents (<u>see, e.g.</u>, Defendants' memorandum at 31, 34), quotations from deposition testimony (<u>see, e.g.</u>, Defendants' memorandum at 42), quotations from the prosecution history (<u>see, e.g.</u>, Defendants' memorandum at 28-31), and quotations from expert reports (<u>see, e.g.</u>, Defendants' memorandum at 32-34).

Promega appears to be under the impression that every quotation from a document should be submitted as a proposed finding of "fact." Defendants' position is that these materials are properly considered legal argument, and that this Court made its preference in this regard clear in <u>Murphy Oil</u>, 143 F. Supp. 2d at 1064. In <u>Murphy Oil</u>, this Court prefaced its opinion with a detailed commentary on the Court's concerns with regard to the proposed findings in that matter.

The Court first noted that "a party's proposed findings of fact are supposed to be facts. 'Facts' refer to the historical events out of which the dispute arose. Facts are what happened, who did it, when it happened, who made what admissions or representations, what or whom was involved." Id.  The Court distinguished facts from legal conclusions, such as whether subject matter jurisdiction exists.  Id.  The Court went on to state:

> Counsel should not include excerpts from statutes in their proposed findings of fact; such excerpts are not facts but law and should be saved for discussion in the brief or proposed conclusions of law. Counsel should note that except in unusual circumstances, it is not a material fact that so-and-so testified to such-and-such in a deposition. For example, in a case involving an automobile accident it is not a material fact that John Smith testified in a deposition that the traffic light was green when he entered the intersection. The fact for the trier of fact (or the judge determining the existence or non-existence of disputed material facts) is whether the light was green, not what John Smith said about it.

Id. (emphasis added).  The Court noted that the counsel in the Murphy Oil case had included multiple instances of such "facts" in their proposed findings, and had also included "extensive and irrelevant argument in their response to their opponent's proposed facts," which "has caused the record in this case to swell to unprecedented proportions."  Id.

Defendants, naturally preferring to carefully follow the directions of this Court, therefore erred on the side of avoiding unnecessary proposed findings—unlike Promega, which submitted some 375 proposed findings.  Many of Promega's proposed findings are nothing more than quotations from documents.[1]  Further, at least the first 127 of Promega's proposed findings— over *a third*—are not even cited in its brief.  Yet proposing them as allegedly relevant facts requires Defendants to verify and/or dispute each and every one, and further requires this Court

---

[1] For example, Promega proposes "facts" which are nothing more than quotations from e-mails (see, e.g., Promega's PFOF 254-60, 262, 264-66, 269-90, quotations from depositions (see, e.g., PFOF 275), or quotations from a patent (see, e.g., PFOF 10).  Contrary to this Court's statement that "[i]t is not a 'fact' that this court has subject matter jurisdiction over the case, pursuant to 28 U.S.C. § 1331 or any other statute," Murphy Oil, 143 F. Supp. 2d at 1064, Promega states in its PFOF 4 that "Subject matter jurisdiction in this patent infringement action is proper and founded upon 28 U.S.C. §§ 1338, 1391 and 1400."

to evaluate and resolve the numerous remaining ones in dispute. On the other hand, Defendants proposed straightforward findings (nos. 39-41) that portions of the claims in Promega's patents were known in prior art, and then, in Defendants' memorandum, set forth the relevant prior art and expert opinions on the topic, referring to materials submitted in the summary judgment record as attachments to Attorney Sun's declaration. Defendants respectfully submit it would serve no good end, and would only waste the time of the parties and this Court, to include as "findings" the particular quotations and statements. Just like the statutes and deposition testimony in Murphy Oil, these quotations are not truly a "fact," but rather are more efficiently considered as part of the legal arguments in the case and properly addressed in Promega's opposition memorandum.[2]

Promega's position that Defendants' memorandum is somehow "improper" is therefore mistaken; in fact, Defendants' approach to factual findings is consistent with this Court's expressed preferences. At the least, Defendants' methodology was a good-faith attempt to comply with this Court's prior directions and stated disinclination against records which "swell to unprecedented proportions." Murphy Oil, 143 F. Supp. 2d at 1064. Defendants should not be punished for trying to present material in a more efficient fashion and avoid unnecessary duplication of "facts" that are not truly "facts" at all.

