IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PROMEGA CORPORATION,

        Plaintiff,

v.

MAX-PLANCK-GESELLSCHAFT ZUR
FORDERUNG DER WISSENSCHAFTEN, E.V.,

        Involuntary Plaintiff,

v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC. and
APPLIED BIOSYSTEMS, INC.,

        Defendants.

MEMORANDUM AND ORDER

10-cv-281-bbc

---

On Thursday, December 1, 2011 at 10:00 a.m., this court held a hearing on defendants' motion to compel the return of certain documents that defendants produced inadvertently and over which it now wishes to assert attorney-client privilege. Recovery of such documents is permitted under paragraph 18 of the protective agreement entered in this case. (Dkts 331, 341) The documents at issue have the following identification numbers: LIFE-0061569, LIFE-0135704-07, LIFE-0135710-11, LIFE-0259960, LIFE-0339152, LIFE-0413265-66.

The party seeking to invoke the attorney-client privilege has the burden to prove all of its essential elements, which have been defined in the following formulation:

> (1) Where legal advice of any kind sought, (2) from a professional legal advisor in his capacity as such, (3) the

>    communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at [the client's] instance permanently protected, (7) from disclosure by [the client] or by the legal advisor, (8) except the protection may be waived.

*U.S. v. Evans*, 113 F. 3d 1457, 1461 (7th Cir. 1997).

Plaintiff opposes return of the documents on the following grounds. First, the content of the documents do not constitute legal advice, but relate solely to business advice. Second, that the privilege is waived to the extent that the defendants intend to assert advice of counsel as a defense to the willfulness allegation in plaintiff's complaint. Third, that certain employees to whom the information was disclosed were not directly concerned with the legal advice involved and therefore dissemination of the communications to them waived the attorney-client privilege.

After reviewing each of the documents, I conclude that all are protected by the attorney-client privilege, which has not been waived and therefore defendants are entitled to return or destruction of the documents. The subject matter of the advice offered in the documents clearly relates to legal advice concerning patent matters and not to mere business advice of the type which would be unprotected. As to plaintiff's second argument, there is nothing in the record to suggest that defendants have or intend to assert a defense of advice of counsel, and therefore the argument that they would be waived if such defense was asserted is moot. Finally, a thorough review of the documents reveals that the employees to whom the information was disclosed were within the group of people who were seeking or

receiving legal advice within the scope of their corporate duties, therefore its transmission to them did not waive the privilege.

## ORDER

IT IS ORDERED that defendants' motion to compel the return or destruction of the documents pursuant to the protective order is GRANTED and that plaintiff shall destroy or return all copies of the documents forthwith.

Dated the 6th day of December, 2011.

BY THE COURT:

PETER A. OPPENEER
Magistrate Judge