CONFIDENTIAL – FILED UNDER SEAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

PROMEGA CORPORATION,

    Plaintiff,

MAX-PLANCK-GESELLSCHAFT ZUR
FORDERUNG DER WISSENSCHAFTEN           Case No.: 10-CV-281
E.V.,

    Involuntary Plaintiff,

    v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, LLC,

    Defendants.

---

**PLAINTIFF PROMEGA CORPORATION'S MOTION *IN LIMINE* NO. 8: TO PRECLUDE TESTIMONY ON CERTAIN FIELDS OF USE MATTERS PRIOR TO 2006 TO AVOID JURY CONFUSION**

---

## INTRODUCTION

Pursuant to Federal Rules of Evidence 402 and 403, Promega Corporation ("Promega") hereby moves *in Limine* to bar testimony related to Promega's examination of clinical diagnostics and other fields excluded from the permitted fields of use by the 2006 License Agreement prior to August 2006, the date of the 2006 License Agreement, in order to avoid jury confusion.

## ARGUMENT

The liability and potential damages in this case are limited by the general release incorporated into the 2006 License Agreement between Promega and Applied Biosystems. (*See* 2006 License Agreement, ¶ 3.1 (Exh. G to the Complaint (Dkt. #1))). As that License Agreement and other agreements incorporated by reference reflect, the parties had been in long-running disputes and so negotiated a comprehensive resolution. At that time, the fields of use were a subject of extensive discussions, and, as this Court has already found, the fields of use were limited. (Opinion and Order, Nov. 28, 2011 ("Summary Judgment Opinion") (Dkt. #345)). Indeed, although evidence prior to 2006 about Promega's inquiries and work in examining clinical diagnostics and other non-permitted fields might arguably have been necessary for this Court to make determinations as to the meaning of the 2006 License Agreement, it serves no other purpose.[1] (Summary Judgment Opinion, pp. 31-32).

Evidence of Promega's actions to commercialize and sell products into particular fields of use prior to 2006 serves no purpose. The 2006 License Agreement explicitly addressed what fields, if any, the parties would have access to, and to the extent Promega chose to sell products, or develop opportunities, prior to that date can have no purpose in the trial. That the terms of the contract were only as defined in the contract is noted by the language of the contract itself. (2006 License Agreement, ¶ ▮ ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). Any discussion by the Defendants of commercial opportunities Promega may have had before that time serves only to confuse the jury. The contract has been interpreted by the Court and the matter is ended.

---

[1] That Defendants wish to re-litigate these matters by reference to actions prior to 2006 seems apparent from the deposition of Dr. Dimond. (*See, e.g.*, Deposition of Randall Dimond, p. 117, line 1 – p. 122, line 12 (discussing clinical use prior to 2006) (to be submitted to the Court); *id*., p. 122, line 13 – p. 125, line 14 (discussing marketing prior to 2006). Promega has requested this Motion *in Limine* to protect against such use, as these matters were decided on summary judgment.

CONFIDENTIAL – FILED UNDER SEAL

Indeed, Defendants themselves have previously refused to provide information regarding financial information for any time period prior to 2006. (*See, e.g.*, Defendants' Response to Promega's Third Set of Requests for Production of Documents, Response to Request No. 13 ("Defendants further object to this Request in that it is not reasonably limited as to time, and seeks documents in a form not maintained by Defendants. Subject to and without waiving these objections or any of their general objections, Defendants will produce non-privileged documents responsive to this Request for the period beginning in 2006 in the form maintained by Defendants, if any, to the extent such documents have not already been produced.") (Attached as Exhibit B to the Declaration of Sarah E. Troupis in Support of Promega's Motions *in Limine*)).

This is consistent with the 2006 License Agreement, which served to settle any financial claims prior to the signing of that Agreement. Allowing testimony offered by the Defendants on matters related to Promega's examination of commercial opportunities, except to provide an historical backdrop for how genetic identity products developed, prior to 2006 would therefore not only go to helping prevent jury confusion, it would also be consistent as well with the position that Defendants themselves have taken in this case.

CONFIDENTIAL – FILED UNDER SEAL

## CONCLUSION

For the reasons set forth above, Promega requests that this Court grant this motion *in Limine* to preclude Defendants from offering testimony related to Promega's examination and consideration of commercial activities for STR products prior to 2006 to avoid jury confusion.

Dated:  January 18, 2012             RESPECTFULLY SUBMITTED,


**TROUPIS LAW OFFICE, LLC**


By:     /s/ Sarah E. Troupis
         James R. Troupis, SBN 1005341
         Peter G. Carroll (Admitted *Pro Hac*)
         Stewart W. Karge (Admitted *Pro Hac*)
         Sarah E. Troupis, SBN 1061515
         Brandon M. Lewis, SBN 1086824
         8500 Greenway Blvd., Suite 200
         Middleton, Wisconsin 53562
         ph. 608-807-4096
         jrtroupis@troupislawoffice.com
         *Attorneys for Plaintiff Promega Corporation*