UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PROMEGA CORPORATION, ET AL.<br><br>    Plaintiff,<br><br>vs.<br><br>LIFE TECHNOLOGIES CORPORATION, INVITROGEN IP HOLDINGS, INC., AND APPLIED BIOSYSTEMS, INC.,<br><br>    Defendants. | Civil Action No. 10-CV-281 |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

Defendants Life Technologies Corporation, Invitrogen IP Holdings, Inc., and Applied Biosystems, LLC (Life Technologies Corporation and Applied Biosystems, LLC are also counterclaimants) (collectively referred to as "Defendants") propose the following jury voir dire questions in addition to those the Court normally asks.

Statement of the Case:

The plaintiffs in this case are Promega Corporation ("Promega") and Max-Planck-Gesellschaft Zur Forderung Der Wissen Schaften E.V. I will refer to them during the trial as "Promega." The defendants are Life Technologies Corporation ("Life Tech"), LLC ("Applied Biosystems"), Invitrogen IP Holdings ("Invitrogen"). I will refer to them during the trial as "Life." Both Promega and Life sell products known as short tandem repeat, or STR kits. These kits relate to the technology of genetic identification. They can be used to allow a scientist to identify genetic information in a sample, such as hair or blood, that can ultimately tell them the source of the sample. Promega holds certain patents that relate to this technology. Promega granted a Life a license to those patents in certain fields. However, Promega brought this suit against Life claiming that Life infringed those patents by selling STR kits without authority for uses by customers beyond the scope of that license.

Additional Proposed Questions:

1.  Do you know any of the following people:

    a.  [insert witnesses]

2.  Other than what you heard in Court today, does anyone know or has anyone heard anything about this case?

3.  Do you or does anyone close to you have any training or experience in the following areas: (a) biotechnology/biology/chemistry; (b) patents; (c) accounting/business management; and (d) licensing or contract management? If yes, please explain.

4.  Have you, or has anyone close to you, gone to law school, worked as a lawyer, or worked as a paralegal? If yes, explain.

5.  Do you have any familiarity with patent law?

6.  Have you, or anyone close to you, ever invented anything?

7.  Have you, or anyone close to you, had any experiences with the United States Patent and Trademark Office?

8.  Have you, or anyone close to you, ever been involved in a patent dispute or patent litigation?

9.  Have you, or anyone close to you, ever been involved in a dispute or litigation involving alleged misuse of technology, trade secrets, or confidential information?

10. Do you hold any opinions, positive or negative, about the U.S. Patent Office or the patent system?

11. Have you, or has anyone close to you, had any negative experiences with any other federal, state or local government entity?

12. Have you ever worked for the government in any capacity? If yes, what did you do?

13. Do you have any strong feelings about biotechnology, cloning of genes, or genetic research? If yes, please explain.

4850-0517-3774.2

14. Are you, or anyone close to you, employed in the areas of medicine, scientific research, biotechnology, or genetic research?

15. Are you, or anyone close to you, employed in the area of forensic DNA analysis?

19. Have you, or anyone close to you, had any involvement with bone marrow transplants?

16. Are you, or is anyone close to you, employed as a judge, court clerk, or any other kind of courthouse employee?

17. What social, civic, professional, trade or other organizations are you affiliated with?

18. A juror has an obligation to keep an open mind and not reach a decision in the case until all of the evidence has been considered. Will you be able to keep this in mind and not reach a decision until you have had the opportunity to consider all of the evidence?

DATED: January 18, 2012.　　　　　　　　By: /s/ Francis M. Wikstrom_

　　　　　　　　　　　　　　　　　　　Francis M. Wikstrom (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Kristine Edde Johnson (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Michael R. McCarthy (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Parsons Behle & Latimer
　　　　　　　　　　　　　　　　　　　201 South Main Street, Suite 1800
　　　　　　　　　　　　　　　　　　　Salt Lake City, UT 84111
　　　　　　　　　　　　　　　　　　　Ph: 801-532-1234
　　　　　　　　　　　　　　　　　　　F: 801-536-6111
　　　　　　　　　　　　　　　　　　　fwikstrom@parsonsbehle.com
　　　　　　　　　　　　　　　　　　　kjohnson@parsonsbehle.com
　　　　　　　　　　　　　　　　　　　mmccarthy@parsonsbehle.com

4850-0517-3774.2

Michael J. Modl
Steven M. Streck
Andrew J. Clarkowski
Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Ph: 608-283-6705
F: 608-257-5444
mmodl@axley.com
sstreck@axley.com
aclarkowski@axley.com

Amy Sun (admitted *pro hac vice*)
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92008
Ph: (760) 603-7200
F: (760) 476-6048
amy.sun@lifetech.com

Attorneys for Defendants

4850-0517-3774.2