UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

                Plaintiff,

and

MAX-PLANCK-GESELLSCHAFT zur
FORDERUNG der WISSENSCHAFTEN E.V.,

                Involuntary Plaintiff,

           v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, LLC,

                Defendants.

Case No. 10-cv-281-bbc

**OPPOSITION TO PROMEGA'S MOTION *IN LIMINE* NO. 1: TO PRECLUDE
REFERENCES TO DEFENDANTS' EQUITABLE CLAIMS OF UNCLEAN HANDS,
LACHES AND ESTOPPEL (AND OTHER EQUITABLE CLAIMS)
TO THE JURY**

Defendants Life Technologies Corporation, Applied Biosystems, LLC, and Invitrogen IP Holdings, Inc., (collectively, "Life"), by and through counsel, respectfully submit this Memorandum in Support of their Opposition To Plaintiff Promega Corporation's ("Promega's") Motion *In Limine* No. 1:  To Preclude References To Defendants' Equitable Claims Of Unclean Hands, Laches And Estoppel (And Other Equitable Claims) To The Jury.

## ARGUMENT

Damages remain a dominant issue to be tried in this case.  Promega did not raise damages issues in its summary judgment motion, and the Court did not rule on them in its November 29, 2011 Opinion and Order.  *See* Promega's Summ. J. Br., Dkt. No. 228; Nov. 29, 2011 Op. and Order, Dkt. No. 345.  Thus, Promega's argument that Life waived its defenses related to damages because it did not raise them in response to Promega's non-damages summary judgment motion is wrong.

Promega only moved for summary judgment on issues of "infringement," not on issues of damages, or on issues of "liability."  Life properly only responded to – and the Court properly only ruled on – the questions Promega raised (*e.g.,* the Court ruled that certain kits were within the scope of the asserted claims and that certain fields were not within the license, but did not rule on whether Promega had proven or could prove that Life was liable in damages for any particular sale, or the specific amount of damages imposed).  Promega has not cited any authority indicating that defenses relating to liability in damages are waived if they are not briefed in response to a motion for summary judgment on "infringement;" indeed, such a rule would be nonsensical.  Instead, Promega's authority only supports that affirmative defenses actually relevant to a particular issue before the Court should be raised before the Court rules on that specific issue.  There is no reason that Life should be prevented from pursuing its properly pled defenses to liability.

1

A.  **Life Should Not Be Precluded From Asserting Its Damages Defenses To Promega's Damages Claims.**

Damages remain an unresolved issue in this case. In fact, since the summary judgment order issued, Promega filed a supplemental expert report on damages, presented one of their damages experts for deposition, deposed Life's damages expert, and submitted jury instructions with many pages directed to damages issues. *See* Supp. Beyer Report, Dkt, No. 352; Jan. 11, 2012 Beyer Dep. Tr., Dkt. No. 412; Tomlin Report, Dkt. No. 388-10; Promega's Proposed Jury Instructions, Dkt. No. 402.

Nevertheless, Promega seeks to exclude several of Life's damages defenses. For example Promega has challenged Life's laches defense, which is a defense to damages. *See A. C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) ("[L]aches bars relief on a patentee's claim only with respect to damages accrued prior to suit."); *Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1297 (Fed. Cir. 2004) ("[P]re-filing damages were barred by laches."). Similarly, Promega challenges Life's equitable estoppel and unclean hands defenses, both of which are also defenses to relief. *See Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1291 (Fed. Cir. 1992) ("The trial court further held that Hemstreet was barred by the doctrine of equitable estoppel from pursuing damages that arose after the suit was filed."); *Aukerman*, 960 F.2d at 1041 ("Where equitable estoppel is established, all relief on a claim may be barred."); *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1376 (Fed. Cir. 2001) ("[A] finding of unclean hands . . . provides a bar to relief in the case at hand.").

It would violate fundamental fairness to allow Promega to pursue damages at trial but to preclude Life from raising damages defenses just because it did not raise those defenses in response to a non-damages motion by Promega. Promega did not raise damages or address

liability in its summary judgment motion and accordingly, Life had no obligation to raise its equitable defenses against them and therefore did not waive those defenses.

