UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PROMEGA CORPORATION, ET AL.<br><br>　　　Plaintiff,<br><br>vs.<br><br>LIFE TECHNOLOGIES CORPORATION, INVITROGEN IP HOLDINGS, INC., AND APPLIED BIOSYSTEMS, INC.,<br><br>　　　Defendants. | Civil Action No. 10-CV-281 |

### DEFENDANTS' OPPOSITION TO PROMEGA'S MOTION *IN LIMINE* NO. 2: TO PRECLUDE REFERENCES TO DEFENDANTS' ARGUMENTS ON SCOPE OF EMPLOYMENT AND RESPONDEAT SUPERIOR

Promega Corporation ("Promega") seeks an order precluding Defendants Life Technologies Corporation, Invitrogen IP Holdings, Inc., and Applied Biosystems, Inc. (collectively, "Life") from raising arguments regarding issues of respondeat superior or scope of employment with regard to the actions of former Life employee, Lisa Ortuno ("Ms. Ortuno"). Promega's Motion in Limine also seeks an affirmative order allowing it to draw a negative inference at trial – that Ms. Ortuno's employment files establish that she was acting within the scope of her employment – from the absence of Ms. Ortuno's employment files.

Promega's Motion is both unnecessary and seeks permission to introduce irrelevant information at trial. Life does not intend to assert a scope of employment, or respondeat superior, argument and, therefore, does not intend to introduce evidence or argument regarding that issue. Because Life is not introducing evidence on scope of employment or respondeat superior, Promega's motion to exclude assertions by Life that Lisa Ortuno's actions were outside

4813-6897-7166.1

the scope of her employment is moot and Promega's motion is moot and Ms. Ortuno's employment file and/or her performance reviews are not relevant to any issue in the case.

Because Life will not be asserting at trial that Lisa Ortuno's actions were outside the scope of her employment, there is no basis for a "negative inference" regarding Ms. Ortuno's employment files. Moreover, even if the contents of Ms. Ortuno's employment file were relevant, Promega does not establish that it is entitled to a negative inference.[1] Contrary to Promega's assertion, Life did not simply refuse to provide Ms. Ortuno's personnel file and/or performance reviews. Instead, as highlighted in Promega's Motion, Promega was informed by counsel for Life that, under relevant state law, Ms. Ortuno's employment files were subject to greater protection than other types of documents, therefore, prior to their production, Promega would have to show a compelling need for such information. *See* Motion in Limine No. 2 at 5-6 (citing Dec. 29, 2011 Letter from K. Johnson to S. Karge) (Troupis Decl., Exhibit F). Promega did not meet, or even attempt to meet, that standard. Promega never responded and never provided any reason, much less a compelling one, for seeking production of Ms. Ortuno's employment files. Moreover, Promega did not seek a motion to compel production of these files. Because Promega never provided justification and did not move for production of the desired employment files, there is no basis for a negative inference from the absence of Ms. Ortuno's employment files.

---

[1] Promega cites non-precedential case law in support of its position. The case relied on by Promega, *Evans v. Robbins*, 897 F.2d 966, 970 (8th Cir. 1990), is a bankruptcy case from the Eighth Circuit, not the Seventh, as stated by Promega. *See* Motion in Limine No.2 at p.7 (Dkt.#377). The case law in the Seventh Circuit addressing the circumstances under which a party is entitled to a negative inference with regard to the non-production of an employee's personnel file require a showing of bad faith. *See Norman-Nunnery v. Madison Area Tech. College*, 625 F.3d 422, 428 (7th Cir. 2010) ("In order to draw an inference that the missing documents contained information adverse to the defendants, [Plaintiff] must demonstrate that the defendants intentionally destroyed the documents in bad faith."). Likewise, even for spoliation of evidence, the Seventh Circuit requires a showing of bad faith in order to get a negative inference. *See S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co.*, 695 F.2d 253, 258 (7th Cir. 1982) ("the crucial element is not that the evidence was destroyed but rather the reason for the destruction."). Promega has not made a showing, much less an allegation, of any bad faith on part of Life.

**CONCLUSION**

For the foregoing reasons, Life respectfully requests the Court deny Promega's motion as moot, and to further deny its request to the extent that it requests a negative inference with regard to Ms. Ortuno's employment files.

DATED: January 25, 2012.                  /s/ Kristine E. Johnson
                                          Francis M. Wikstrom (admitted *pro hac vice*)
                                          Kristine Edde Johnson (admitted *pro hac vice*)
                                          Michael R. McCarthy (admitted *pro hac vice*)
                                          Parsons Behle & Latimer
                                          201 South Main Street, Suite 1800
                                          Salt Lake City, UT 84111
                                          Ph: 801-532-1234
                                          F: 801-536-6111
                                          fwikstrom@parsonsbehle.com
                                          kjohnson@parsonsbehle.com
                                          mmccarthy@parsonsbehle.com
                                          Amy Sun (admitted *pro hac vice*)
                                          Life Technologies Corporation
                                          5791 Van Allen Way
                                          Carlsbad, CA 92008
                                          Ph: (760) 603-7200
                                          F: (760) 476-6048
                                          amy.sun@lifetech.com

                                          Andrew J. Clarkowski
                                          Michael J. Modl
                                          Steven M. Streck
                                          Axley Brynelson, LLP
                                          2 E. Mifflin Street, Suite 200
                                          Madison, WI 53703
                                          Ph: 608-283-6705
                                          F: 608-257-5444
                                          aclarkowski@axley.com
                                          mmodl@axley.com
                                          sstreck@axley.com

                                          *Attorneys for Defendants*