UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

                Plaintiff,

and

MAX-PLANCK-GESELLSCHAFT zur
FORDERUNG der WISSENSCHAFTEN E.V.,

                Involuntary Plaintiff,

                v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, LLC,

                Defendants.

Case No. 10-cv-281-bbc

**OPPOSITION TO PROMEGA'S MOTION *IN LIMINE* NO. 8:  TO PRECLUDE TESTIMONY ON CERTAIN FIELDS OF USE MATTERS PRIOR TO 2006 TO AVOID JURY CONFUSION**

Defendants Life Technologies Corporation, Applied Biosystems, LLC, and Invitrogen IP Holdings, Inc., (collectively, "Life"), by and through counsel, respectfully submit this Memorandum in Support of their Opposition To Plaintiff Promega Corporation's ("Promega's") Motion *In Limine* No. 8: To Preclude Testimony On Certain Fields Of Use Matters Prior To 2006 To Avoid Jury Confusion.

## I.     ARGUMENT

Promega seeks to exclude "testimony related to Promega's examination and consideration of commercial activities for STR products prior to 2006." Promega's Motion *in Limine* No. 8, Dkt. No. 384, at 4. Promega argues that this evidence can have no purpose other than determining the appropriate fields of the 2006 Cross-License, and that this information will confuse the jury. But this is incorrect. This evidence is relevant to a number of different areas that the Court has not yet addressed, such as Promega's claims for induced and willful infringement, Promega's claim for lost profits, and Life's defenses of ltches, estoppel, and unclean hands. Further, Promega has offered no reason that this information would confuse the jury. This motion should be denied.

**A.   The Challenged Evidence Is Relevant To Promega's Claims For Induced And Willful Infringement.**

Promega is asserting claims that Life induced infringement and willfully infringed Promega's patents in this action. Life's belief that its actions were within the scope of the 2006 Cross-License is relevant to both of these allegations. *See Global-Tech Appliances, Inc., v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("[W]e now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (holding the test for willful infringement is whether "the infringer acted despite an objectively high likelihood that its actions constituted

1

infringement of a valid patent," and if so, whether this objectively-defined risk "was either known or so obvious that it should have been known to the accused infringer.").

Thus, the jury will need to determine both whether Life's license defense – including Life's prior understanding of the permitted fields of use in the 2006 Cross-License – is "objectively reasonable," and what Life knew or should have known about the scope of the permitted fields of use. *See Wisconsin Alumni Research Found. v. Intel Corp.*, 656 F. Supp. 2d 898, 923-24 (W.D. Wis. 2009) (finding a defendant's licensing defense to be "objectively reasonable"). Promega's pre-2006 work and inquiries regarding STR kit fields of use is relevant to both the objective reasonableness of Life's prior understanding of the 2006 Cross-License, and also to Life's actual subjective knowledge.

Promega should not be permitted to both assert claims of induced and willful infringement and to also preclude Life from presenting their defenses regarding Life's prior understanding of the 2006 Cross-License fields, and the reasonableness of that understanding.

**B.    The Challenged Evidence Is Relevant To Promega's Claim For Lost Profits.**

Evidence regarding Promega's pre-2006 efforts (or lack thereof) to sell to the non-forensic and non-paternity markets both prior to and after 2006 is relevant to Promega's claim for lost profits. Any lack of effort by Promega in making these sales – or any barriers that Promega encountered when pursuing these sales – are probative to whether Promega had the "manufacturing and marketing capability to exploit the demand" required to establish lost profits for uses of the patented product beyond the scope of the 2006 Cross-License as determined by the Court's November 29, 2011 Opinion and Order. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978)).

2

For example, Promega is seeking to exclude evidence such as deposition testimony of a Promega witness that "███████████████████████████████████████████████

████

███████████████████████████████" Dec. 8, 2011 Dimond Dep. Tr., Dkt. # 413, at ████  Such testimony relates directly to factors underlying Promega's arguments that it would have received lost profits but for Life's accused sales, because it touches on the capacity of Promega to make such sales.  This type of evidence is directly relevant to lost profits, and so should not be excluded.  *See Gargoyles, Inc. v. United States*, 113 F.3d 1572, 1577-78 (Fed. Cir. 1997) (denying lost profits where there may have been barriers to the patentee's ability to make the accused sales itself).

**C.    The Challenged Evidence Is Relevant To Life's Equitable Defenses.**

The disputed evidence is relevant to show that long before it entered the 2006 Cross-License, Promega was selling STR kits to customers that it knew were using the kits outside the scope of the license as determined by the Court's November 29, 2011 Opinion and Order.  This pre-2006 evidence of what Promega did – and when Promega did it – provides important context and facts relevant to Life's equitable defenses of laches, estoppel, and unclean hands.

**D.    The Challenged Evidence Will Not Confuse The Jury.**

Promega faces a very high standard on its motion to exclude evidence under Rule 403 of the Federal Rules of Evidence.  "[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Sawyer*, 799 F.2d 1494, 1506 (11th Cir. 1986) (quotations omitted).  Promega has not met this standard.

Promega's only stated concern about the effect of the challenged evidence is that it may "confuse the jury." However, Promega has not identified any reason that this evidence would be

3

likely to confuse the jury. Rather, Promega implies that the jury would be confused by this information merely because it is from a different time period than the time period of the license. *See* Promega's Mot. *In Limine* No. 8, Dkt. No. 384, at 2 ("Any discussion by the Defendants of commercial opportunities Promega may have had **before that time** serves only to confuse the jury.") (emphasis added). But jurors routinely deal with considerations of different time periods in their daily lives, and courts have rejected arguments that far more complicated matters would confuse the jury. *See, e.g., Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. 05-CV-1887 (DMC), 2009 U.S. Dist. LEXIS 103104, at *54 (D.N.J. Nov. 5, 2009) (rejecting defendant's claims that evidence relating to "penciclovir as one of 25 acyclic nucleosides shown to have antiviral activity demonstrates that penciclovir was not the best, only or clear choice as lead compound in the prior art" was likely to result in jury confusion).

## II.  CONCLUSION

In light of the foregoing, Life respectfully requests that the Court deny Plaintiff Promega Corporation's Motion *In Limine* No. 8: To Preclude Testimony On Certain Fields Of Use Matters Prior To 2006 To Avoid Jury Confusion.

DATED: January 25, 2012.    By: /s/ Kristine E. Johnson

Francis M. Wikstrom (admitted *pro hac vice*)
Kristine Edde Johnson (admitted *pro hac vice*)
Michael R. McCarthy (admitted *pro hac vice*)
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Ph: 801-532-1234
F: 801-536-6111
fwikstrom@parsonsbehle.com
kjohnson@parsonsbehle.com
mmccarthy@parsonsbehle.com

Michael J. Modl
Steven M. Streck
Andrew J. Clarkowski

4

Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Ph: 608-283-6705
F: 608-257-5444
mmodl@axley.com
sstreck@axley.com
aclarkowski@axley.com

Amy Sun (admitted *pro hac vice*)
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92008
Ph: (760) 603-7200
F: (760) 476-6048
amy.sun@lifetech.com

Attorneys for Defendants

5