IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROMEGA CORPORATION,

                                                                                ORDER

                Plaintiff,

    and                                                                10-cv-281-bbc

MAX-PLANCK-GESELLSCHAFT zur
FORDERUNG der WISSENSCHAFTEN E.V.,

                Involuntary Plaintiff,

    v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC. and
APPLIED BIOSYSTEMS, LLC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case for patent infringement is scheduled for a final pretrial conference on Friday, February 3, 2012, at 3:00 p.m.  One of the issues for trial will be whether and to what extent defendants' sales of the accused products are covered by a 2006 licensing agreement between the parties.  The agreement allows defendants to sell the accused products for some purposes, but not others.  In particular, I concluded in the summary

1

judgment opinion that the license did not extend to chimerism in the context of bone marrow transplant monitoring, cell line authentication, classifying molar specimens and determinations of fetal sex. Thus, it will be important to determine how defendants' customers use the accused products.

The most obvious way to show this would be with direct evidence of the customers' actual practices, but apparently plaintiff does not have such evidence with respect to some of the customers. Instead, it wants the jury to infer what those practices are through the testimony of its experts Randall Diamond and John Beyer. Defendants want the court to strike that testimony as unreliable. Dkt. ##404 and 408.

A threshold question is which side has the burden of proof on this issue. If defendants have the burden, it could moot defendants' motions because it would mean that any gap in the record would become defendants' problem rather than plaintiff and plaintiff would not need to rely on expert testimony to fill in those gaps.

Of course, the general rule is that the plaintiff has the burden to prove its claims, but I already have concluded that plaintiff has met this burden with respect to the claims of direct infringement. Thus, a particular customer's purpose in using the accused product is relevant not to direct infringement, but to the question whether the sale falls within the scope of the license agreement. Because the Court of Appeals for the Federal Circuit consistently has described a license as an affirmative defense to infringement, Monsanto Co.

2


v. Scruggs, 459 F.3d 1328, 1334 (Fed Cir. 2006); Carborundum Co. v. Molten Metal Equipment Innovations, 72 F.3d 872, 878 (Fed. Cir. 1995), there is a plausible argument that defendants should have the burden to show that their sales fall within the agreement, particularly because defendants have much better access to information about their sales than plaintiff.

Although plaintiff complains that defendants have not provided all the necessary information about their sales and suggests in one of its briefs that defendants should have the burden of proof, dkt. #465, at 16-17, neither side really develops this issue. Because the issue is such an important one and could moot some of defendants' objections to plaintiff's experts, I am directing the parties to submit supplemental briefs before I rule on this motion.

ORDER

IT IS ORDERED that the parties may have until Thursday, February 2, 2012 at 12:00 p.m. to file and serve supplemental briefs addressing the following questions: (1) whether plaintiff or defendants have the burden of proof on the question whether defendants' sales to their customers fall within the scope of the license agreement; and (2) if defendants have the burden on this issue, the extent to which that moots defendants' motions to exclude the testimony of John Beyer and Randall Dimond.  Dkt. ##404 and

408.

Entered this 31st day of January, 2012.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge