IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROMEGA CORPORATION,

                                                      OPINION and ORDER

                        Plaintiff,

              and                                       10-cv-281-bbc

MAX-PLANCK-GESELLSCHAFT zur
FORDERUNG der WISSENSCHAFTEN E.V.,

                         Involuntary Plaintiff,

              v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC. and
APPLIED BIOSYSTEMS, LLC,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Promega Corporation is suing defendants Life Technologies Corporation,

Applied Biosystems, LLC and Invitrogen IP Holdings, Inc. for infringement of U.S. Patents

Nos. 5,843,660, 6,221,598, 6,479,235, 7,008,771 and Re 37,984.  Trial is scheduled for

February 6, 2012 and the parties' motions in limine are now before the court.

1

A.  Plaintiff's Motions in Limine

1.  Motion to preclude references to equitable defenses, dkt. #375

In their answer, defendants raised affirmative defenses and counterclaims for unclean hands, laches and estoppel, but neither side discussed these issues in its summary judgment materials.  Plaintiff says that defendants have now waived these counterclaims and defenses because they did not raise them in response to plaintiff's motion for summary judgment. Defendants say they had no obligation to raise those defenses at the time.

The parties debate whether Diversey Lever, Inc. v. Ecolab, Inc., 191 F.3d 1350 (Fed. Cir. 1999), and Pandrol USA, LP v. Airboss Ry. Products, Inc., 320 F.3d 1354 (Fed. Cir. 2003), resolve the matter.  In Diversey, 191 F.3d at 1352, the court held that the defendant waived an equitable estoppel defense by failing to raise it in response to the plaintiff's motion for summary judgment on "liability."  In Pandrol USA, 320 F.3d at 1364, the court held that the defendant did *not* waive an invalidity defense by failing to raise it in response to the plaintiff's motion for summary judgment on "infringement."  The key issue in these cases seems to be whether the defendant had notice that the plaintiff's motion for summary judgment required it to come forward with all of its liability defenses or just those related to infringement.

In this case, plaintiff did not limit its motion to "infringement," but it did not say that it was seeking judgment on "liability" either.  Rather, it said that it "hereby moves for

2

summary judgment that certain claims of the Promega Patents and Tautz patent are a) not anticipated, b) not obvious, c) enabled, and d) infringed." Dkt. #228, at 2. The order on summary judgment was limited to those issues; I did not enter judgment in favor of plaintiff on liability generally. Although the question is a close one, I think that plaintiff left enough ambiguity in its motion to preclude a finding of waiver by defendants.

However, that does not resolve plaintiff's motion entirely. The parties agree that equitable defenses are decided by the court, not the jury, so there is no reason that either side should be referring to these defenses in front of the jury. Agfa Corp. v. Creo Products Inc., 451 F.3d 1366, 1375 (Fed Cir. 2006) ("[A]n equitable defense [is] adjudicated by the trial court without a jury."). Defendants object on the ground that plaintiff has not identified any specific evidence to exclude. However, it is not necessary to identify particular testimony or documents at this point. Obviously, if defendants wish to offer evidence that is relevant to one of the issues to be decided by the jury, they may do so even if that evidence happens to be relevant to one of the equitable defenses as well.

Defendants' argument raises another question: what pieces of evidence do defendants intend to offer in support of these defenses? There is no point in holding a court trial on the defenses if defendants have no evidence to support them. Accordingly, I will give defendants an opportunity to identify the grounds for these defenses. If defendants can show that they have support for the defenses, I will hold a court trial after the conclusion of the jury trial.

3

2.  Motion to "preclude references to defendants' arguments on scope of employment and respondeat superior," dkt. #376

This motion relates to Lisa Ortuno, an employee of defendants.  Plaintiff argues that defendants should be precluded from arguing at trial that Ortuno was acting outside the scope of her employment with respect to various actions she took that plaintiff says are relevant to its claims for inducement.  Defendants say that they do "not intend to assert a scope of employment, or respondeat superior, argument and, therefore, d[o]not intend to introduce evidence or argument regarding that issue," dkt. #442, so this motion will be granted as unopposed.

