UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

           Plaintiff,

  and

MAX-PLANCK-GESELLSCHAFT zur
FORDERUNG der WISSENSCHAFTEN E.V.,

           Involuntary Plaintiff,

      v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, LLC,

           Defendants.

Case No. 10-cv-281-bbc

**MEMORANDUM IN RESPONSE TO PROMEGA CORPORATION'S MOTION FOR CLARIFICATION OF THE COURT'S FEBRUARY 3, 2012 ORDER AS TO THE TRIAL TESTIMONY OF DR. JOHN BEYER**

Defendants Life Technologies Corporation, Applied Biosystems, LLC, and Invitrogen IP Holdings, Inc., (collectively, "Life"), by and through counsel, respectfully submit this Response to Promega Corporation's ("Promega's") Motion for Clarification of the Court's February 3, 2012 Order as to the Trial Testimony of Dr. John Beyer.

This Court has issued two Orders with respect to Life's Daubert Motion to Preclude Testimony of Dr. John Beyer (Dkt. # 408). First, on February 1, 2012, the Court granted Life's motion to exclude testimony from Beyer on the following issues: (1) the "interchangeability" of Promega and Life's products or the "availability of noninfringing substitute products", in each case "to the extent that Beyer's opinion is different from Dimond's"; and (2) Promega's

1

manufacturing capacity, "to the extent Beyer intends to rely on his own expertise in testifying about this matter." Dkt. # 486 at 13-14. Both of these exclusion orders were based on Dr. Beyer's lack of qualifications to offer opinions in the areas of non-infringing alternatives, interchangeability of Promega and Life products, and manufacturing capacity. On February 3, 2012, the Court further granted Life's motion to exclude testimony from Beyer on Life's "quantum of infringing sales," holding "[b]ecause Beyer fails to explain in his reports how he arrived at his "upper bound," "lower bound," or "alternative" estimates, I must grant defendants' motion to strike this aspect of his opinion." Dkt. 498 at 9-10.

The proposed subjects of testimony in Promega's instant motion for clarification run afoul of some aspects of the Court's rulings. First, while the Court denied Life's motion to strike Beyer's opinion that there was demand for the patented product on February 1 (Dkt. # 486 at 14), that was prior to the Court's exclusion of Beyer's methodology on February 3. Because Beyer bases his opinion as to demand in part upon a categorization of Life's sales of STR kits to "hospitals and universities," the same categorization on which his "lower bound" damages opinion was based, this opinion regarding demand for that subset of products should be excluded for the same reasons.

Second, with respect to Promega's capability to manufacture, market and sell the additional units, to the extent that Beyer is merely repeating Dimond's statements or opinions on the topic, that testimony would be cumulative and not helpful to the jury. To the extent that he is relying upon statements by other Promega employees, that would be inadmissible hearsay because it would not be supporting of any opinion offered by Dr. Beyer – Dr. Beyer is precluded from relying on his own expertise and thus offering an ultimate opinion on the matter. The same is true with respect to any opinion by Beyer on the absence of non-infringing substitutes; as

2

Beyer may not offer any opinion that differs from Dimond's, testimony from him on this issue would be cumulative and unhelpful.

Next, with respect to Beyer's "methodology to calculate lost profits," in light of the Court's Orders it remains appropriate for him to testify regarding the process itself, as set forth in paragraph 27 of his original Report. However, given the exclusion of his methodology for calculating a damages base, he cannot apply this process by "estimat[ing] infringing sales" or otherwise testify about which sales he believes might be infringing or outside the scope of the 2006 cross license.

As for "choos[ing] the specific comparable Promega product for each LT product," again, Beyer is precluded from offering any opinion different from Dimond's, and accordingly any testimony here would have the same flaws of cumulativeness and lack of assistance to the jury.

Life recognizes that "Promega's profit margin," "sub-licensee royalty payments and revenues," and "Promega's discount rate", as those are discussed in Beyer's report, remain areas upon which he may offer testimony (subject to objections that Life may raise at trial). The same is true with respect to irreparable harm, with the exception of any testimony by which Beyer attempts to categorize unlicensed customers using the same methodology he used to calculate a damages base. *See* Dkt. 315 ¶ 49.¶

With respect to reasonable royalties "based on 12 percent rate," in light of the exclusion of Beyer's methodology for calculating a damages base, Beyer is precluded from opining as to the figure that this rate should be applied to. He may, however, offer a calculation based upon a damages base introduced by another witness.

As for Life's "total sales of STR kits" and "Life Tech's data issues," given the Court's February 3 ruling that Life bears the burden of proof on the quantum of unlicensed sales,

4849-8152-1934.4

testimony from Beyer on these issues is irrelevant and should be precluded.[1] In addition, to the extent that Dr. Beyer would testify that the alleged "issues" with Life Tech's data have some adverse effect on the type of methodology he describes in his report (*e.g.*, his use of customer names to determine whether sales to such customer are within or outside the scope of the 2006 cross-license agreement), such testimony should be excluded as irrelevant since Dr. Beyer may not testify about that methodology or about the various estimates that he generated using that methodology.

DATED: February 5, 2012.

By: /s/ Kristine E. Johnson

Francis M. Wikstrom (admitted *pro hac vice*)
Kristine Edde Johnson (admitted *pro hac vice*)
Michael R. McCarthy (admitted *pro hac vice*)
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Ph: 801-532-1234
F: 801-536-6111
fwikstrom@parsonsbehle.com
kjohnson@parsonsbehle.com
mmccarthy@parsonsbehle.com

Michael J. Modl
Steven M. Streck
Andrew J. Clarkowski
Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Ph: 608-283-6705
F: 608-257-5444
mmodl@axley.com
sstreck@axley.com
aclarkowski@axley.com

Amy Sun (admitted *pro hac vice*)
Life Technologies Corporation

---

[1] Furthermore, any testimony from Beyer on Life's "data issues" also would be precluded by the February 3 Order striking testimony on his methodology for calculating damages. This is because the issue of the completeness of Life's data and Life's use of "SOLD TO MARKET DESC" and "MARKET SEGMENT" fields were used by Beyer only to formulate his "bound" analysis. *See* Dkt. #315, ¶ 28, n. 39 and 40.

4

5791 Van Allen Way
Carlsbad, CA 92008
Ph: (760) 603-7200
F: (760) 476-6048
amy.sun@lifetech.com

Attorneys for Defendants

5

4849-8152-1934.4