IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROMEGA CORPORATION,

          Plaintiff,

    v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS INC. and
APPLIED BIOSYSTEMS,

          Defendants.

FINAL PRETRIAL CONFERENCE
ORDER

10-cv-281-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A final pretrial conference was held in this case on February 3, 2012 before United States District Judge Barbara B. Crabb.  Plaintiff appeared by Jim Troupis, Peter Carroll and Stewart Karge.  Defendants appeared by Francis Wickstrom, Kristine Johnson and Michael Modl.

      Counsel predicted that the case would take 7-8 days to try.  They understand that trial days will begin at 9:00 and will run until 5:30, with at least an hour for lunch, a short break in the morning and another in the afternoon.

      Counsel agreed to the voir dire questions in the form distributed to them at the

1

conference, with two minor changes. The jury will consist of eight jurors to be selected from a qualified panel of fourteen. Each side will exercise three peremptory challenges against the panel. Before counsel give their opening statements, the court will give the jury introductory instructions on the way in which the trial will proceed and their responsibilities as jurors. In addition, the court will play the patent video produced by the Federal Judicial Center. At this point, the jurors will be excused for the rest of the day to allow counsel additional time to determine the course of the trial in light of the court's recent rulings, as well as questions related to the scope of the protection afforded defendants by the license, such as whether the license covers forensic research and forensic training.

Counsel agreed that with the exception of experts and corporate representatives, all witnesses would be sequestered. Counsel are either familiar with the court's visual presentation system or will make arrangements with the clerk for instruction on the system.

Immediately after the conference, plaintiff's counsel will advise defendants' counsel of the witnesses plaintiff will be calling on Tuesday and the order in which they will be called. Counsel should give similar advice at the end of each trial day; defendants' counsel shall have the same responsibility in advance of its case. Defendants are making available many of their witnesses for plaintiff to question during its case in chief; if they wish, defendants may question these witnesses about matters they would ordinarily reserve for their own case, so that the witnesses may be released to return home.

Counsel are to meet before Tuesday to agree on any exhibits that either side wishes to use in opening statements. Any disputes over the use of exhibits are to be raised with the court before the start of opening statements.

Counsel should keep in mind that opening statements are just that. Arguments are to be reserved for the end of the trial.

Counsel should use the microphones at all times and address the bench with all objections. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.

NOTE: It is not necessary for counsel to provide copies of documentary evidence to the court before the start of the first day of trial. The exhibits that the parties introduce will be displayed on the exhibit monitor.

Counsel know that matters that have been kept under seal during the pendency of this case, including exhibits, will be disclosed to the public to the extent they are the subject of testimony. The jury will see all of the exhibits that are received in evidence but the exhibits themselves will not be part of this court's record; counsel are responsible for their own exhibits.

Final decisions on the instructions and form of verdict will be made at the instruction

conference at the end of the trial.

    Entered this 6th day of February, 2012

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge