UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

    Plaintiff,

MAX-PLANCK-GESELLSCHAFT ZUR
FORDERUNG DER WISSENSCHAFTEN     Case No.: 10-CV-281
E.V.,

    Involuntary Plaintiff,

    v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, LLC,

    Defendants.

**PLAINTIFF PROMEGA CORPORATION'S MOTION *IN LIMINE* NO. 12: BARRING TESTIMONY OF DR. JESSICA BOOKER AS TO THE REASONABLENESS OF DEFENDANTS' INTERPRETATION OF THE 2006 LICENSE AGREEMENT**

**INTRODUCTION**

Pursuant to Federal Rules of Evidence 401 and 402, Promega Corporation ("Promega") hereby moves *in limine* to bar Defendants from offering testimony from Dr. Jessica Booker as to the reasonableness of Defendants' interpretation of the meaning of the 2006 License Agreement.

Promega expects that Defendants may offer Dr. Booker as a witness to testify as to the alleged reasonableness of Defendants' interpretation of the meaning of the 2006 License Agreement. Although the Court has already granted Promega's Motion *in Limine* No. 5 on related issues (Dkt. #381), Promega has filed this follow-on motion *in limine* to request that the

Court bar testimony from Dr. Booker, to the extent that she may testify that Defendants' purported interpretation of the 2006 License Agreement is a reasonable interpretation of that Agreement.[1]

Given this Court's previous determinations at summary judgment and on Motion *in Limine* No. 5, Defendants are not permitted to re-litigate issues decided on summary judgment either directly to the Court or indirectly through argument or evidence before the jury. Should Defendants be allowed to introduce a third party's understanding of whether Defendants' reading of the 2006 License Agreement is reasonable, this would be a back door way of allowing Defendants to skirt this Court's ruling preventing re-litigation of the meaning of the 2006 License Agreement.

Moreover, Dr. Booker is not an expert on contract interpretation, contracts, or contract language, and has never held herself out as such. Allowing Dr. Booker to testify as to whether the meaning of a contract – in this case, the 2006 License Agreement – is reasonable or not for any reason would be akin to allowing Dr. Booker to testify as to each of these items in which she is not an expert. Indeed, Dr. Booker's expert report does not contain any opinion that Defendants' conduct was reasonable. Her understanding as to the reasonableness of Defendants' interpretation of the contract, as an expert on scientific matters, is *not* the understanding of any of the parties, nor is it reflective of an expert in contract interpretation, contracts, or contract language. Further, her interpretation as to whether Defendants' interpretation of the contract is reasonable does not reflect this Court's ruling on the contract.

---

[1] Dr. Booker states in her Expert Report that she "may provide a tutorial at trial to assist the court and jury in understanding the relevant science and issues in this case." (Expert Report of Dr. Jessica Booker, ¶3 (Dkt. #290-1)). To the extent Defendants offer Dr. Booker to provide such a tutorial, Promega does not intend for this motion *in limine* to apply to her testimony.

## CONCLUSION

For the reasons set forth above, Promega requests that this Court bar Defendants from offering testimony from Jessica Booker as to the meaning of the 2006 License Agreement.

Dated:  February 9, 2012            RESPECTFULLY SUBMITTED,


**TROUPIS LAW OFFICE, LLC**


By:   s/ Sarah E. Troupis
James R. Troupis, SBN 1005341
Peter G. Carroll (Admitted *Pro Hac)*
Stewart W. Karge (Admitted *Pro Hac)*
Sarah E. Troupis, SBN 1061515
Brandon M. Lewis, SBN 1086824
8500 Greenway Blvd., Suite 200
Middleton, Wisconsin 53562
ph. 608-807-4096
jrtroupis@troupislawoffice.com

*Attorneys for Plaintiff Promega Corporation*