# ATTACHMENT D

```
              UNITED STATES DISTRICT COURT

          FOR THE WESTERN DISTRICT OF WISCONSIN

 * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PROMEGA CORPORATION,

              Plaintiff,                  VOLUME 4-B

MAX-PLANCK-GESELLSCHAFT ZUR
FORDERUNG DER WISSENSCHAFTEN              Case No. 10-CV-281
E.V.,

              Involuntary Plaintiff,

      v.

LIFE TECHNOLOGIES CORPORATION,            Madison, Wisconsin
INVITROGEN IP HOLDINGS, INC., and         February 9, 2012
APPLIED BIOSYSTEMS, INC.,                 10:45 a.m.

              Defendants.

 * * * * * * * * * * * * * * * * * * * * * * * * * * * *

    STENOGRAPHIC TRANSCRIPT OF FOURTH DAY OF JURY TRIAL
                     MORNING SESSION
        HELD BEFORE THE HONORABLE BARBARA B. CRABB

APPEARANCES:

For the Plaintiff:   Troupis Law Office, LLC
                     BY:  JAMES R. TROUPIS
                          PETER G. CARROLL
                          STEWART W. KARGE
                     8500 Greenway Boulevard, Suite 200
                     Middleton, Wisconsin  53562




               CHERYL A. SEEMAN, RMR, CRR
                  Federal Court Reporter
               United States District Court
                  120 North Henry Street
                Madison, Wisconsin  53703
                      1-608-255-3821
```

1  knew exactly what every customer was --
2  Q.   You just don't know the specific uses by any
3  specific customer as a general rule?
4  A.   Correct.
5  Q.   Let's go then to Exhibit 792.
6        MR. TROUPIS:  And I apologize.  We admit Exhibit
7  No. 881.
8        THE COURT:  Any objection?
9        MS. JOHNSON:  No objection, Your Honor.
10       THE COURT:  Received.
11       MR. TROUPIS:  There it is.  The mystery exhibit.
12 Let's go then to Exhibit 792.  And this is a difficult,
13 manipulatable exhibit.  Do not show it to the jury yet.
14 Your Honor, this is one these spreadsheet databases that
15 is immense.  It was produced during the course of this
16 case.
17     What we propose to do is to take one part of it,
18 this has been identified previously in depositions and
19 the like, and have it manipulated here by Stew, I
20 believe, just so that we can isolate what's on it and
21 identify it properly hopefully for its admission.  But
22 that's the only practical way we can do this is to
23 actually operate it.  And if we're not operating it
24 collectly, Mr. Sandulli or someboy can ask Stew to look
25 somewhere else on the document.

GUIDO SANDULLI - ADVERSE

1        THE COURT: Any objection?

2        MS. JOHNSON: Your Honor, we do have an
3 objection to testimony about this document. May I
4 request a side bar?

5        THE COURT: Sure.

6    (At side bar.)

7        MS. JOHNSON: Your Honor, there are two thumb
8 drives. This one of them. They are Plaintiff's, I
9 believe, 792 and 941. They are both large Excel
10 spreadsheets, multitabbed, about 50,000 lines of data.
11 Our position on both of those thumb drives would be that
12 they are not relevant to any issue before the jury.

13    There are two issues of course before the jury --
14 willfulness and damages. There has been, as the Court is
15 aware, a stipulation as to the total amount of sales of
16 STR kits. The reason for that stipulation was so the
17 plaintiffs would not need to use underlying sales data to
18 prove some overall sales number, which I assume is what
19 they are doing with these spreadsheets. Certainly those
20 overall sales do not go to any claim of willfulness. As
21 I mentioned, they are very large, very lengthy documents,
22 which will take I believe some amount of time to go
23 through.

24        THE COURT: Mr. Troupis.

25        MR. TROUPIS: Your Honor, what is on this sheet

```
 1  that we are going to go to are the identification of
 2  customers by area of use.  They both knew it and could
 3  get it and both of those are relevant to the question of
 4  willfulness.
 5          THE COURT:  So are you going to show just a few
 6  examples?
 7          MR. TROUPIS:  Oh, yes.  I'm only going to one
 8  part of the sheet that shows the -- I believe it's "AL"
 9  is the column number that shows the identification which
10  he has already testified to.
11          THE COURT:  Why don't you show Ms. Johnson
12  exactly what you intend to put up in front of the jury.
13          MR. TROUPIS:  Certainly.  Stew.
14          MR. KARGE:  May I say something, Your Honor,
15  because I was the one who deposed Mr. Sandulli and I'm
16  familiar with these spreadsheets?
17          THE COURT:  Mm-mm.
18          MR. KARGE:  The exhibit contains three
19  spreadsheets and our intention -- they're on the flash
20  drive.  And as represented by counsel, they are very
21  large.  It's our intention, Mr. Troupis's intention, to
22  only go to one segment of one of those.  So I want to be
23  clear on -- we can go through all three, but the
24  relevance -- the significance of the information is
25  contained on one and we can show her exactly which one
```

```
 1  we're talking to.
 2          THE COURT:  If you would do that.  And if you
 3  have any further argument, I will hear it after you've
 4  seen what he wants to show.
 5          MS. JOHNSON:  Can I ask to clarify, are we
 6  talking just about Plaintiff's 792 right now?
 7          MR. KARGE:  Mm-mm.
 8          MS. JOHNSON:  Okay.  Thank you, Your Honor.
 9       (End of side bar.)
10          MR. TROUPIS:  It might be just a moment.
11       (Discussion held off the record.)
12          MR. TROUPIS:  I think we have resolved our
13  differences.
14          THE COURT:  Wonderful.
15          THE WITNESS:  With a small D or big D?
16  BY MR. TROUPIS:
17  Q.   I have shown you, this is exhibit number, not yet
18  published to the jury, Exhibit No. 792.  It's Life
19  Document 058641.  It's a *Three Year Strategy Plan*.  It's
20  often referred to as the *BO data*.  I believe you will
21  recognize that.  Is that what it is?
22  A.   So the BO data is not what this spreadsheet was
23  called.  It was a three-year strategy plan.
24  Q.   Okay. My abbreviation for it then.
25  A.   Stewart and I spent a lot of time talking about it
```