# EXHIBIT B

 

FOCUS - 3 of 139 DOCUMENTS

Analysis
As of: Jan 31, 2012

**AVID IDENTIFICATION SYSTEMS, INC., Plaintiff-Appellee, v. GLOBAL ID SYSTEMS and DOUGLAS E. HULL, Defendants-Appellants.**

**00-1573**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

*29 Fed. Appx. 598*; *2002 U.S. App. LEXIS 1991*

**February 6, 2002, Decided**

**NOTICE:** [**1] RULES OF THE FEDERAL CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**DISPOSITION:** The judgment of the district court was affirmed with respect to liability. The judgment of the district court was reversed with respect to damages and this issue was remanded for the district court for further proceedings.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff brought suit against defendants in the United States District Court of the Central District of California. Defendants appealed the district court's grant of summary judgment of patent infringement, trademark infringement, unfair competition, and violation of the California Business and Professions Code in favor of plaintiff. Defendants also appealed the district court's grant of damages.

**OVERVIEW:** On appeal, defendants argued the district court erred in denying defendants' motion to be relieved of deemed admissions, that it erred by granting summary adjudication as to liability, and that it erred by denying defendants a trial on damages instead of resolving damages by motion. The instant court held that defendants did not preserve the right to appeal the denial of the motion to withdraw the deemed admissions. Defendants failed to appeal the magistrate judge's order to the district court. The instant court also held that the district court erred in its damages analysis. There was an issue of disputed material fact on the total number of infringing units that were sold or used in the United States; only those could have been used to calculate damages. Also, the district court incorrectly placed the burden of proof for damages on defendant. The burden of proving the number of infringing units used or sold by defendants in the United States should have been placed on plaintiff.

**OUTCOME:** The instant court affirmed the district court's grant of summary judgment of liability but reversed the district court's determination of damages and remanded in light of unresolved factual issues.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Methods > Admissions > General Overview*
[HN1] See *Fed. R. Civ. P. 36*.

*Governments > Courts > Judicial Precedents*
*Patent Law > Jurisdiction & Review > Standards of Review > General Overview*

[HN2] In a patent infringement case, an appellate court reviews procedural matters that are not unique to patent law under the law of the regional circuit where appeals from the district court would normally lie.

*Civil Procedure > Discovery > Methods > Admissions > General Overview*

[HN3] Relief from deemed admissions is a procedural matter not unique to patent law.

*Civil Procedure > Discovery > Methods > Admissions > General Overview*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*

[HN4] The United States Court of Appeals for the Ninth Circuit's standard of review for rulings regarding the withdrawal of deemed admissions is abuse of discretion.

*Civil Procedure > Summary Judgment > Appellate Review > Standards of Review*
*Civil Procedure > Summary Judgment > Standards > General Overview*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*

[HN5] An appellate court reviews a district court's grant of summary judgment de novo. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In deciding whether summary judgment was appropriate, this court must view all evidence in the light most favorable to the non-moving party.

*International Trade Law > Imports & Exports > General Overview*
*Patent Law > Infringement Actions > Infringing Acts > Sale*
*Patent Law > Infringement Actions > Infringing Acts > Use*

[HN6] See *28 U.S.C.S. § 271(a)*.

*Evidence > Inferences & Presumptions > General Overview*
*Patent Law > Inequitable Conduct > General Overview*
*Patent Law > Infringement Actions > Burdens of Proof*

[HN7] The burden of proving damages is on the plaintiff.

*Evidence > Inferences & Presumptions > General Overview*

[HN8] The amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence.

**JUDGES:** Before MICHEL, CLEVENGER, and GAJARSA, Circuit Judges.

**OPINION**

[*599] PER CURIAM.

DECISION

Defendants, Global ID Systems and Douglas Hull (collectively "GIDS"), appeal a grant of summary judgment of patent infringement, trademark infringement and unfair competition, and violation of the California Business and Professions Code. GIDS also appeals the district court's grant of damages. We *affirm* the district court's grant of summary judgment of liability but *reverse* the district court's determination of damages and *remand* in light of unresolved factual issues.

Avid Identification Systems, ("Avid") brought suit against GIDS in the United States District Court of the Central District of California for design patent infringement, inducement of patent infringement, misappropriation of trade secrets, trademark infringement and unfair competition, interference with prospective business advantage, violation of California's Business and Professions Code, and breach of fiduciary duty.

Avid sells radio frequency [**2] identification products that allow users to track the movements of animals in whom transponders have been implanted. The transponder communicates with an electronic reader ("Reader"), which the user operates to determine the animal's location. Avid owns design patent No. 318,658 ("the 658 patent") for the design of the Reader. Avid also owns the "Avid" trademark. Hull, the founder of GIDS, is a former Chief Operating Officer and Vice President of International Sales of Avid.

