UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

     Plaintiff,

MAX-PLANCK-GESELLSCHAFT ZUR
FORDERUNG DER WISSENSCHAFTEN
E.V.,

     Involuntary Plaintiff,                             Case No.: 10-CV-281

          v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, LLC,

     Defendants.

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF PROMEGA'S REPLY BRIEFS
IN SUPPORT OF ITS MOTIONS FOR AMENDMENT OF, OR RELIEF FROM,
JUDGMENT REGARDING INFRINGEMENT AND DAMAGES**

Defendants Life Technologies Corporation, Invitrogen IP Holdings, Inc., and Applied

Biosystems, Inc. (collectively, "Life") hereby move to strike arguments improperly raised for the

first time in Promega's reply briefs in support of its: (1) Motion For Amendment Of, Or Relief

From, The Judgment With Respect To Infringement, Permanent Injunction, And Exceptional

Case Finding Or, In The Alternative, A New Trial (Dkt. No. 725) ("Infringement Reply"); and

(2) Motion For Amendment Of, Or Relief From, Judgment Regarding Damages, Or, In The

Alternative, For A New Trial (Dkt. No. 726) ("Damages Reply").

**INTRODUCTION**

In its original post-JMOL motions, Promega included a wave of extraordinary attacks on this Court's JMOL ruling.  As established in Life's oppositions to those motions, Promega's previous 13th hour attacks were untimely, waived, and meritless.  In what seems to be a desperate attempt to substitute bulk for merit, Promega's *reply* briefs include never before mentioned arguments that are far too late to be considered.

As an example, Promega now argues, with citation to numerous authorities, that this Court deprived Promega of its Seventh Amendment rights in its JMOL ruling.  Raising an argument of Constitutional dimension for the first time in reply is simply intolerable.  As another example, Promega introduces an entirely new "alternative argument" regarding alleged implicit fact-finding by the jury.  In its post-JMOL motion regarding infringement, Promega sought "restoration" of this Court's supposed summary judgment finding of Section 271(a) infringement.  But now it seeks in reply different relief in the form of entry of a new judgment based on supposed implicit fact findings made by the jury.

Promega's unapologetic attempt to introduce new arguments in reply briefs on its post-JMOL motions should be rejected.  It had a full opportunity to present these arguments in a timely way.  They have been waived and should be stricken.[1]

---

[1] In view of this Court's strict policy against sur-replies, the clearly inappropriate nature of the arguments at issue, and the need to bring the post-trial phase of this case to a finish, Life has not tendered sur-reply briefs.  If the Court were to consider these belated arguments, Life respectfully seeks a fair opportunity to file sur-replies to respond.

## ARGUMENT

It is well-established that "arguments raised for the first time in [a] reply brief are waived." *Elborough v. Evansville Cmty. Sch. Dist.*, 636 F. Supp. 2d 812, 816 (W.D. Wis. 2009) (quoting *Nelson v. La Crosse County Dist. Attorney*, 301 F.3d 820, 836 (7th Cir.2002)); *Felton v. Teel Plastics, Inc.*, 664 F. Supp. 2d 937, 942 (W.D. Wis. 2009) ("a reply brief is not the place in which to raise a new argument") (citing *Carter v. Tennant Co.,* 383 F.3d 673 (7th Cir.2004)); *Sunbeam Prods., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1058 (W.D. Wis. 2008) ("Defendant first raised this issue in its reply brief and arguments raised for the first time in a reply brief are waived.") (quoting *United States v. Adamson,* 441 F.3d 513, 521 n. 2 (7th Cir.2006)) (internal quotations and brackets omitted); *Dietrich v. Trek Bicycle Corp.*, 297 F. Supp. 2d 1122, 1128 (W.D. Wis. 2003) (striking "argument raised for the first time in [the movant's] reply brief"). As documented below, Promega's reply briefs contain arguments which could (and should) have been raised in its opposition to Life's Section 271 JMOL motion or, at the very latest, in its opening reconsideration briefs. Because Promega could have raised each of these new arguments earlier, but chose not to, the arguments are waived and should be stricken.

