UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

    Plaintiff,

MAX-PLANCK-GESELLSCHAFT ZUR
FORDERUNG DER WISSENSCHAFTEN　　　　　　　　Case No.: 10-CV-281
E.V.,

    Involuntary Plaintiff,

    v.

LIFE TECHNOLOGIES CORPORATION,
INVITROGEN IP HOLDINGS, INC., and
APPLIED BIOSYSTEMS, LLC,

    Defendants.

**PLAINTIFF PROMEGA CORPORATION'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME FOR OPPOSITION MEMORANDUM**

Defendants Life Technologies Corporation, Invitrogen IP Holdings, Inc., and Applied Biosystems, Inc. (collectively "Defendants") have filed a motion requesting a 30-day extension of time to respond to Plaintiff Promega Corporation's ("Promega") Motion for Relief from the Amended Judgment Based on Newly Discovered Evidence. Promega does not oppose Defendants' motion to the extent it seeks a two-week extension. But Promega respectfully opposes Defendants' request to increase their total response time from 46 days to 76 days.

It has been almost fourteen months since this Court granted Promega summary judgment of direct infringement. During that time, Defendants have continued to infringe Promega's patents by, among other things, selling infringing STR kits to customers in the United States for

unlicensed uses.  Promega suffers irreparable harm each day that this infringement continues. *See* Promega's Mem. of Law in Supp. of Mot. for Permanent Inj. Relief, pp. 7-10 (Dkt. 602); Promega's Reply in Supp. of Mot. for Permanent Inj. Relief 6-14, 18-28 (Dkt. 670).

In light of this need for prompt resolution of Promega's post-judgment motions, Promega initially informed Defendants that it could not agree to any extension of the briefing schedule set by this Court.  Shortly before Defendants filed their motion, however, Life Technologies' general counsel called Promega's general counsel to discuss the extension, at which point Promega's general counsel informed him that, despite his serious misgivings, he would empower his outside counsel to negotiate an extension of less than 30 days.  Defendants filed their motion without waiting to see whether a resolution could be reached through this process.

The facts relevant to Promega's Rule 60(b)(2) motion have been in Defendants' possession for years; indeed, the point of Promega's motion is precisely that Defendants had those facts but failed to disclose them.  Promega thus continues to believe that no extension is warranted.  In the interest of resolving the matter, however, Promega does not oppose a short extension of, at most, two weeks.

Promega also respectfully submits that Defendants' motion underscores the importance of scheduling a prompt hearing on the post-judgment motions that Promega filed on October 15, 2012, even without waiting for briefing to close on Promega's motion for relief based on newly discovered evidence.  Every day that passes brings more harm to Promega.  If the Court grants the relief requested in the October 15 motions, moreover, it need not even consider the issue that Defendants seek an extension to brief—i.e., whether Defendants' failure to produce critical documents in this litigation separately entitles Promega to a new trial.  Promega therefore

requests that, to the extent the Court grants Defendants a short extension, it also schedule a prompt hearing on Promega's October 15 motions.

Dated:  January 21, 2012 Respectfully submitted,

**WILMER CUTLER PICKERING
 HALE AND DORR LLP**

By:   /s/ Seth P. Waxman

Seth P. Waxman (Admitted *Pro Hac*)
Mark C. Fleming (Admitted *Pro Hac*)
Thomas G. Saunders (Admitted *Pro Hac*)
1875 Pennsylvania Ave., NW
Washington, DC 20007
ph. 202-663-6000
seth.waxman@wilmerhale.com

**LAW OFFICE OF SUSAN R. PODOLSKY**

Susan R. Podolsky (Admitted *Pro Hac*)
Law Office of Susan R. Podolsky
1800 Diagonal Road, Suite 600
Alexandria VA 22314-2840