UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PROMEGA CORPORATION,

    Plaintiff,

MAX-PLANCK-GESELLSCHAFT ZUR FORDERUNG DER WISSENSCHAFTEN E.V.,

    Involuntary Plaintiff,

       v.

LIFE TECHNOLOGIES CORPORATION, INVITROGEN IP HOLDINGS, INC., and APPLIED BIOSYSTEMS, LLC,

    Defendants.

Case No.: 10-CV-281

**DEFENDANTS' MOTION TO STAY PENDING PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

LEGAL STANDARD...................................................................................................... 2

ARGUMENT .................................................................................................................... 3

I.    Supreme Court Review Will Potentially Eliminate All Issues In The Case And Avoid The Burden Of Further Litigation........................................................... 3

II.   Promega Would Not Be Prejudiced By A Stay .................................................. 7

III.  The Stage Of The Case Favors A Stay ............................................................... 8

CONCLUSION................................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Clinton v. Jones*,
  520 U.S. 681 (1997) ................................................................................................................ 2

*Davis v. Blige*,
  No. 03 CIV. 993 (CSH), 2008 WL 2477461 (S.D.N.Y. June 16, 2008) ................................... 2

*Evans v. Buchanan*,
  435 F. Supp. 832 (D. Del. 1977) ............................................................................................. 3

*Grice Eng'g, Inc. v. JG Innovations, Inc.*,
  691 F. Supp. 2d 915 (W.D. Wis. 2010) ................................................................................... 3

*Inclusive Cmtys. Project, Inc. v. Texas Dep't of Hous. & Cmty. Affairs*,
  No. 3:08-CV-0546-D, 2014 WL 2815683 (N.D. Tex. June 23, 2014) ..................................... 3

*Intellectual Ventures II LLC v. U.S. Bancorp*,
  No. CIV. 13-2071 ADM/JSM, 2014 WL 5369386 (D. Minn. Aug. 7, 2014) ........................... 8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................................................................ 2

*Microsoft Corp v AT&T Corp.*,
  550 U.S. 437 (2007) ............................................................................................................ 4, 5

*Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*,
  No. 07-C-0391, 2012 WL 11914943 (E.D. Wis. July 24, 2012) ............................................. 6

*NGV Gaming, Ltd. v. Harrah's Operating Co.*,
  No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008) ............................................. 2

*Peaceable Planet, Inc. v. Ty, Inc.*,
  No. 01 C 7350, 2004 WL 1574043 (N.D. Ill. July 13, 2004) .................................................. 2

*Promega Corp. v. Life Techs. Corp.*,
  773 F.3d 1338 (Fed. Cir. 2014) ........................................................................................... 1, 4

*Roche Molecular Sys., Inc. v. Cepheid*,
  No. C-14-3228-EDL, 2015 WL 124523 (N.D. Cal. Jan. 7, 2015) ............................................ 8

*Tecsec, Inc. v. Int'l Business Machines, Corp.*,
  No. 10-cv-115 (E.D. Va. February 21, 2014) .......................................................................... 3

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
    No. 13-CV-346-BBC, 2015 WL 2248437 (W.D. Wis. May 13, 2015) ...................................... 6

*United States v. Kenney*,
    No. CR-07-66-B-W, 2008 WL 3285891 (D. Me. Aug. 5, 2008) ............................................... 2

*VData, LLC v. Aetna, Inc.*, No. CIV 06-1701 JNE/SRN,
    2006 WL 3392889 (D. Minn. Nov. 21, 2006) .......................................................................... 8

**INTRODUCTION**

Today, Life is filing a petition for Supreme Court review in this case. The question presented in that petition addresses the Federal Circuit's reversal of this Court's interpretation of § 271(f) of the Patent Act and consequent reversal of this Court's entry of judgment as a matter of law in favor of the defendants (collectively referred to as "Life"). This Court should stay proceedings until that petition is resolved.

As Chief Judge Prost stated in her dissenting opinion (which agreed with this Court), the Federal Circuit's interpretation of § 271(f) was "counter to unambiguous Supreme Court precedent." *Promega Corp. v. Life Techs. Corp.*, 773 F.3d 1338, 1358 (Fed. Cir. 2014). For the reasons identified below and set forth more fully in the petition, there is a good possibility that the Supreme Court will reverse the Federal Circuit. If so, remand proceedings will be moot and this case will effectively be complete. Waiting for resolution of the Supreme Court's disposition of Life's certiorari petition would therefore allow the Court and parties to avoid the burdens and significant expense of substantial additional proceedings, including months of discovery, rounds of additional briefing, the resolution of numerous motions and legal issues, and a new trial on at least damages and willfulness.