Likewise, to promote efficiency and to reduce the amount of materials before the Court, Defendants included appendices with their memorandum which, in the case of Appendix A and

---

[2] Promega also complains that the expert opinions/reports cited in Defendants' response are not proper evidentiary materials. This puts form over substance; each of the reports contains a confirmation that the statements therein are made under penalty of perjury, and that the expert would testify to the same at trial. Sun Decl. (Dkt. #240), Ex. 8 (Struhl Invalidity Report) at 19; Sun Decl. (Dkt. #240), Ex. 9 (Struhl Noninfringement Report) at 22; Sun Decl. (Dkt. #240), Ex. 10 (Booker Noninfringement Report) (excerpts); see also Sun Decl. (Dkt. #266), Ex. 4 (Booker Noninfringement Report) (complete version) at 12. Accordingly, the reports are consistent with 28 U.S.C. § 1746's requirement that all that is required for a declaration is a statement that the writing is true and correct under penalty of perjury, and Fed. R. Civ. P. 56(c)(4)'s requirement that declarations establish that the party making the statements in the declaration is competent to testify on the matter stated. In any event, Defendants intend to submit declarations of their experts attaching their reports as part of Defendants' reply on summary judgment, so this issue will be moot.

Appendix C, did nothing more than summarize statements from the prosecution history—and, again, each of these statements was from a document attached to Attorney Sun's declaration, so it was part of the summary judgment record.  Promega does not dispute the accuracy of any of these quotations; this demonstrates that Promega's motion is not one that goes to the substance of any of the arguments, but rather is an attempt to seek an advantage through a procedural "gotcha."  As to Appendix B, this is simply a visual depiction of Defendants' position as to those loci amplified by the AmpFlSTR® kits which are not recited in the claims of the Promega patents.  If Promega believes this visual depiction is somehow incorrect, it is free to argue the same to the Court in its response memorandum.  In any event, it is hard to see how this table, which is nothing more than a summary of material available in the patents, somehow becomes a "fact" in this case.  Defendants' appendices should not be stricken by this Court.

**B.  NOTWITHSTANDING ITS CLAIMS, PROMEGA WAS WELL ABLE TO ADDRESS THE ISSUES PRESENTED ON SUMMARY JUDGMENT, AS WILL THIS COURT**

Promega argues in its brief in support of its motion to strike, at page 2, that Defendants' memorandum "makes it difficult for the Plaintiff to respond within the rules."  However, Promega never explains why it could not simply respond to Defendants' arguments in Promega's own memorandum in response, in particular because every single excerpt which Promega takes issue with in Defendants' brief contains a direct cite to the original source of the information.  In fact, Promega does address Defendants' prior art arguments and the references, and expert reports, quoted in Defendants' memorandum (see Dkt. #254, at 22-29), and also addresses at length the arguments regarding statements made by Promega in the prosecution history (id. at 14-19).  Moreover, Promega nowhere claims that any of the quotations in Defendants' memorandum were somehow "disputed" in the sense of being inaccurate or misquoted.  Promega

is therefore trying to create a false impression that it has somehow been prejudiced, when it has not.

For that matter, it is hard to see how a party can be prejudiced by another party's compliance with this Court's direction in Murphy Oil to avoid submitting mere quotations as proposed findings. This is illustrated by Promega's own response memorandum. For example, when Promega states in footnote 24 of its response brief (Dkt. #254, at 25) that a quotation from a prosecution file history "is not to be found in Defendants [*sic*, no apostrophe in original] Proposed Findings of Fact," it is clearly complaining about a practice that this Court has instructed litigants to follow. The more important point, however, is that Promega addresses the quoted language on pages 24 and 25 of its memorandum—it has not somehow been disadvantaged or unable to address the substance of the issue. As a result, any alleged "difficulty" in this matter is not consistent with the actual facts, and is no basis for granting Promega's motion.

## CONCLUSION

For the reasons stated, Defendants respectfully request that Plaintiff's motion to strike Defendants' memorandum be denied.

                                          AXLEY BRYNELSON, LLP

DATED: September 28, 2011.         By: /s/ Andrew J. Clarkowski
                                                  Andrew J. Clarkowski
                                                  Steven M. Streck
                                                  Michael J. Modl Axley Brynelson, LLP
                                                  2 E. Mifflin Street, Suite 200
                                                  Madison, WI 53703
                                                  Ph: 608-283-6705
                                                  F: 608-257-5444
                                                  mmodl@axley.com
                                                  sstreck@axley.com
                                                  aclarkowski@axley.com

Amy Sun (admitted *pro hac vice*)
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92008
Ph: (760) 603-7200
F: (760) 476-6048
amy.sun@lifetech.com

Francis M. Wikstrom (admitted *pro hac vice*)
Kristine Edde Johnson (admitted *pro hac vice*)
Michael R. McCarthy (admitted *pro hac vice*)
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Ph: 801-532-1234
F: 801-536-6111
fwikstrom@parsonsbehle.com
kjohnson@parsonsbehle.com
mmccarthy@parsonsbehle.com

Attorneys for Defendants