**B.     Opposing A Motion For Summary Judgment Of Infringement Does Not Require Addressing Anything Other Than The Infringement Claim Upon Which the Moving Party Sought Judgment.**

Nowhere does Rule 56 of the Federal Rules of Civil Procedure require a non-movant to brief, or a Court to rule on, any defenses that are not relevant to deciding a motion for summary judgment. Fed. R. Civ. Pro. 56. Only arguments directly related to the "claim or defense – or the part of the each claim or defense – on which summary judgment is sought," need to be included in opposition to a summary judgment motion.[1] *See id.*; *Books-a-Million, Inc. v. H & N Enters., Inc.*, 140 F. Supp. 2d 846, 851 (S.D. Ohio 2001) ("Given the Plaintiff's failure to address the Defendant's affirmative defenses in its initial summary judgment Memorandum, the Defendant had no obligation in its opposing Memorandum to demonstrate a genuine issue of material fact with respect to those defenses.") (citation omitted).

Here, Promega only moved on patent infringement. In patent law, infringement and liability are not synonymous; even where courts find infringement exists, separate equitable defenses may preclude liability. *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1342 (Fed. Cir. 2005) ("The district court . . . properly found infringement, but created a new equitable defense to shield Apotex from liability for that infringement.") (citation omitted). Thus, Life was at most required to address defenses related directly to infringement, not other defenses. *See Langeman Mfg., Ltd., v. Rhino Linings USA, Inc.*, 07-cv-411-bbc, 2008 U.S. Dist. LEXIS 62799, at *3-4 (W.D. Wis. Aug. 18, 2008) ("In support of its motion for summary judgment, plaintiff has adduced evidence of infringement with respect to all asserted claim

---

[1]  Rather, the only Rule that requires a defendant to identify its defenses is Rule 8, which requires that a defendant plead its defenses in its Answer. Fed. R. Civ. Pro. 8. Promega has not disputed that Life did this.

elements . . . I conclude that defendants have waived any other arguments **_with respect to non-infringement_** by failing [t]o raise them in response to plaintiff's motion for summary judgment.") (emphasis added).

C. **The Patent Cases Promega Cites Actually Explain And Support _Life's_ Position.**

1. *Pandrol USA, LP et al. v. Airboss Ry. Products, Inc.* **supports Life's position.**

Promega cites only two patent cases, and one of them, *Pandrol USA, LP et al. v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354 (Fed. Cir. 2003), directly contradicts Promega's motion. In *Pandrol*, the patentee moved for summary judgment but "did not request summary judgment of liability, only infringement." *Id*. at 1364. Because there was more than one defendant in the case, the patentee's summary judgment motion "specifically sought a finding of infringement as to all defendants." *Id.* at 1366. The Federal Circuit considered two waiver issues: (1) whether defendants waived their invalidity defenses by failing to raise them in response to the infringement summary judgment motion, and (2) whether some defendants accused of induced infringement waived their arguments regarding "lack of responsibility of one or more of the defendants for the acts of infringement." *Id*. at 1359, 1361.

On the first issue, the *Pandrol* Court found no waiver because "[a]s noted above, the plaintiffs did not request summary judgment of liability, only infringement," and because even though "we recognize that the issues of infringement, interference, validity, and unenforceability are normally addressed together, they are distinct and separate issues." *Id.* at 1364-65 (quotations omitted). By this reasoning, equitable defenses (including unenforceability) are separate from infringement and Life was not required to include them in opposing an infringement summary judgment motion.[2]

---

[2] The Court explicitly did not consider whether a defense of unenforceability by reason of inequitable conduct was waived because it was not properly raised on appeal. *Id.* at 1366 n.3.

4

On the second issue, in contrast, the Federal Circuit held that the defendants had waived their non-infringement defenses because "[t]he plaintiffs' motion *specifically sought* a finding of infringement as to all defendants." *Id.* at 1366 (emphasis added). That is, the Federal Circuit only found a defense had been waived because it directly related to specific relief sought by the motion for summary judgment. But here, the equitable claims Promega seeks to preclude are not related to the specific finding of infringement that Promega sought on summary judgment.

      2.     ***Diversey Lever, Inc. v. Ecolab, Inc.,* also does not support Promega's position.**

The only other patent case that Promega cites is *Diversey Lever, Inc. v. Ecolab, Inc.*, 191 F.3d 1350 (Fed. Cir. 1999). The *Diversey* court only held that the affirmative defense of equitable estoppel was required to be raised in response to patentee's "motion for partial summary judgment on the issue of 'liability.'" *Id.* at 1352. Thus, this case says nothing about what defenses a defendant is required to bring in opposition to a summary judgment motion not on liability but on infringement, such as the one Promega brought in this case.