3.  Motion to exclude certain testimony relating to kit sales to universities by damages expert Jonathan Tomlin, dkt. #378

Plaintiff says that Tomlin has improperly excluded from his damages calculation certain sales of defendants' accused kits to universities.  First, plaintiff says that Tomlin is wrong to conclude that sales to U.S. universities are covered by a license agreement that extends to "any analysis, based on the measurement of the length of polynucleotide sequence containing a tandem repeat, of human genetic material for (a) use in, or preparation for, legal proceedings, or (b) analysis of biological specimens for the identification of individuals." However, plaintiff simply says that the universities used the kits for "training."  It fails to

4

provide any specific facts about the content of the training or otherwise develop any argument that the training falls outside the scope of the license.  Accordingly, I am denying this portion of plaintiff's motion.

Second, with respect to the foreign universities, plaintiff argues that Tomlin did not have enough data to determine the purpose for which those universities were using the kits. Again, this argument is conclusory.  If plaintiff believes that Tomlin's data set is too small to make a generalization, it is free to attempt to establish that through cross-examination.

4.   Motion to exclude certain testimony relating to "alternative" and "upper bound" damages, dkt. #380

In his report, plaintiff's damages expert John Beyer set forth three damages estimates that he called "lower bound," "alternative" and "upper bound."  Plaintiff wishes to preclude defendants' damages expert Jonathan Tomlin from critiquing Beyer's estimate relating to "alternative" and "upper bound" damages on the ground that Tomlin did not include an analysis of these estimates.

In their response, defendants admit that "Dr. Tomlin does not 'correct' or 'adjust' Dr. Beyer's 'alternative' and 'upper bound' calculations," dkt. #443, at 5, so I will grant plaintiff's motion to the extent that plaintiff's are seeking to preclude Tomlin from offering an adjusted figure.  However, Tomlin is free to explain why he believes the jury should reject

5

Beyer's "alternative" and "upper bound" calculations as a general matter because Tomlin does include that discussion in his report.  Dkt. #414, at 6.

5.   Motion to "preclude evidence or argument concerning certain terms of the 2006 agreement," dkt. #381

At summary judgment, one of defendants' defenses to infringement was that a 2006 licensing agreement gave them the right to sell accused kits for various purposes: chimerism in the context of bone marrow transplant monitoring, cell line authentication, classifying molar specimens and determinations of fetal sex.  I rejected this argument and granted plaintiff's motion for summary judgment for direct infringement of the patents at issue.  In its motion, plaintiff asks the court to preclude defendants from relitigating this issue.

In their response, defendants say that they "will not be re-litigating issues already determined by the Court's November 29, 2011 Opinion and Order," but that "there are multiple issues related to the 2006 Cross-License that remain in the case."  In particular, defendants say that their understanding of the scope of the license is relevant to inducement and willfulness, that the court has not yet determined whether "forensic training" falls within the scope of the license and that the court has not considered "the specific identity and number of sales that [defendants] sold in unlicensed fields."  Dkt. #457.  With respect to the third issue, defendants say that they should be able to argue that particular sales of those

6

kits fall within the license agreement if defendants did not have knowledge of how a customer was going to use a kit.

The first two issues are outside the scope of plaintiff's motion, so I need not consider them. Defendants have waived the third issue. Plaintiff moved for summary judgment on direct infringement with respect to sales of these kits. If defendants believed that the license agreement protected them in instances in which they were unaware of the customer's use of the kit, that is an issue they should have raised in response to plaintiff's motion. <u>Pandrol USA</u>, 320 F.3d at 1366-67; <u>Diversey</u>, 191 F.3d at 1352. Accordingly, I am granting this motion.

6.  <u>Motion to preclude defendants from relying on attorney advice as a defense to willfulness, dkt. #382</u>

This motion will be granted as unopposed. Dkt. #444 (Defendants do "not intend to rely on or introduce at trial evidence of attorney advice in defense of willfulness, or any other claim.").

7.  <u>Motion to "preclude defendants from introducing evidence or argument on matters decided by claims construction and summary judgment and request for statement to the jury on previous findings," dkt. #383</u>

7

The only specific issue plaintiff identifies in this motion is a request for an instruction to the jury regarding the issues that have been resolved by the court.  Because defendants agree that such an instruction is appropriate, I will grant this portion of the motion. However, plaintiff provides no context for the remainder of the motion, so I cannot decide it at this time.