Semiconductor Venture International ("SVI"), a company based in Thailand, assembled [*600] the Readers for Avid. SVI was provided on consignment with approximately 50% of the necessary Reader parts. It supplied the remainder of the parts and manufactured the completed Readers which it subsequently sold to Avid.

After leaving Avid, Hull formed GIDS and moved to Thailand. While in Thailand he purchased Readers from SVI that SVI had originally built for Avid. The total number of Readers that GIDS bought from SVI is in dispute. The record indicates that somewhere between 569 and 1018 Readers were purchased by GIDS. The record is also unclear as to the final disposition of those Readers. Hull admits he resold some Readers [**3] but he claims those were sold to buyers outside the United

States. However, Avid claims that some were sold to a domestic Avid customer.

This case has had a rather tortured procedural history. Avid filed its Complaint against GIDS on May 22, 1998. On July 31, 1998 it moved for entry of a default judgment because the defendants had failed to answer the Complaint. Defendants eventually moved for relief of the default and filed an Answer. The default was vacated on Sept. 3, 1998 and the Answer was accepted.

On November 25, 1998 Avid served a Request for Admissions on GIDS. The response to the admissions was due December 16, 1998. GIDS failed to respond, and the admissions were deemed admitted pursuant to *Federal Rule of Civil Procedure 36*.[1] On January 15, 1999, Avid moved for partial summary judgment with respect to GIDS's affirmative defenses and filed a Statement of Uncontested Facts and Conclusions of Law in support of the motion for partial summary judgment, as required by the local rules. *See* C.D. Cal. Loc. R. 7.14.1. GIDS did not timely oppose the Motion or the Statement of Uncontested Facts and Conclusions of Law, as required by the local rules. *See* C.D. Cal. Loc.R. 7.14.2 . [**4] The court granted the motion for partial summary judgment on January 29, 1999, which effectively eliminated all of GIDS's affirmative defenses. *Avid Identification Sys. v. Global ID Sys.*, No. CV 98-4055 (C.D. Ca Jan. 29, 1999) (order granting partial summary adjudication).

> 1   *Federal Rule of Civil Procedure 36* states in pertinent part:
>
>> [HN1] (a) Request for Admission. A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.
>>
>> . . .
>>
>> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.
>>
>> . . .
>>
>> (b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . .
>
> *Fed. R. Civ. P. 36*.

[**5] On June 15, 1999, Avid filed a motion for partial summary judgment on the claims for patent infringement, trademark infringement, and unfair competition and violation of the California Business and Professions Code. After a hearing, the court granted the motion for partial summary judgment on Aug. 3, 1999. *Avid Identification Sys. v. Global ID Sys.*, No. CV 98-4055 (C.D. Ca Aug. 3, 1999) (order granting partial summary judgment). The court found that the defendants had forfeited the opportunity to contest proper ownership of the patent because they [*601] failed to timely file an opposition brief to plaintiff's first motion for partial summary judgment. *Id.* at 6-7. The court also found that GIDS's sale of goods with the Avid trademark violated federal and state trademark laws. *Id.* at 11. On October 15, 1999 Avid submitted a motion for damages and injunctive relief. The court granted damages in the amount of $ 540,550.00 on February 16, 2000.[2] *Avid Identification Sys. v. Global ID Sys.*, No. CV 98-4055 (C.D. Ca Feb. 16, 2000) (order awarding damages and granting permanent injunctive relief).

> 2   Although the district court seemed to indicate that the damages for trademark infringement were meant to be separate from those for patent infringement, the court's calculation seems to suggest that the trademark damages were encompassed in the patent damages. Otherwise, the damage figure would have been double. On remand we urge the court to clarify this matter.

[**6] On appeal defendants present three issues: (1) whether the court erred in denying GIDS's motion to be relieved of deemed admissions, (2) whether the court erred by granting summary adjudication as to liability, and (3) whether the court erred by denying GIDS a trial on damages instead of resolving damages by motion. We have jurisdiction pursuant to *28 U.S.C. § 1295(a) (1994)*.

[HN2] This court reviews procedural matters that are not unique to patent law under the law of the regional circuit where appeals from the district court would normally lie. *Atasi Corp. v. Seagate Tech., 847 F.2d 826,*

829, 6 U.S.P.Q.2D (BNA) 1955, 1956 (Fed. Cir. 1988). [HN3] Relief from deemed admissions is a procedural matter not unique to patent law, therefore Ninth Circuit law applies to this issue. [HN4] The Ninth Circuit's standard of review for rulings regarding the withdrawal of deemed admissions is abuse of discretion. *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985).