### I. Promega Has Waived The New Trial Arguments It Raises For the First Time In Its Damages Reply

In its 23-page opening brief in support of its Motion For Amendment Of, Or Relief From, Judgment Regarding Damages, Or, In The Alternative, For A New Trial (Dkt. No. 694 ["Opening Damages Brief"]), Promega included essentially no argument supporting its novel request for a new trial in the wake of this Court's JMOL ruling. It noted merely that its new trial request was "timely" under Rule 50(d). *See* Dkt. No. 694 [Opening Damages Brief] at 10-11. It did not identify either a theory or any authority under which a verdict-winner could properly level a "new trial" attack on a JMOL ruling based on "weight of the evidence grounds." *See id.*

at 5-11, 17-21; Dkt. No. 717 [Life's Damages Opp.] at 3 ("Promega cites no authority permitting a *jury winner* to level a "new trial" attack on a JMOL ruling due to the weight of the evidence.").

Now, in its 29-page reply, Promega argues for the first time that a verdict-winner may seek a new trial on at least two previously unidentified grounds.  First, Promega argues that the Court should have offered Promega the "choice between a remittitur and a new trial," and that "depriving" Promega "of that choice would violate the Seventh Amendment."   Dkt. No. 726 [Damages Reply] at 5-6.  According to Promega's Damages Reply (but not its Opening Damages Brief), "as long as there is support for the jury awarding even a single dollar in damages," the Constitution requires that the Court "offer [Promega] a new trial as an alternative to remittitur." *Id*. at 5.  Second, Promega argues that the Court should have exercised its discretion to grant a new trial under Rule 50(b).  *Id*. at 6 ("Rule 50(b) expressly provides that, as an alternative to 'direct[ing] the entry of judgment as a matter of law,' the court may 'order a new trial.'").

Tellingly, until its Damages Reply, Promega did not so much as mention a "Seventh Amendment" right to a new trial or equate the Court's JMOL of no infringement to a remittitur. Indeed, neither its JMOL opposition nor its Opening Damages Brief contains a single reference to either the Seventh Amendment or the remittitur doctrine. *See* Dkt. No. 616 [Promega's JMOL Opp.]; Dkt. No. 694 [Opening Damages Brief].  Likewise, Promega never argued that, at this late stage – *after* this Court has *already* granted JMOL – the Court could (or should) grant a new damages trial based on Rule 50(b).[2]

Further, Promega has not (and cannot) explain why it failed to raise these arguments earlier.  As an initial matter, this Court has *already* found that Promega waived its ability to seek

---

[2] In stark contrast to the absence of any reference in Promega's Opening Damages Brief to either the Seventh Amendment or the notion that this Court supposedly could have granted a new trial pursuant to Rule 50(b), these new arguments span five and one-half pages of Promega's Damages Reply. *See* Dkt. No. 726 [Damages Reply] at 5-10.

a new trial because it failed to raise that issue in a timely way.  Dkt. No. 684 [JMOL Order] at

21.  For the reasons discussed in Life's Opposition To Promega's Motion For Amendment Of,

Or Relief From, Judgment Regarding Damages, Or, In The Alternative, For A New Trial,

Promega had an obligation to bring its new trial grounds to the Court's attention "at trial, and in

all events *before* this Court resolved Life's JMOL."  *See* Dkt. No. 717 [Life's Damages Opp.] at

17-18.  By failing to do so, Promega waived its opportunity to seek a new trial.  *See id.*

Even setting aside this initial waiver, if Promega truly believed that this Court tread upon

its Seventh Amendment rights in its JMOL ruling, it had an unimpeded opportunity to raise such

an argument in its Opening Damages Brief.  No one can say Promega has under-lawyered this

matter.  Likewise, Promega had an open opportunity to invoke Rule 50(b).  In short, none of the

authorities Promega cites was unavailable when Promega filed its Opening Damages Brief, and

none of its new arguments are responsive to new issues raised in Life's opposition brief.[3]

Because Promega waived these Seventh Amendment and Rule 50(b) arguments by failing to

bring them to the Court's attention before the Court entered JMOL, and waived them a second

time by failing to raise them in its Opening Damages Brief, these new arguments should be

stricken.  *See Dietrich*, 297 F. Supp. 2d at 1128 (striking "argument raised for the first time in its

reply brief"); *Elborough*, 636 F. Supp. 2d at 816 (refusing to "consider[] any evidence or

argument submitted for the first time with the reply brief").