While a stay would thus offer substantial benefits, there is no significant downside. Promega would experience no prejudice. Because the Supreme Court will likely decide whether to review the Federal Circuit's decision in September or October, the parties and Court will know relatively quickly whether Supreme Court review will simplify this case. Further, Promega has withdrawn its request for injunctive relief, and the lone remaining patent in this case—the Tautz patent—has expired. This case is now ***solely*** about past damages. Promega would suffer no harm from the short stay.

Accordingly, Life respectfully submits that it makes sense for the Court to promptly enter a stay—before the parties and Court expend substantial resources engaging in the complex proceedings that will be required on remand.

## LEGAL STANDARD

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Where, as here, a party seeks to stay proceedings pending Supreme Court review, district courts across the country often exercise their discretion to enter a stay. *See, e.g.*, *Peaceable Planet, Inc. v. Ty, Inc.*, No. 01 C 7350, 2004 WL 1574043, at *2 (N.D. Ill. July 13, 2004) ("Therefore, considering the relatively short amount of time anticipated to resolve the pending writ of certiorari, granting Defendants' stay is the more efficient procedure."); *NGV Gaming, Ltd. v. Harrah's Operating Co.*, No. 04-3955 SC, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008) (staying case pending petition for writ of certiorari pursuant to the Court's inherent power in the interest of "the orderly course of justice without causing hardship to either party"); *United States v. Kenney*, No. CR-07-66-B-W, 2008 WL 3285891, at *1 (D. Me. Aug. 5, 2008) (staying case pending petition for writ of certiorari despite low likelihood of success on appeal because "there is no evident harm to the Government from delay"); *Davis v. Blige*, No. 03 CIV. 993 (CSH), 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008) ("If the Court grants certiorari on this novel and economically important question for the recording industry, reverses the opinion of the Second Circuit, and reinstates the judgment of this Court, the federal case is likely at an end, and

2

the time and effort of conducting damages discovery and preparing for a trial on that issue would have been wasted."); *Evans v. Buchanan*, 435 F. Supp. 832, 848 (D. Del. 1977) ("I believe that a stay of implementation of the one-district plan for grades 7 through 11 is justified, pending disposition of the writ of certiorari by the Supreme Court."); *Inclusive Cmtys. Project, Inc. v. Texas Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2014 WL 2815683, at *2 (N.D. Tex. June 23, 2014) ("The court holds in its discretion that the proceedings on remand should be stayed pending resolution of the Supreme Court's decision on TDHCA's petition for a writ of certiorari."); *Tecsec, Inc. v. Int'l Business Machines, Corp.*, No. 10-cv-115, slip op. at 1 (E.D. Va. February 21, 2014) ("the stay of litigation against all remaining defendants in this action is continued until such time as the United States Supreme Court acts on defendants' petition for certiorari").

In this district, courts consider the following factors when deciding whether to stay an action: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010). As documented below, analysis of these factors leads to a conclusion consistent with the opinions of the numerous district courts finding that a stay is appropriate pending a party's efforts to seek Supreme Court review.

## ARGUMENT

I.  **Supreme Court Review Will Potentially Eliminate All Issues In The Case And Avoid The Burden Of Further Litigation**

This Court's interpretation of § 271(f) was well-reasoned and correct. *See generally* Dkt. No. 685 at 10-18; Exh. 1 [Life certiorari petition] at 7-8 (summarizing the district court's

3

interpretation of § 271(f)). Guided by the Supreme Court's decision in *Microsoft v. AT&T*, this Court rejected Promega's invitation to "engage in 'dynamic judicial interpretation' of § 271(f) in order to avoid perceived loopholes." Dkt. No. 684 at 18 (quoting *Microsoft Corp v. AT&T Corp.* 550 U.S. 437, 456 (2007)). Rather, this Court correctly followed the Supreme Court's directive that § 271(f) be construed narrowly. *Id.* at 19.

First, the Court properly concluded that one cannot infringe under § 271(f) by exporting a single staple commodity. A contrary interpretation, this Court explained, would be inconsistent with the statutory language and Supreme Court and district court precedent. *See id.* at 10-13. Second, the Court properly concluded that under § 271(f) one cannot induce oneself to infringe. Any other interpretation, this Court explained, would be at odds with the plain language of the statute, numerous Federal Circuit decisions regarding interpretation of § 271(b), and the legislative history of § 271(f). *Id.* at 15-18.