**D.     Promega's Non-Patent Cases Do Not Direct The Outcome It Seeks.**

In addition to the patent cases discuss above, Promega cites three non-binding, non-patent cases. These cases do not direct the outcome that Promega seeks. Promega's first cited case – and the only non-patent circuit decision cited – is *United Mine Workers of Am. Pension 1974 v. Pittston Co.*, 984 F.2d 469 (D.C. Cir. 1993). However, just as with *Diversey Lever*, this case involved a "motion for summary judgment on the question of liability," not one brought on a single issue such as infringement. *Id.* at 472.

Moreover, the following year the District of Columbia Circuit Court later explained that *United Mine Workers* was centered on a failure to plead affirmative defenses in an Answer, rather than failure to argue them in response to summary judgment. *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994) ("Nor do we believe the

5

government abandoned its limitations defense by failing to assert it before the first appeal . . . [T]he government adequately raised the limitations defense in its answer – it was not required to reassert the defense in its subsequent successful summary judgment motion."). Likewise, the District of Columbia Circuit Court reaffirmed this approach in 2008 by holding that "there is no requirement that a party assert a statute-of-limitations defense in opposition to a summary-judgment motion in order to assert it at trial. On the contrary, the defense can be raised at trial so long as it was properly asserted in the answer and not thereafter *affirmatively* waived." *Long v. Howard Univ.*, 550 F.3d 21, 24-25 (D.C. Cir. 2008) (emphasis added).

Nor do either of Promega's non-patent, district court cases save its motion. Promega's case *Williams v. Univ. Med. Ctr. S. Nevada*, 2:09-CV-00554-PMP-PAL, 2010 U.S. Dist. LEXIS 76995 (D. Nev. July 28, 2010), only requires that defenses be raised in opposition to summary judgment motions where the defenses "would *preclude judgment* in the moving party's favor." *Id.* at *6 (emphasis added). The defenses at issue here, such as laches, would not preclude a finding of infringement, but rather would limit damages after such a finding of infringement has been made. Promega's final case only addresses a similar topic through contract claims in dicta, and so should not be the foundation of a new patent law rule. *Freescale Semiconductor, Inc., v. ChipMOS Tech., Inc.*, No. 5:09-cv-3689-JF, 2011 U.S. Dist. Lexis 100978 at *9-10 (N.D. Cal. Sept. 1, 2011) ("The Court concludes that ChipMOS has failed to demonstrate that the Micron settlement agreement covers the same patents as those at issue in this case. Moreover, ChipMOS waived this defense by failing to raise it in response to Freescale's earlier motion for summary judgment.").

Promega's non-patent cases do not support its position. The Court should deny Promega's argument for a new rule to require irrelevant issues in summary judgment briefings.

### E. Promega Has Not Identified Any Specific Evidence That Should Not Be Raised Before The Jury.

Promega argues that its motion should be granted because "equitable defenses are not appropriately raised before a jury." Promega's Mot. *In Limine* No. 1, Dkt. No. 375, at 4. As reflected in Life's proposed jury instructions, Life has no intention of presenting these legal decisions to the jury. *See* Life's Proposed Jury Instructions, Dkt. No. 392. However, the mere fact that evidence supports an issue that the jury will not decide is not a basis to prevent presentation before the jury of evidence that is also relevant to other issues. Promega has not identified any specific evidence that is not also relevant to other issues that will be decided by the jury.

### I. CONCLUSION

In light of the foregoing, Life respectfully requests that the Court deny Plaintiff Promega Corporation's Motion *In Limine* No. 1: To Preclude References To Defendants' Equitable Claims Of Unclean Hands, Laches And Estoppel (And Other Equitable Claims) To The Jury.

DATED: January 25, 2012.                    By: /s/ Kristine E. Johnson

> Francis M. Wikstrom (admitted *pro hac vice*)
> Kristine Edde Johnson (admitted *pro hac vice*)
> Michael R. McCarthy (admitted *pro hac vice*)
> Parsons Behle & Latimer
> 201 South Main Street, Suite 1800
> Salt Lake City, UT 84111
> Ph: 801-532-1234
> F: 801-536-6111
> fwikstrom@parsonsbehle.com
> kjohnson@parsonsbehle.com
> mmccarthy@parsonsbehle.com
>
> Michael J. Modl
> Steven M. Streck
> Andrew J. Clarkowski
> Axley Brynelson, LLP
> 2 E. Mifflin Street, Suite 200
> Madison, WI 53703

Ph:  608-283-6705
F:  608-257-5444
mmodl@axley.com
sstreck@axley.com
aclarkowski@axley.com

Amy Sun (admitted *pro hac vice*)
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92008
Ph:  (760) 603-7200
F:  (760) 476-6048
amy.sun@lifetech.com

Attorneys for Defendants

8