8.  Motion to "preclude testimony on certain fields of use matters prior to 2006 to avoid jury confusion," dkt. #384

I am denying this motion because plaintiff never identifies with any precision what it wants to exclude with this motion or why.  Plaintiff refers to the subject matter variously as "evidence prior to 2006 about Promega's inquiries and work in examining clinical diagnostics and other non-permitted fields," "[e]vidence of Promega's actions to commercialize and sell products into particular fields of use prior to 2006" and "matters related to Promega's examination of commercial opportunities."  However, plaintiff never explains what it means by this or why such evidence would confuse the jury.  Obviously, if defendants wish to use evidence of any events leading up to the 2006 license agreement, they will have to show that the evidence is relevant to the remaining issues for the jury and not an attempt to contradict the summary judgment opinion.

9.  <u>Motion to exclude any references to the arbitration proceedings, dkt. #386</u>

This court granted defendants' motion to compel arbitration of a number of claims arising out of a 1996 agreement.  Dkt. #140.  Because defendants "agre[e] that evidence or testimony relating to the substantive claims that have been referred to arbitration . . . would be irrelevant," dkt. #447, at 2, I am granting this motion as unopposed.

Defendants raise another issue in their response regarding the timing of this lawsuit. In particular, defendants say that "the fact that Promega brought the instant action within one month after service of the Demand for Arbitration under the 1996 License Agreement . . . may be evidence that Promega did not believe that Life was infringing during this period, and accordingly may be evidence relevant to non-willfulness."  <u>Id.</u>   It is not clear how *plaintiff's* beliefs could be relevant to show *defendants'* intent.  In any event, because that issue is beyond the scope of plaintiff's motion, I need not resolve it now.


10.  <u>Motion to strike defendants' "newly disclosed" witnesses, dkt. ## 368 and 387</u>

Discovery in this case closed on December 15, 2011.  On January 13, 2012, defendants supplemented their Fed. R. Civ. P. 26(a)(1) disclosures with 18 new witnesses. Plaintiff asks the court to strike each of these witnesses as untimely under Fed. R. Civ. P. 37. (Plaintiff says it is seeking to strike 19 witnesses, but defendants point out that plaintiff's list has 18 names on it.)  Under Rule 37(c)(1), if a party fails to disclose its evidence as

9

required under Rule 26, the evidence must be excluded unless the failure was substantially justified or harmless.

Defendants offer two reasons for allowing 13 of the witnesses to testify. (They are not contesting plaintiff's motion with respect to the other five.  Dkt. #423, at 6 n.3)  First, defendants say that two of the proposed witnesses, Arthur Eisenburg and Guido Sandulli, are not really new because they were identified previously in other discovery.  Second, defendants say that the remaining witnesses are necessary to rebut the "wrong assumptions" made by plaintiff's expert John Beyer in a report he filed on December 15.

I am granting this motion because defendants have failed to show that the late supplements were justified or harmless.  Simply because a witness's name appears in a discovery document does not mean that the other side has notice that the witness is testifying on a particular topic.  To the extent defendants believed that they were unfairly surprised by opinions in Beyer's report, the proper response would have been to file a motion to strike those opinions or seek leave to file a supplemental report from their own expert. With respect to prejudice, because plaintiff had no notice of these witnesses until just before trial, there is no time left for plaintiff to take their depositions or otherwise explore their potential testimony before trial.

As a "sanction," plaintiff asks the court to prohibit any witness from testifying about particular topics.  Because plaintiff fails to develop that argument, I am denying this request.

10

11.  Motion to dismiss counts 17, 18 and 19 of the amended complaint without prejudice, dkt #372

      This motion is GRANTED as unopposed.