[HN5] This court reviews a district court's grant of summary judgment *de novo*. *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315, 47 U.S.P.Q.2D (BNA) 1272, 1275 (Fed. Cir. 1998) [**7] Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* In deciding whether summary judgment was appropriate, this court must view all evidence in the light most favorable to the non-moving party. *Id.*

Avid argues that GIDS did not preserve the right to appeal the denial of the motion to withdraw the deemed admissions because it did not appeal the Magistrate Judge's order to the district court. The issue was presented to the magistrate judge in a joint memorandum pursuant to the local rule. See C.D. Cal. Loc. R. 7.15. The magistrate judge denied the motion to withdraw the deemed admissions on August 31, 1999, and GIDS never appealed that decision to the district court.

We agree that by not appealing the order on the deemed admissions to the district court and not seeking to withdraw the deemed admissions until after two summary judgment motions had been granted for the plaintiffs, GIDS waived its opportunity to appeal the magistrate's decision to this court. Furthermore, in light of the deemed admissions, GIDS is unable to raise a triable issue of fact with respect to liability.

[**8] On the issue of damages, we find that there is a genuine issue of material fact on the number of infringing Readers that were sold or used in the United States. This issue was not the subject of a deemed admission or uncontroverted fact. In discussing this issue in its brief, Avid [*602] admitted that the number of infringing Readers sold in the United States was in dispute.

Confronted with plaintiff's data that GIDS had purchased 1018 Readers from SVI and the defendant's data that GIDS had purchased 569 Readers from SVI, the district court elected to use GIDS's information, which it found to be more accurate. *Avid Identification Sys. v. Global ID Sys.*, No. CV 98-4055, slip op. at 6 (C.D. Ca Feb. 16, 2000). The district court determined that GIDS had purchased 569 Readers and calculated damages at $ 550 per unit. *Id.* at 6-7. The court also gave GIDS the opportunity to reduce the damages by returning the Readers to AVID. *Id.* at 7-8.

While we can appreciate the frustration of the district court in this case, caused by the lawyer representing the defendant, the court erred in its damages analysis. First, it did not consider that only those Readers that were sold or used in the [**9] United States could result in liability. Second, the district court incorrectly placed the burden of proof for damages on the defendant.

The 569 figure used by the district court in the damages calculation is not appropriate because it only represents how many units GIDS admits to have purchased from SVI in Thailand, and not how many units were sold or used in the United States. [HN6] Statute *35 U.S.C. § 271(a)* states: "Except as otherwise provided in this title, whoever without authority *makes, uses, offers to sell, or sells* any patented invention, *within the United States or imports into the United States* any patented invention during the term of the patent therefore, infringes the patent." *35 U.S.C. § 271(a) (Supp. V 1999)* (Emphasis added). The district court critically overlooked that GIDS's foreign purchase was not an infringing act in and of itself. The relevant question in this case is how many Readers were sold in, offered for sale in, used in, or imported into the United States by GIDS. These are the infringing acts. GIDS only admits to having sold 10 Readers in the United States. Therefore, there is an issue of disputed material [**10] fact on the total number of infringing units that were sold or used in the United States; only those can be used to calculate damages.

The district court also erred in shifting the burden of proving damages to GIDS, which it effectively did by assuming the 569 figure and providing GIDS with the opportunity to disprove and reduce it by returning the Readers. However, [HN7] the burden of proving damages is on the plaintiff. As articulated in *BIC Leisure Products, Inc., v. Windsurfing International, Inc.*, the finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof. *1 F.3d 1214, 1217, 27 U.S.P.Q.2D (BNA) 1671, 1674-75 (Fed. Cir. 1993)* (citations omitted); *See also SmithKline Diagnostics, Inc. v. Helena Laboratories Corp., 926 F.2d 1161, 1164, 17 U.S.P.Q.2D (BNA) 1922, 1924-25 (Fed. Cir. 1991)*("The [HN8] amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence. ").

The burden of proof on the number of infringing Readers used or sold by GIDS in the United States was on the plaintiff, and it was inappropriate for the district [**11] court to shift that burden to the defendant, as it effectively did. Although the damages calculation may have been more accurate if GIDS's business records were not missing, the district court did not find that missing records were the result of bad faith by GIDS. In the ab-

sence of such bad faith, it was inappropriate to shift the burden to GIDS to prove that not all 569 were sold in the United States. Because there is a genuine issue of material fact as to the [*603] number of infringing Readers sold or used in the United States, it was error for the district court to grant judgment for the plaintiffs on this issue. It should be resolved by the trier of fact.

Additionally, as the district court admitted, there is a material factual issue regarding the appropriate amount of damages that should be granted for each infringing Reader. This issue should also be resolved by the trier of fact.

The judgment of the district court is affirmed with respect to liability. The judgment of the district court is reversed with respect to damages and this issue is remanded for the district court to resolve in a manner not inconsistent with this opinion.

No costs.