---

[3] To the extent Promega argues that these arguments were not waived because they are
responsive to the statement in Life's opposition brief that "Promega does not identify any
applicable basis or authority for its new trial requests," that notion must be rejected.  Dkt. No.
717 [Life's Damages Opp.] at 7.  If a party could freely assert new arguments in a reply brief
whenever the non-movant's opposition brief identifies the *absence* of any such arguments in the
opening brief, the movant would have no incentive to make the arguments in its opening brief.
Indeed, such a policy would *encourage* the movant to save arguments for reply and would deny
the non-movant an opportunity to respond.

## II.   Promega's Attempt To Introduce A New "Alternative" Argument In Its Infringement Reply Should Be Rejected

Likewise, Promega attempts to add to its post-JMOL motion regarding infringement an entirely new alternative argument that could have (and should have) been raised in its opening brief in support of its Motion For Amendment Of, Or Relief From, Judgment With Respect To Infringement, Permanent Injunction, And Exceptional Case Finding Or, In The Alternative, For A New Trial (Dkt. No. 691 ["Opening Infringement Brief"]).  Specifically, Promega argues for the first time in its Infringement Reply that alleged "implicit" fact findings by the jury "constitutes an alternative basis for the relief Promega seeks."  Dkt. No. 725 [Infringement Reply] at 21.  Promega contends that, if "the Court finds that the existence of infringement under Section 271(a) was not decided on summary judgment, then judgment of infringement should be entered based on the jury's implicit finding of infringement."  *Id.*  It argues this at length.  *See* Dkt. No. 725 [Infringement Reply] at 21-27.  But it is much too late.

Promega's Opening Infringement Brief contains no mention of this "alternative basis," much less the existence or scope of any implicit infringement findings that could be gleaned from the verdict.  Promega's new "alternate basis" does not even seek the same relief Promega requested in its opening brief.   Whereas Promega's opening brief sought *restoration* of "infringement findings" the *Court* supposedly made on summary judgment, *see* Dkt. No. 691 [Opening Infringement Brief] at 14-17, Promega's new "alternate basis" suggests, for the first time, that the Court should enter a *new* judgment based on supposed fact findings implicit in *the jury's* verdict.  Promega offers no explanation of why this argument was not (and could not have been) presented in its Opening Infringement Brief or why it is raised for the first time in its Infringement Reply.  Consequently, Promega waived this "alternate basis," and any arguments

6

related thereto should be stricken from its Infringement Reply.  *See Dietrich*, 297 F. Supp. 2d at 1128; *Elborough*, 636 F. Supp. 2d at 816.

## CONCLUSION

For the foregoing reasons, Life respectfully requests that the Court strike the portions of Promega's reply briefs containing the above-mentioned arguments that Promega failed to preserve in its opening briefs.


Dated: December 28, 2012                                    Respectfully Submitted,

                                                           */s/ Edward R. Reines*


Francis M. Wikstrom (Admitted *pro hac vice*)      Edward R. Reines (Admitted *pro hac vice*)
Kristine Edde Johnson (Admitted *pro hac vice*)    Timothy Saulsbury (Admitted *pro hac vice*)
Michael R. McCarthy (Admitted *pro hac vice*)      Weil, Gotshal & Manges LLP
Parsons Behle & Latimer                            201 Redwood Shores Parkway
201 South Main Street, Suite 1800                  Redwood Shores, CA 94065
Salt Lake City, UT 84111                           Ph:  650-802-3000
Ph:  801-532-1234                                  *edward.reines@weil.com*
*fwikstrom@parsonsbehle.com*                       *timothy.saulsbury@weil.com*
*kjohnson@parsonsbehle.com*
*mmccarthy@parsonsbelle.com*

Michael J. Modl
Andrew J. Clarkowski
Steven M. Streck
Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Ph:  608-283-6705
mmodl@axley.com
*aclarkowski@axley.com*
*sstreck@axley.com*

Carter G. Phillips (*pro hac* pending)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
Ph. 202-736-8000
*cphillips@sidley.com*

7