The Federal Circuit decision reversing this Court was fractured, and included a detailed dissent from Chief Judge Prost critical of the panel majority. As Chief Judge Prost wrote, "we have never before held—in the context of either § 271(f) or § 271(b)—that a party can induce itself to infringe. And for good reason: this conclusion runs counter to unambiguous Supreme Court precedent." *Promega Corp.*, 773 F.3d at 1358.

The panel majority's decision construed § 271(f) based on policy considerations. *Id.* at 1352-53 ("In terms of its policy goals, § 271(f)(1) sought to 'prevent copiers from avoiding United States patents by supplying components of a patented product in this Country so that the assembly of the components may be completed abroad.'") (quoting Legislative History, 1984 U.S.C.C.A.N. at 5828). Yet, allowing such policy considerations to override the statutory language carefully chosen by Congress was the exact same error the Federal Circuit made the

4

last time it was reversed by the Supreme Court for incorrectly interpreting § 271(f). *See Microsoft Corp.*, 550 U.S. at 458 ("Given that Congress did not home in on the loophole AT&T describes, and in view of the expanded extraterritorial thrust AT&T's reading of § 271(f) entails, our precedent leads us to leave in Congress' court the patent-protective determination AT&T seeks.").

As Life explains in its petition for certiorari, which is attached hereto as Exhibit 1, the Federal Circuit's interpretation of § 271(f) runs afoul of the "presumption that United States law governs domestically but does not rule the world," a presumption that "applies with particular force in patent law." *Id.* at 454–55. Rather than follow the Supreme Court's instruction to "resist giving . . . § 271(f) an expansive interpretation," the Federal Circuit broadened § 271(f) to maximize its extraterritorial reach. *Id.* at 442. The Federal Circuit's new interpretation of § 271(f) creates an uncontemplated situation whereby manufacturers of components face substantial exposure for U.S. patent infringement liability for worldwide sales, based on the supply of a *single* component, regardless of whether it is common and generically useful for non-infringing purposes.

Life thus believes there is a reasonable likelihood that the Supreme Court will grant its petition for certiorari and ultimately reverse the Federal Circuit, which would effectively end this case. Accordingly, it makes little sense to proceed with litigation now.

Indeed, while the parties have differing views as to how this case should proceed in view of the Federal Circuit's mandate, they are in agreement that substantial work lies ahead. Promega proposes that the jury verdict be reinstated and that the parties carry out at least the following additional proceedings:

- A six month discovery period regarding entirely new activities and new sales that have occurred since January 2012.

5

- New proceedings on supplemental damages.
- New briefing on the exceptional case issue.
- New briefing on willfulness.

Although Promega does not acknowledge this, a new trial on at least the issues of damages and willfulness is required under its proposal. Further, if the Court adopts Promega's proposal, it will need to decide Life's five outstanding JMOL motions before proceeding. *See* Dkt. No. 795 at 5-6. Although Life maintains that the jury verdict cannot be reinstated under any circumstances, it agrees with Promega that remand proceedings pursuant to the Federal Circuit's mandate will require a discovery period followed by a new trial on at least damages and willfulness.

A stay, however, would potentially allow the parties and Court to avoid all of the foregoing. This consideration weighs strongly in favor of a stay. *See, e.g.*, *Davis*, 2008 WL 2477461 at *2 ("If the Court grants certiorari on this novel and economically important question for the recording industry, reverses the opinion of the Second Circuit, and reinstates the judgment of this Court, the federal case is likely at an end, and the time and effort of conducting damages discovery and preparing for a trial on that issue would have been wasted."); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2015 WL 2248437, at *1 (W.D. Wis. May 13, 2015) ("I conclude that a stay is warranted pending appeal of the *inter partes review* decisions because final cancellation of the asserted claims would moot all of plaintiffs' infringement claims and avoid wasting judicial resources needlessly in resolving the post-trial motions and any resulting appeals."); *Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, No. 07-C-0391, 2012 WL 11914943, at *1 (E.D. Wis. July 24, 2012) ("Thus, considering the potential waste that could result from proceeding now, I find that a stay pending appeal is the only sensible approach.").

## II. Promega Would Not Be Prejudiced By A Stay

Although Life promptly apprised the Court in its brief regarding the structure of remand that it intended to file a certiorari petition and seek a stay, *see* Dkt. No. 795 at 8, Promega's responsive brief did not identify any prejudice that would result from a stay. *See* Dkt. No. 802 at 9.