12.  Motion to "expand summary judgment ruling to new products," dkt. #373

      Plaintiff wants the court to "expand the summary judgment ruling" to include products that were not included in its motion for summary judgment because these products are indistinguishable from those that the court found to be infringing. In response, defendants concede that the following additional products fall within the scope of the summary judgment ruling:

      a. AB Minifiler PCR Amplification Kit (Claim 42 of the '984 Patent);

      b. AB SGM Plus PCR Amplification Kit (Claim 42 of the '984 Patent);

      c. AB SEfiler Kit (Claim 42 of the '984 Patent);

      d. AB SEfiler Plus Kit (Claim 42 of the '984 Patent);

      e. NGM PCR Amplification Kit (1000 and 200) (Claim 42 of the '984 Patent);

      f. NGM SElect Kit (Claim 42 of the '984 Patent);

      g. Identifiler Plus Kit (Claim 42 of the '984 Patent, Claim 5 of the '771 Patent, Claims 18, 19, 21, 22 and 23 of the '235 Patent, Claims 10, 23, 24,

11

27, and 33 of the '598 Patent);

h. Identifiler Direct Kit (Claim 42 of the '984 Patent, Claim 5 of the '771
Patent, Claims 18, 19, 21, 22 and 23 of the '235 Patent, Claims 10, 23, 24,
27, and 33 of the '598 Patent);

i. AB Green I PCR Amplification Kit (Claim 42 of the '984 Patent and claims
23 and 27 of the '598 patent1);

j. Blue PCR Amplification Kit (Claim 42 of the '984 Patent); and

k. COfiler + Profiler Plus Kit (Claim 42 of the '984 and claims 23 and 27 of
the '598 Patent).

Accordingly, I will amend the summary judgment order to include these additional
products with respect to these claims.


B.  Defendants' Motions in Limine

1.  Motion to exclude testimony of Randall Dimond regarding STR kit use by institution
type, dkt. #404

    As discussed in the January 31, 2012 order, I am reserving a ruling on this motion to
allow the parties to submit supplemental briefs.


2.  Motion to exclude "certain testimony" of John Beyer, dkt. #408

Defendants seek to exclude testimony by plaintiff's expert John Beyer on various subjects: (1) the "quantum" of infringing sales by defendant Applied Biosystems; (2) the "interchangeability" of the products of plaintiff and defendants; (3) noninfringing substitutes; (4) plaintiff's manufacturing capacity for STR kits; and (5) demand for plaintiff's products.   I will consider each subject in turn.

a.  Quantum of infringing sales

This issue overlaps with the motion to exclude certain testimony of Randall Dimond. Again, the question is whether one of plaintiff's experts may provide an opinion about the percentage of defendants' sales that fall outside the scope of the license agreement in the absence of direct evidence on that issue.  I will a reserve a ruling on this issue until the parties file their supplemental briefs.

b.  "Interchangeability" and non-infringing substitutes

Defendants argue that Beyer is not qualified to testify about the similarity of plaintiff's and defendants' products or the availability of noninfringing substitute products. In its response, plaintiff does not say that Beyer is qualified to give these opinions.  Rather, plaintiff says that Beyer was simply parroting the opinions of Dimond on these issues when it was necessary as part of his damages report.  Plaintiff points out that defendants do not

13

challenge that aspect of Dimond's opinions.  Accordingly, I will grant this motion, but only to the extent that Beyer's opinion is different from Dimond's.

c.  Manufacturing capacity

Again, plaintiff does not argue that Beyer is qualified to give an opinion on plaintiff's manufacturing capacity.  Therefore, I am granting this motion to the extent Beyer intends to rely on his own expertise in testifying about this matter.

d.  Demand for plaintiff's products

I am denying this motion because defendants fail to develop their argument.  They do not deny that Beyer is qualified to testify about product demand, but they say that his opinion relies on "various assumptions" and he "does not consider all the factors" that he should. Dkt. #410, at 43.  However, they do not explain what these assumptions are or why his failure to consider individual factors is grounds for excluding his opinion rather than for cross examination.

ORDER

IT IS ORDERED that

1.  Plaintiff Promega Corporation's motion to preclude references to equitable

14

defenses, dkt. #375, is GRANTED IN PART.  Defendants Life Technologies Corporation, Applied Biosystems, LLC and Invitrogen IP Holdings, Inc. may not refer to these defenses during the jury trial.  Defendants may have until February 6, 2012, to explain in writing the grounds for their equitable defenses and the evidence they have to support those defenses.

2.  Plaintiff's motion to "preclude references to defendants' arguments on scope of employment and respondeat superior", dkt. #376, is GRANTED as unopposed.