In fact, Promega will not be prejudiced by a stay. The Supreme Court will likely determine whether to hear Life's petition in September or October 2015, which is just a few months away. If the Supreme Court declines to hear the case, the parties will know quickly and the case can proceed on the merits with minimal delay. By the same token, the parties will know quickly if the Supreme Court decides to review the Federal Circuit's decision, in which case the only sensible course will be to wait for the Supreme Court's final decision. *See, e.g.*, *Peaceable Planet*, 2004 WL 1574043 at *2 ("Therefore, considering the relatively short amount of time anticipated to resolve the pending writ of *certiorari*, granting Defendants' stay is the more efficient procedure.").

The lack of prejudice to Promega is clear not just because of how soon the Supreme Court will decide Life's certiorari petition, but also because this case is solely about ***past*** damages. The lone remaining patent in this case has expired, and Promega will thus not be entitled to a running royalty or damages for any future sales. Likewise, Promega will not be entitled to an injunction, and has expressly withdrawn its previous request for an injunction. *See* Dkt. No. 798 at 16 ("Finally, Promega no longer seeks a permanent injunction and withdraws its motion for injunctive relief."). Thus, in the event Promega is ultimately successful in this action, damages will provide it with a full remedy.

Where, as here, the patent at issue is nearly expired and money damages will fully compensate the plaintiff, a stay is appropriate. *See, e.g.*, *Intellectual Ventures II LLC v. U.S.*

*Bancorp*, No. CIV. 13-2071 ADM/JSM, 2014 WL 5369386, at *5 (D. Minn. Aug. 7, 2014) (granting a stay where plaintiff "has not advanced any argument why money damages would not suffice to compensate it for any harm it has suffered"); *Roche Molecular Sys., Inc. v. Cepheid*, No. C-14-3228-EDL, 2015 WL 124523, at *4 (N.D. Cal. Jan. 7, 2015) (granting a stay following the argument "that Roche will suffer no prejudice or tactical disadvantage because the ′723 Patent is expired and it seeks only past damages, so there can be no additional damage from a stay of litigation"); *VData, LLC v. Aetna, Inc.*, No. CIV 06-1701 JNE/SRN, 2006 WL 3392889, at *5 (D. Minn. Nov. 21, 2006) ("In addition, as Plaintiffs will suffer no new damages after the ′524 and ′078 patents expire in November 2007, a stay would not unduly protract the period during which Plaintiffs suffer harm.").

### III.    The Stage Of The Case Favors A Stay

The stage of the case further favors a stay.  Due to the invalidation of four of the five patents that were originally in-suit, this case now has a completely different complexion relative to when it was first tried to a jury three years ago.  The sole issue before the Court is to determine damages afresh due to Life's alleged infringement of the Tautz patent, which was not what this case was about when it was first tried.  Further, the Tautz patent is not even Promega's patent.  Rather, it is a patent that originated at the Max-Planck Institute in Germany and was originally licensed by Life's predecessor in interest.  It is undisputed that Promega holds only limited exclusive rights in the Tautz patent.  Promega will no longer be able to trumpet the value of its home-grown patents, and it will need to approach this case with new theories and trial themes.  Simply put, the Federal Circuit's decision has, to a large degree, reset this case.

Importantly, the parties have taken few steps towards resolving the new issues on remand.  There has been only a short status conference and the submission of briefing regarding the structure of proceedings on remand.  This Court has not decided how it will proceed.  No

schedule has been set, there has been no further discovery, no motions have been filed, and the Court has not yet expended any effort to oversee proceedings on remand. Because this case is effectively at such an early stage, a stay is appropriate.

## CONCLUSION

For the foregoing reasons, the Court should stay this case pending resolution of Life's petition for Supreme Court review.

Dated: June 26, 2015                    Respectfully submitted,

                                                          */s/ Michael J. Modl*

Michael J. Modl
Andrew J. Clarkowski
Steven M. Streck
Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Ph: 608-283-6705
mmodl@axley.com
aclarkowski@axley.com
sstreck@axley.com

Edward R. Reines (Admitted *pro hac vice*)
Derek C. Walter (Admitted *pro hac vice*)
Weil, Gotshal & Manges, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Ph: 650-802-3000
edward.reines@weil.com
derek.walter@weil.com

Carter G. Phillips (Admitted *pro hac vice*)
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
Ph: 202-736-8000
cphillips@sidley.com

9