3.  Plaintiff's motion to exclude certain testimony by damages expert Jonathan Tomlin, dkt. #378, is DENIED.

4.  Plaintiff's motion to exclude certain testimony relating to "alternative" and "upper bound" damages, dkt. #380, is GRANTED IN PART.  Defendants' expert may not provide an adjustment to plaintiff's experts' calculations, but he may challenge the reliability of the calculations.

5.  Plaintiff's motion to "preclude evidence or argument concerning certain terms of the 2006 agreement," dkt. #381, is GRANTED.

6.  Plaintiff's motion to preclude defendants from relying on attorney advice as a defense to willfulness, dkt. #382, is GRANTED as unopposed.

7.  Plaintiff's motion to "preclude defendants from introducing evidence or argument on matters decided by claims construction and summary judgment and request for statement to the jury on previous findings," dkt. #383, is GRANTED IN PART.  The court will provide

15

an instruction to the jury regarding the matters that have been resolved before trial.

8.  Plaintiff's motion to "preclude testimony on certain fields of use matters prior to 2006 to avoid jury confusion," dkt. #384, is DENIED.

9.  Plaintiff's motion to exclude any references to the arbitration proceedings, dkt. #386, is GRANTED as unopposed.

10.  Plaintiff's motion to strike defendants' "newly disclosed" witnesses, dkt. ## 368 and 387, is GRANTED.  Defendants are precluded from calling the following witnesses at trial, except for impeachment:  Phillip Habermeier; Rebecca Clifton; Carla Abdo; Orion Ng; Roberto Castlenovo; Naseem Malik; Beate Balitzki; Katja Anslinger; Franz Neuhuber; Arthur Eisenberg; Solomon F. Ofori-Acquah; Jason Linvelle; Robert Allen; Mary Brophy; Ken Dyu; Steven Wittbrodt; Robert Harris and Graham Consterdine.

11.  Plaintiff's motion to dismiss counts 17, 18 and 19 of the second amended complaint without prejudice, dkt #372, is GRANTED as unopposed.  The second amended complaint is DISMISSED WITHOUT PREJUDICE as to those three counts.

12.  Plaintiff's motion to "expand summary judgment ruling to new products," dkt. #373, is GRANTED as unopposed.  The order dated November 29, 2011, dkt. #345, is AMENDED to grant summary judgment to plaintiff with respect to the following claims of infringement:

a. AB Minifiler PCR Amplification Kit infringes claim 42 of the '984 Patent;

b. AB SGM Plus PCR Amplification Kit infringes claim 42 of the '984 Patent;

c. AB SEfiler Kit infringes claim 42 of the '984 Patent;

d. AB SEfiler Plus Kit infringes claim 42 of the '984 Patent;

e. NGM PCR Amplification Kit (1000 and 200) infringes claim 42 of the '984 Patent;

f. NGM SElect Kit infringes claim 42 of the '984 Patent;

g. Identifiler Plus Kit infringes claim 42 of the '984 Patent, claim 5 of the '771 Patent, claims 18, 19, 21, 22 and 23 of the '235 Patent, claims 10, 23, 24, 27 and 33 of the '598 Patent;

h. Identifiler Direct Kit infringes claim 42 of the '984 Patent, claim 5 of the '771 Patent, claims 18, 19, 21, 22 and 23 of the '235 Patent, claims 10, 23, 24, 27 and 33 of the '598 Patent;

i. AB Green I PCR Amplification Kit infringes claim 42 of the '984 Patent and claims 23 and 27 of the '598 patent;

j. Blue PCR Amplification Kit infringes claim 42 of the '984 Patent; and

k. COfiler + Profiler Plus Kit infringes claim 42 of the '984 and claims 23 and 27 of the '598 Patent.

13.   Defendants' motion to exclude the testimony of John Beyer is GRANTED IN PART, dkt. #410.  Beyer may not offer expert testimony about the similarity of plaintiff's

17

and defendants' products, the availability of noninfringing substitutes or plaintiff's manufacturing capacity, except to rely on Randall Dimond's opinion. Defendants' motion is DENIED with respect to demand for plaintiff's products.

Entered this 1st day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

18